UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SSA BONDS ANTITRUST LITIGATION | **OPINION AND ORDER** |
| | 16 Civ. 3711 (ER) |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

Ramos, D.J.:

      The claims in these consolidated putative class actions arise out of an alleged price-fixing conspiracy in the market for supranational, sub-sovereign, and agency bonds ("SSA bonds"). Before the Court are applications from various plaintiffs' counsel seeking to serve as either interim lead counsel or counsel on an executive committee. For the reasons set forth below, the Court appoints Quinn Emanuel Urquhart & Sullivan, LLP and Robbins Geller Rudman & Dowd LLP as interim co-lead counsel.

**I. BACKGROUND**

      This litigation involves thirteen related complaints filed against a number of banks and certain of their employees who allegedly conspired to fix the prices of SSA bonds sold to and purchased from investors in the secondary market.[1] All thirteen actions were filed in this district

---

[1] The first class action complaint was filed on May 18, 2016 by Boston Retirement System, represented by Labaton Sucharow LLP ("Labaton") and Hausfeld LLP ("Hausfeld"). 16 Civ. 3711, Doc. 1. On June 3, 2016, City of Atlanta Firefighters Pension Fund filed its complaint, represented by Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Hausfeld. 16 Civ. 4151, Doc. 1. On June 14, 2016, Louisiana Sheriffs' Pension Relief Fund filed its complaint, represented by Bernstein Litowitz and Hausfeld. 16 Civ. 4485, Doc. 1. On June 17, 2016, Sheet Metal Workers Pension Plan of Northern California and Iron Workers Pension Plan of Western Pennsylvania filed their complaint, represented by Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") and Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), which was later amended on November 2, 2016. 16 Civ. 4603, Docs. 1, 45. On June 27, 2016, Inter-Local Pension Fund Graphic Communications Conference of the International Brotherhood of Teamsters filed its complaint, represented by, among other firms, Spector Roseman Kodroff & Willis, P.C. and Lockridge Grindal Nauen P.L.L.P. 16 Civ. 5011, Doc. 1. On June 30, 2016, City of Bristol Pension Fund filed its complaint, represented by Scott+Scott, Attorneys at Law, LLP ("Scott+Scott") and Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC ("Kellogg Huber"). 16 Civ. 5203, Doc. 1. On July 1, 2016, Asbestos Workers

and have been consolidated under the caption, "In re SSA Bonds Antitrust Litigation," and docket number, 16 Civ. 3711. *See* Docs. 36, 52, 69, 76, 87.[2]

Three applications have been filed concerning the appointment of interim lead counsel for the putative class: (1) Labaton and Hausfeld seek to be appointed interim co-lead counsel; (2) Scott+Scott seeks to be appointed interim lead counsel; and (3) Quinn Emanuel and Robbins Geller seek to be appointed interim co-lead counsel. Labaton and Hausfeld collectively represent four named plaintiffs: Boston Retirement System, City of Atlanta Firefighters Pension Fund, Louisiana Sheriffs' Pension Relief Fund, and Painters and Allied Trades District Council No. 35 Pension Fund. Scott+Scott represents three named plaintiffs: City of Bristol Pension Fund, Oklahoma Police Pension and Retirement System, and Louisiana Municipal Police Employees Retirement System. Quinn Emanuel and Robbins Geller jointly represent two named plaintiffs: Sheet Metal Workers Pension Plan of Northern California and Iron Workers Pension Plan of Western Pennsylvania.

