UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

SSA BONDS ANTITRUST LITIGATION

*This Document Relates To All Actions*

1:16-cv-03711-ER

ORAL ARGUMENT REQUESTED

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THE CREDIT SUISSE DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM**

The Credit Suisse Defendants[1] join the motions to dismiss and supporting briefs submitted jointly on behalf of all Dealer Defendants and respectfully submit this supplemental memorandum to address the lack of particularized allegations against them.

## PRELIMINARY STATEMENT

Plaintiffs allege that the Credit Suisse Defendants participated in a purported conspiracy to manipulate every USD SSA[2] bond for more than a decade. These allegations are deficient for three independent reasons. *First*, Plaintiffs fail to allege how the Credit Suisse Defendants could have manipulated the price of every USD SSA bond traded during the Class Period. Indeed, Plaintiffs claim that only one Credit Suisse employee participated in the alleged conspiracy, rendering implausible their claim that each of the Credit Suisse Defendants acted through that single trader to affect the price of every SSA Bond transaction throughout the Class Period. *Second*, Plaintiffs fail to allege direct or circumstantial evidence of the Credit Suisse Defendants' involvement in the alleged conspiracy. The chat excerpts upon which Plaintiffs rely are examples of permissible and necessary information sharing among traders in an opaque market. *Third*, Plaintiffs do not set forth any non-conclusory allegations to support their claim that CSAG, CSSU, and CSI participated in the alleged conspiracy. The Dealer Defendants' motion to dismiss should be granted, and, for the additional reasons set forth herein, the Complaint should be dismissed as to the Credit Suisse Defendants.

## ARGUMENT

### I.    Plaintiffs Fail to Allege a Conspiracy Against the Credit Suisse Defendants

---

[1] The Credit Suisse Defendants are: Credit Suisse AG ("CSAG"), Credit Suisse Securities (USA) LLC ("CSSU"), Credit Suisse Securities (Europe) Ltd. ("CSSEL"), and Credit Suisse International ("CSI").

[2] Unless otherwise specified, defined terms are the same as those used in the Memorandum of Law in Support of Dealer Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim (the "Joint Merits Brief") and the Memorandum of Law in Support of Foreign Dealer Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint for Lack of Personal Jurisdiction and Improper Venue (the "Joint Personal Jurisdiction Brief").

To adequately allege a Sherman Act claim, under both the *per se* and rule of reason standards, a plaintiff must plead "enough factual matter (taken as true) to suggest an agreement was made." *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 556 (2007). Plaintiffs' allegations must be sufficient to "nudge[] their claims across the line from conceivable to plausible." *Id.* at 570. Plaintiffs may satisfy this high standard by "assert[ing] direct evidence that the defendants entered into an agreement in violation of the antitrust laws," or "alternatively, [by] present[ing] circumstantial facts supporting the *inference* that a conspiracy existed." *Mayor and City Council of Baltimore, Maryland* v. *Citigroup, Inc.*, 709 F.3d 129, 136 (2d Cir. 2013) (emphasis in original). Plaintiffs here fail to do so.

### A. Plaintiffs' Conspiracy Allegations Are Implausible

Plaintiffs do not plausibly allege that the Credit Suisse Defendants participated in the supposed decade-long global conspiracy to manipulate the entire USD SSA bonds market. Although Plaintiffs claim that the Credit Suisse Defendants participated in the alleged conspiracy through a single trader, Shailen Pau, they do not allege that any other Credit Suisse employee participated in or was even aware of the purported conspiracy. Nevertheless, Plaintiffs claim that the Credit Suisse Defendants, acting through Pau, manipulated the price of every USD SSA bond for more than a decade. Plaintiffs' theory falls well short of what is required to adequately plead an antitrust conspiracy.

Relying on a series of chat excerpts, Plaintiffs allege that the Credit Suisse Defendants, through Pau, manipulated USD SSA bonds. Even if Plaintiffs could allege that each of the alleged chats resulted in a manipulated bond (and they have not), Plaintiffs cannot and do not allege any mechanism that would allow the Credit Suisse Defendants to transform the manipulation of a handful of bonds into a scheme to manipulate the global market for USD SSA bonds. For example, unlike plaintiffs in other cases, Plaintiffs here do not allege the

manipulation of a benchmark rate or some other process that affected USD SSA instruments traded across the globe. *See* Joint Merits Br. at Parts I.A.1.b & I.B.1. Absent such allegations, the chats cited by Plaintiffs, which relate to discrete over-the-counter transactions over several years, cannot plausibly support the existence of such a massive conspiracy. *See In re Optical Disk Drive Antitrust Litig.*, 2011 WL 3894376, at *9 (N.D. Cal. Aug. 3, 2011) (alleged sporadic misconduct is "a far cry from establishing plausibility for a broad six year continuing agreement to fix [] prices").

