UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

SSA BONDS ANTITRUST LITIGATION

*This Document Relates To All Actions*

1:16-cv-03711-ER

ORAL ARGUMENT REQUESTED

**CRÉDIT AGRICOLE CORPORATE & INVESTMENT BANK'S SUPPLEMENTAL
MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Defendant Crédit Agricole Corporate & Investment Bank ("CACIB") respectfully submits this supplemental memorandum of law in support of the motion to dismiss the Consolidated Amended Class Action Complaint (the "CAC") filed by the Dealer Defendants,[1] to address the specific allegations against CACIB.[2]

As set forth in the Joint Merits Brief, Plaintiffs' allegation of a broad global conspiracy among all Defendants is not plausible. Plaintiffs' assertion that CACIB joined the purported conspiracy is even less so. Plaintiffs' few allegations against CACIB are wholly insufficient to

---

[1] CACIB uses Plaintiffs' defined term "Dealer Defendants" for convenience for purposes of this motion only, and notwithstanding Plaintiffs' improper group pleading. *See* Memorandum of Law in Support of Dealer Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim, dated December 12, 2017 (the "Joint Merits Brief"), at n.1, § I.C.
[2] CACIB joins in and incorporates by reference the Joint Merits Brief, as well as the Memorandum of Law in Support of Foreign Dealer Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint for Lack of Personal Jurisdiction and Improper Venue, dated December 12, 2017 (the "Joint Personal Jurisdiction Brief").

1

state a claim under the antitrust laws. In addition, as discussed in the Joint Personal Jurisdiction Brief, Plaintiffs' claims against CACIB should be dismissed for the independent reason that CACIB—a bank organized under the laws of France, with its headquarters and principal place of business in France—is not subject to personal jurisdiction.

## ARGUMENT

**I. PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE THAT CACIB PARTICIPATED IN THE PURPORTED GLOBAL CONSPIRACY.**

"A § 1 complaint must adequately allege the plausible involvement of each defendant and put defendants on notice of the claims against them." *Hinds Cty., Miss. v. Wachovia Bank N.A.*, 790 F. Supp. 2d 106, 115 (S.D.N.Y. 2011). The complaint must plausibly allege (1) that each individual defendant "actually joined and participated in the conspiracy," *Concord Assocs., L.P. v. Entm't Props. Tr.*, No. 12 Civ. 1667 (ER), 2014 WL 1396524, at *23 (S.D.N.Y. Apr. 9, 2014), *aff'd*, 817 F.3d 46 (2d Cir. 2016) (citation omitted), and (2) that each defendant made a "conscious commitment to a common scheme" designed to achieve an unlawful purpose. *Invamed, Inc. v. Barr Labs., Inc.*, 22 F. Supp. 2d 210, 222 (S.D.N.Y. 1998). In addition, the complaint must offer "specifics with respect to the acts of a particular defendant or defendants." *In re Parcel Tanker Shipping Servs. Antitrust Litig.*, 541 F. Supp. 2d 487, 491-92 (D. Conn. 2008). Here, Plaintiffs' allegations against CACIB fall far short of providing "enough facts to 'nudge [plaintiffs'] claims [against CACIB] across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In support of the allegation that CACIB participated in a conspiracy to manipulate the prices of all trades of USD SSA bonds every day for more than ten years, Plaintiffs point to

██████████████████████████████████████████████

████████████████████████████ In each case, Plaintiffs rely on conclusory and self-serving characterizations to support their allegations. In reality, none of those chats as alleged in the CAC suggests that any employee of CACIB manipulated the price of any SSA bond or did anything improper while employed by CACIB. ████████████████████████████████ ██████████████

██ ████████████████████████████████████████████████████

████████████████████████████████████████████████ The CAC does not allege that the participants discussed either the SSA bond market or business in general during those chats, and the chats fail to provide any support for Plaintiffs' claim that CACIB was part of a purported conspiracy to manipulate SSA bond prices.

██ ██████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████ Plaintiffs do not allege that the participants in the chats discussed pricing information.

These chats do not suggest any coordination or manipulation of bond pricing or any agreement not to compete involving CACIB. Plaintiffs do not allege that any CACIB employee agreed to do anything in connection with these chats. Likewise, there is no allegation that any of the customers discussed in those chats transacted at an artificial price or was otherwise harmed. ████████████████████████████████████████████ in no way support Plaintiffs' claim that CACIB was part of an alleged global conspiracy. *See Apex Oil Co. v. DiMauro*, 822 F.2d 246, 257-58 (2d Cir. 1987) ("mere exchange of information by competitors

3

cannot establish a conspiracy"). To the contrary, and as discussed in the Joint Merits Brief, the chats instead suggest unremarkable behavior of market makers, who by definition need to discuss market conditions and to communicate with one another. *See* Joint Merits Br. at § I.B.3.b.

■ ███████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

███████████████████████████████ This chat in no way suggests that CACIB was part of the alleged conspiracy.

■ ████████████████████████████████████

████████████████████████████████████████

████████████████████████████ The CAC provides little information about the substance of these three chats, instead relying on Plaintiffs' conclusory and self-serving interpretations of a few short quotes. ████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

████████████████████████████

4

As an initial matter, these one-off chats are insufficient to link CACIB to the alleged conspiracy. What is more, based on the limited information that is contained in the CAC, these chats simply do not support the claim that CACIB was part of the alleged conspiracy or coordinated any pricing. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Plaintiffs' allegations as to these chats likewise fall far short of plausibly establishing that CACIB participated in the alleged conspiracy.

## II. CACIB IS NOT SUBJECT TO PERSONAL JURISDICTION.

As discussed further in the Joint Personal Jurisdiction Brief, CACIB is not subject to general jurisdiction in New York. *See* Declaration of Olivier Chazareix for CACIB, dated July 13, 2017; Declaration of Gene Kim for CACIB, dated July 13, 2017 (the "Kim Decl."); Supplemental Declaration of Gene Kim for CACIB, dated December 11, 2017 (the "Supp. Kim Decl."). CACIB is a financial institution organized under the laws of France, with its headquarters and principal place of business located in France. Plaintiffs do not and cannot allege that CACIB is "at home" in New York or that it consented to jurisdiction in New York. In addition, CACIB is not subject to specific jurisdiction in New York. The trading desk responsible for the secondary market trading of USD SSA bonds and sovereign bonds is, and from the time it was tasked with trading those bonds in 2012 has been, located in London, England. Kim Decl. at ¶ 4. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Supp. Kim Decl. at ¶ 3.

## **CONCLUSION**

For the above reasons, the claims against CACIB should be dismissed with prejudice.

Dated:  December 12, 2017
        New York, New York

/s/ Lisa J. Fried
Lisa J. Fried
Kevin T. Baumann
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York  10022
Telephone: (212) 918-3000
Fax: (212) 918-3100
lisa.fried@hoganlovells.com
kevin.baumann@hoganlovells.com

Benjamin F. Holt
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-8845
Fax: (202) 637-5910
benjamin.holt@hoganlovells.com

*Attorneys for Defendant Crédit Agricole Corporate & Investment Bank*