Berger & Montague, on behalf of Asbestos Workers Philadelphia Welfare and Pension Fund, supports the appointment of Labaton and Hausfeld as interim co-lead counsel. Obermayer, on behalf of Irving Firemen's Relief and Retirement Fund, supports the appointment

---

Philadelphia Welfare and Pension Fund filed its complaint, represented by Berger & Montague, P.C. ("Berger & Montague"). 16 Civ. 5269, Doc. 1. On July 19, 2016, Painters and Allied Trades District Council No. 35 Pension Fund filed its complaint, represented by Bernstein Litowitz and Hausfeld. 16 Civ. 5755, Doc. 1. On August 2, 2016, Oklahoma Police Pension and Retirement System filed its complaint, represented by, among other firms, Scott+Scott. 16 Civ. 6133, Doc. 1. On October 12, 2016, Louisiana Municipal Police Employees Retirement System filed its complaint, represented by, among other firms, Scott+Scott. 16 Civ. 7991, Doc. 1. On November 4, 2016, KBC Asset Management NV filed its complaint, represented by Motley Rice LLC ("Motley Rice"). 16 Civ. 8621, Doc. 1. On December 6, 2016, City of Riviera Beach Police Officers' Pension Fund filed its complaint, represented by Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"). 16 Civ. 9398, Doc. 1. On December 14, 2016, Irving Firemen's Relief and Retirement Fund filed its complaint, represented by Obermayer Rebmann Maxwell & Hippel LLP ("Obermayer") and Boni & Zack LLC. 16 Civ. 9656, Doc. 1.

[2] Unless otherwise indicated, all references to "Doc." relate to documents filed in the lead action, 16 Civ. 3711.

2

of Scott+Scott as interim lead counsel.  Motley Rice, on behalf of KBC Asset Management NV, supports the appointment of Quinn Emanuel and Robbins Geller as interim co-lead counsel.

The Court has also received a number of submissions concerning the appointment of an executive committee of plaintiffs' firms to support lead counsel.  Scott+Scott seeks the appointment of an executive committee consisting of five firms:  Kellogg Huber; Korein Tillery, LLC; Robins Kaplan LLP; Branstetter, Stranch & Jennings, PLLC; and Louis F. Burke, PC.  Berger & Montague seeks to be appointed to an executive committee.  Kaplan Fox, representing the City of Riviera Beach Police Officers' Pension Fund, supports the appointment of an executive committee and has expressed its willingness and ability to serve on such a committee.  Obermayer also supports the appointment of an executive committee.

## II.  LEGAL STANDARD

Rule 23(g)(3) permits the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *In re Interest Rate Swaps Antitrust Litig.*, MDL No. 2704 (PAE), 2016 WL 4131846, at *2 (S.D.N.Y. Aug. 3, 2016) (quoting Manual for Complex Litigation, Fourth ("MCL") § 21.11 (2004)).

The same factors that apply in choosing class counsel at the class certification stage apply in choosing interim class counsel.  *See In re Crude Oil Commodity Futures Litig.*, No. 11 Civ. 3600 (WHP), 2012 WL 569195, at *1 (S.D.N.Y. Feb. 14, 2012).  Specifically, "[c]lass counsel must fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(4).  The Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

## III. DISCUSSION

The Court is confident that each firm seeking appointment as interim lead counsel possesses the necessary experience handling class actions and complex litigation and has the requisite knowledge of antitrust law to serve effectively on behalf of the putative class. *See, e.g.*, Doc. 42 at 12–23 (Labaton and Hausfeld); Doc. 48 at 14–16 (Scott+Scott); Doc. 51 at 7–10, 14–19 (Quinn Emanuel and Robbins Geller). In addition, although certain firms brought suit earlier than others, all of the applicants have demonstrated that they have thoroughly investigated the relevant claims. *See, e.g.*, Doc. 42 at 10–11 (Labaton and Hausfeld); Doc. 48 at 6–14 (Scott+Scott);[3] Doc. 51 at 4–5 (Quinn Emanuel and Robbins Geller). The Court is also satisfied that each applicant team would commit the resources required to prosecute this case on behalf of the putative class. *See, e.g.*, Doc. 42 at 23–24 (Labaton and Hausfeld); Doc. 48 at 24–25 (Scott+Scott); Doc. 51 at 10–13, 19–20 (Quinn Emanuel and Robbins Geller).

---

[3] The Court takes no position on Scott+Scott's argument that its theory of the case is more "targeted" and "plausible" than other applicants' theories, as reflected in the complaints they each filed. *See* Doc. 48 at 9–14.