Moreover, Plaintiffs' allegations concerning the Credit Suisse Defendants reveal that even if there were a conspiracy (and there was not), their involvement was limited. As an initial matter, the Credit Suisse Defendants are alleged to have participated only through Pau, who was only employed by one of the Credit Suisse Defendants for about half the Class Period. CAC ¶¶ 61, 124. Nothing in the Complaint ties the Credit Suisse Defendants to the conspiracy during the five years when Pau was not a Credit Suisse employee. *See, e.g.*, *Rabin* v. *NASDAQ OMX PHLX LLC*, 182 F. Supp. 3d 220, 230 (E.D. Pa. 2016) ("[T]here is no causal nexus between injuries a plaintiff suffers at one point in time and an entity that joins a conspiracy long after[.]"). Regardless, even when Pau was an employee, the chats demonstrate that, at most, his involvement was episodic and with a subset of alleged conspirators. All the purportedly improper communications in which Pau is alleged to have engaged only involve Pau and one or two other traders. *See, e.g.*, CAC ¶¶ 148, 157. In fact, Plaintiffs only allege that Pau interacted with three of the ten other traders allegedly involved: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Communications involving only a few traders limited to half the relevant time period cannot support Plaintiffs' claim that the Credit Suisse Defendants participated in a decade long global conspiracy to rig the entire market for USD SSA bonds.

## B. Plaintiffs Fail to Allege Direct or Circumstantial Evidence of a Conspiracy

Plaintiffs do not meet their burden of plausibly alleging direct or circumstantial evidence that the Credit Suisse Defendants participated in the alleged conspiracy. The allegations against the Credit Suisse Defendants are based almost entirely on chats involving Pau involving the uncoordinated, parallel sharing of market color. Such conduct cannot sustain a conspiracy claim. *See, e.g.*, *Apex Oil Co.* v. *DiMauro*, 822 F.2d 246, 257-58 (2d Cir. 1987) ("[E]vidence of the mere exchange of information by competitors cannot establish a conspiracy[.]"); Joint Merits Br. at Part I.B.2. This is particularly true here, where Plaintiffs allege that Pau and the other traders operated in an opaque market with little available public information. *Id.*

Plaintiffs' attempts to spin these chats as problematic are futile in light of the text of the chats themselves. For example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Plaintiffs again mischaracterize chats in order to claim that the Credit Suisse Defendants agreed not to compete on certain transactions. For example, ▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶ 195. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* This is but one of many instances in which Plaintiffs attempt to

transform what is at most innocent parallel activity into coordinated conduct, even where nothing in the chat supports that speculation. *See also* CAC ¶¶ 153-55 (discussed in the Joint Merits Br. at Part I.B.2).

Finally, Plaintiffs fail to allege circumstantial evidence or plus factors sufficient to support a plausible inference of conspiracy against the Credit Suisse Defendants. Courts have consistently held that an agreement between defendants cannot be established by showing that they engaged in social activities or are currently under investigation. Joint Merits Br. at Part I.B.3.c & d. Although Plaintiffs claim that the purported conspiracy led the Credit Suisse Defendants to terminate Pau, they plead no facts to support that claim. *Id.* at Part I.B.3.d

## II. Plaintiffs Allegations Against CSAG, CSSU, and CSI Are Based on Improper Group Pleading

The Complaint should be dismissed as to CSAG, CSSU, and CSI for the additional reason that it relies on impermissible "group pleading" and fails to set forth the requisite non-conclusory allegations establishing that any of them participated in the supposed conspiracy. Joint Merits Br. at Part I.C. Plaintiffs' allegations of misconduct against the Credit Suisse Defendants are based exclusively on the conduct of Pau, who is alleged to have been a CSSEL employee. CAC ¶ 61. None of the purported misconduct can, therefore, be attributed to the other Credit Suisse Defendants. While Plaintiffs allege that Pau had the authority to act as an agent for CSAG, CSSU, and CSI (CAC ¶¶ 59-60, 62), Plaintiffs fail to plausibly allege that any of Pau's alleged misconduct occurred while acting as an agent for these Defendants. Joint Personal Jurisdiction Br. at Part III.A. Accordingly, the claims against CSAG, CSSU, and CSI must be dismissed.

## **CONCLUSION**

Plaintiffs' claims against the Credit Suisse Defendants should be dismissed.

Dated: December 12, 2017
      New York, New York

    /s/ David G. Januszewski
Herbert S. Washer
David G. Januszewski
Elai Katz
Jason M. Hall
Sheila C. Ramesh
Adam S. Mintz
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York 10005
Telephone: (212) 701-3000
Fax: (212) 269-5420
hwasher@cahill.com
djanuszewski@cahill.com
ekatz@cahill.com
jhall@cahill.com
sramesh@cahill.com
amintz@cahill.com

*Attorneys for Defendants Credit Suisse AG, Credit Suisse Securities (USA) LLC, Credit Suisse Securities (Europe) Ltd., and Credit Suisse International*