4

Having found that any of the applicant teams would adequately serve the interests of the putative class, the Court must consider which would best be able to do so.  Fed. R. Civ. P. 23(g)(2).  Considering the nature of the allegations in this case, the Court finds that the Quinn Emanuel and Robbins Geller team best meets that criterion.  Specifically, the Court anticipates that this action will require discovery of foreign-based individuals and entities, given that the allegations of collusion center on London-based traders and certain European-based banks.  *See, e.g.*, Doc. 48 at 7 (emphasizing the "global nature of the alleged cartel" and "its nexus to London"); Doc. 51 at 10 ("Discovery will include a global effort to review millions of documents from *each* Defendant.").  Although Scott+Scott and Hausfeld each have offices abroad, neither the Labaton and Hausfeld team nor the Scott+Scott team match Quinn Emanuel's international presence.  *See In re Gold Fixing Antitrust & Commodity Exchange Act Litig.*, No. 14 Civ. 1642 (VEC) (S.D.N.Y. July 22, 2014) (selecting Quinn Emanuel and Berger & Montague to serve as interim co-lead counsel, in part on the basis that some discovery in the action would take place in London and Quinn Emanuel's London presence would likely save costs for the putative class); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, MDL No. 2262 (NRB), 2011 WL 5980198, at *3 (S.D.N.Y. Nov. 29, 2011) (selecting Hausfeld and Susman Godfrey to serve as interim co-lead counsel, in part on the basis that Hausfeld maintains an office in London, "the site of the core operative facts").

In addition, many of the defendants in this case are large financial institutions with substantial financial and legal resources.  It is thus likely that interim lead counsel will have to expend considerable resources when representing the plaintiffs.  Together, Quinn Emanuel and Robbins Geller have substantially more resources at their disposal than the other applicant teams, including an in-house litigation support group and more than 850 attorneys worldwide.  *See In re*

*Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186–87 (S.D.N.Y. 2008) (selecting firms with substantially more resources in a case alleging price-fixing by corporate defendants in the municipal derivatives market).

A number of plaintiffs advocate for the appointment of an executive committee to support interim lead counsel.  However, the Court finds that appointing a formal committee of plaintiffs' counsel is neither necessary nor beneficial to the interests of the class in this case.  The creation of a formal committee is "most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making."  MCL § 10.221.  None of the parties advocating for an executive committee in this case take the position that putative class members have divergent interests.  Rather, those supporting the establishment of a committee seem to do so solely out of a desire to assist lead counsel with resources, *see* Doc. 46 at 3; Doc. 48 at 17; Doc. 82 at 1; Doc. 83, of which the Quinn Emanuel and Robbins Geller team already have an abundance.  Taking into consideration that committees can lead to substantially increased costs and duplication of efforts, *see* MCL § 10.221, the Court finds that appointing only Quinn Emanuel and Robbins Geller will be "sufficient to address the various complexities that arise, while keeping unnecessary costs to a minimum."  *In re Crude Oil Commodity Futures Litig.*, 2012 WL 569195, at *2 (appointing only two interim co-lead counsel without an executive committee); *see also In re Interest Rate Swaps Antitrust Litig.*, 2016 WL 4131846, at *4 (determining that plaintiffs' interests were not divergent and that the creation of a formal committee "would lead to unnecessary duplication of work and hinder efficient decision making").

## IV. CONCLUSION

For the aforementioned reasons, Plaintiffs Sheet Metal Workers Pension Plan of Northern California and Iron Workers Pension Plan of Western Pennsylvania's application to appoint Quinn Emanuel and Robbins Geller as interim co-lead class counsel is GRANTED. All other applications regarding the appointment of counsel are DENIED. The Clerk of the Court is respectfully directed to terminate the motions, Docs. 42, 45, 47, 50.

It is SO ORDERED.

Dated:   December 22, 2016
         New York, New York

_____
Edgardo Ramos, U.S.D.J.