**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE:<br><br>SSA BONDS ANTITRUST LITIGATION<br><br>*This Document Relates To All Actions* | 1:16-cv-3711-ER<br><br><br>ORAL ARGUMENT REQUESTED |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF NOMURA INTERNATIONAL PLC'S MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

**Page**

Argument ....................................................................................................................1

I.     Nomura plc Is Not Subject To Personal Jurisdiction................................................1

       A.     The Complaint Does Not Plausibly Allege Purposeful Availment .............1

       B.     The Complaint Does Not Plausibly Allege Nomura plc Expressly
              Aimed Any Tortious Activities Toward The U.S. ......................................3

II.    Plaintiffs Fail To State A Sherman Act Claim As To Nomura plc..........................4

Conclusion ................................................................................................................8

Nomura International plc ("Nomura plc") respectfully submits this supplemental memorandum of law in support of its motion to dismiss the Consolidated Amended Class Action Complaint (Dkt. 303) (the "Complaint" or "CAC") for lack of personal jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).[1]

## ARGUMENT

### I. NOMURA PLC IS NOT SUBJECT TO PERSONAL JURISDICTION

As noted in the Joint Personal Jurisdiction Brief, personal jurisdiction is a defendant-specific inquiry. (*See* Joint PJ Br. at 6.) *See also, e.g.*, *Rush v. Savchuk*, 444 U.S. 320, 331 (1980). Because Nomura plc is a U.K. corporation headquartered in London (CAC ¶ 73), general personal jurisdiction is lacking. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014); *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014). In addition, specific personal jurisdiction is lacking because the allegations do not establish either that Nomura plc "purposefully availed" itself of the U.S. as to suit-related conduct, *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 343 (2d Cir. 2016), or "expressly aimed" its activities at the U.S. such that "the existence, causation or intent to manipulate" the financial instruments at issue "had its 'nucleus' or 'focal point'" in the U.S. *Sullivan v. Barclays PLC*, 2017 WL 685570, at *44 (S.D.N.Y. Feb. 21, 2017). (*See also* Joint PJ Br. at 3, 15-16.)

### A. The Complaint Does Not Plausibly Allege Purposeful Availment

Plaintiffs have not plausibly alleged that Nomura plc "purposefully availed" itself of the U.S. forum. Nomura plc is not alleged to have any U.S. branches or offices (CAC ¶ 73), and

---

[1] Nomura plc joins in and incorporates by reference the Memoranda of Law in Support of Dealer Defendants' Motion to Dismiss the Amended Consolidated Complaint for Lack of Personal Jurisdiction (the "Joint PJ Br.") and for Failure to State a Claim (the "Joint Merits Br."), and the Memorandum of Law in Support of Bhardeep Heer's Motion to Dismiss the Amended Consolidated Complaint for Lack of Personal Jurisdiction and Failure to State a Claim (the "Heer Br."), each dated December 12, 2017.

Messrs. Heer and ███, the only two Nomura plc employees discussed in Plaintiffs'

allegations, are not alleged to have resided or worked in the U.S. (*id*. ¶¶ 73, 90, 124). As to any

trading-related activity by Messrs. Heer and ███, Plaintiffs point to ████████, none of

which is alleged to have originated by or been transmitted to anyone inside the U.S. ████

████████████████████████████████ *See Sullivan*, 2017 WL

685570, at *44 (no purposeful availment where Bloomberg chats not alleged to have originated

from U.S. traders and the location of relevant trading desks were not identified).

Plaintiffs' claims that Nomura plc allegedly "directed and controlled" the trading

activities of Nomura Securities International, Inc. ("NSI"), that Nomura plc supposedly has at

least one unnamed employee based in New York and that Mr. Heer traveled to the U.S. on

"multiple" occasions to promote his SSA bond trading are conclusory[2] and in any case fail to

establish specific personal jurisdiction. (CAC ¶¶ 73, 90.) First, none of these allegations involve

contact with Named Plaintiffs. *Beach v. Citigroup Alt. Inv. LLC*, 2014 WL 904650, at *6

(S.D.N.Y. Mar. 7, 2014) ("Contacts with unnamed class members may not be used as a

jurisdictional basis, especially before a class has been certified.") Second, none of these general

allegations concern any alleged price fixing. *Lopez v. Shopify, Inc.*, 2017 WL 2229868, at *8

(S.D.N.Y. May 23, 2017) ("Shopify's contacts with New York may be substantial, but they do

---

[2] These conclusory allegations contain no factual specificity and should not be credited. *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998) (disregarding allegations that "lack the factual specificity necessary to confer jurisdiction"). For example, Plaintiffs' allegation that Nomura plc "often directed and controlled" NSI's trading and "booked the profit from such trades" (CAC ¶ 73) is factually unsupported. *In re Aluminum Warehousing Antitrust Litig.*, 90 F. Supp. 3d 219, 228, 234-35 (S.D.N.Y. 2015) ("*Daimler* has foreclosed the establishment of jurisdiction [through agency] based only on generalized allegations.") In fact, NSI is not a subsidiary of Nomura plc and each entity maintains separate books and records. (*See* Supplemental Declaration of Daisy LeVay, dated Dec. 12, 2017 ¶¶ 5-6.) Similarly, Plaintiffs' allegation that Nomura plc has "at least one employee based in New York and doing business on its behalf" (CAC ¶ 73) does not identify who this alleged employee is, and alleges no Nomura plc U.S. office where this purported employee could work. In fact, Nomura plc has no employees based in the U.S. (*See* Declaration of Daisy LeVay, dated July 14, 2017 ¶ 7.)

not relate to Lopez's claims in any meaningful way"). Indeed, Plaintiffs do not allege Nomura plc made a single bid, offer or trade of SSA bonds—let alone a price fixed one—within the United States.

**B.** **The Complaint Does Not Plausibly Allege Nomura plc Expressly Aimed Any Tortious Activities Toward The U.S.**

Plaintiffs also have not plausibly alleged Nomura plc "expressly aimed" any tortious activities toward the U.S. Not a single instance is alleged in which Nomura plc interacted from abroad (or, in fact, at all) with any Named Plaintiff or U.S. investor, let alone to manipulate the price of any bond.[3] *See, e.g., Sullivan*, 2017 WL 685570, at \*44-50 (Euribor manipulation not expressly aimed at U.S. despite alleged trades of derivatives with two named plaintiffs, U.S. investors); *Laydon v. Bank of Tokyo-Mitsubishi UFJ, Ltd.*, 2017 WL 1113080, at \*5 (S.D.N.Y. Mar. 10, 2017). Nor do any of the allegations as to Nomura plc claim a single instance of price fixing of any kind, much less price fixing as to which Nomura plc is alleged to have made the U.S. a "nucleus" or "focal point". *Sullivan*, 2017 WL 685570, at \*45 (requiring facts suggesting the "existence, causation or intent to manipulate" Euribor "had its 'nucleus' or 'focal point' in the United States"); *7 West 57th St. Realty Co., LLC v. Citigroup, Inc.*, 2015 WL 1514539, at

---

[3] 

3

*11 (S.D.N.Y. Mar. 31, 2015) (requiring "facts demonstrating that the . . . manipulation was done with the express aim of causing an effect in" the forum).

## II. PLAINTIFFS FAIL TO STATE A SHERMAN ACT CLAIM AS TO NOMURA PLC

The Complaint also fails to state a claim against Nomura plc. Plaintiffs must aver facts that plausibly suggest Nomura plc "actually joined and participated in the conspiracy", *Concord Assocs., L.P. v. Entm't Prop. Tr.*, 2014 WL 1396524, at *23 (S.D.N.Y. Apr. 9, 2014) (Ramos, J.), by being "consciously committed to a common scheme designed to achieve an unlawful objective", *Virgin Atl. Airways Ltd. v. British Airways PLC*, 257 F.3d 256, 263 (2d Cir. 2001). The "crucial question" is "whether the challenged conduct" by a defendant "stems from independent decision or from an agreement". *Mayor & City Council of Baltimore, Md. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013). The few allegations pertaining to Nomura plc in the one-hundred and forty-nine page Complaint fail plausibly to allege Nomura plc engaged in any purported price fixing conspiracy.

Plaintiffs allege no instance in which Nomura plc undertook any action to fix the price of a bond. ███████████████████████████████████████ Plaintiffs instead seek to rely on unsupported inferences based on ████████████████████ ███████████████████████████████ This does not amount to "direct evidence" of the alleged conspiracy.[4] *See LaFlamme*, 702 F. Supp. 2d at 150 (collusion

---

[4] ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

"rendered even more implausible by the fact that the Complaint nowhere alleges that any actual facility was implemented"); *Superior Offshore Int'l, Inc. v. Bristow Grp. Inc.*, 738 F. Supp. 2d 505, 512-13 (D. Del. 2010) ("Direct evidence of a conspiracy" must be "explicit and requires no inferences to establish the proposition or conclusion being asserted."). To the contrary, the alleged chats contradict Plaintiffs' claim. One chat shows ██████████████████ ██████ and others also demonstrate ██████████████████[6] Such allegations do not "suggest that there was no independence of action". *Merced Irrigation Dist. v. Barclays Bank PLC*, 165 F. Supp. 3d 122, 139 (S.D.N.Y. 2016). Plaintiffs also allege ██████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████



███████████████████████████████ Even accepting Plaintiffs' implausible

characterizations, such allegations would only describe █████████████████████

████████████████████████████████████████████████

███████ *Citigroup, Inc.*, 709 F.3d at 139. Plaintiffs' further sensational claim that ████████

███████████████████████████ is also contradicted by the very chats Plaintiffs cite,

which show ████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████ This alleged ███████████████████

---



█████ does not plausibly suggest a conspiracy. *See, e.g., Apex Oil Co. v. DiMauro*, 822 F.2d 246, 257-58 (2d Cir. 1987).[10] Indeed, as market makers responsible for "provid[ing] liquidity . . . by being willing to buy and sell SSA bonds" (*id.* ¶ 109) and who needed to "trade . . . with other dealers to hedge the risk on their books" (*id.* ¶ 116), it is unremarkable that, as both competitors and counterparties, ████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████ [11] (*See also* Heer Br. at 15-24.)

Nor do Plaintiffs plausibly allege ███████ participated in a conspiracy to fix prices. Plaintiffs aver ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████ [12] Plaintiffs do not allege any interactions between ███████ and any other purported cartel member, *In re Platinum & Palladium Antitrust Litig.*, 2017 WL 1169626, at *51 (S.D.N.Y.

---

[10] ███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

[11] ███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████ *See also Chasins v. Smith, Barney & Co.*, 438 F.2d 1167,
1170 n.4 (2d Cir. 1970) (market maker is "a dealer who . . . holds himself out . . . as being willing to buy and sell for
his own account on a continuous basis"); *SEC v. Div. Corp. Consulting Grp.*, 378 F.3d 1219, 1222 n.7 (11th Cir.
2004). ████████████████████████████████████████████████████
██████████████████████████

[12] ███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████



Mar. 28, 2017) (dismissing defendant not allegedly involved in [f]ixing calls with co-conspirators), or 

Such "meager factual allegations regarding the dealings between" ▮▮▮▮ and his alleged co-conspirators are "inadequate to support the existence of an unlawful agreement". *Cinema Vill. Cinemart*, 2016 WL 5719790, at \*3; *see also In re Zinc Antitrust Litig.*, 155 F. Supp. 3d 337, 365-66 (S.D.N.Y. 2016) (disregarding allegations where no facts tethering them to overarching conspiracy).[13]

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed with prejudice for lack of personal jurisdiction and failure to state a claim as to Nomura plc.

---

[13] *Precision Assocs. v. Panalpina World Transp. (Holding) Ltd.*, 2011 WL 7053807, at \*30 (E.D.N.Y. Jan. 4, 2011) (each defendant must be "aware of and committed to the essential purpose of the overarching conspiracy"); *In re Optical Disk Drive Antitrust Litig.*, 2011 WL 3894376, at \*9 (sporadic misconduct involving a subset of defendants was "a far cry" from six year agreement alleged); *Sonterra*, 2017 WL 4250480, at \*20 (allegation of a "single isolated request to manipulate CHF LIBOR for one tenor on one day" with no alleged response and no "indication that Deutsche Bank AG submitted a false quote in response to the request, and still less that the false quote actually affected the 'fix' for that day" insufficient to plead conspiracy).

Dated:  December 12, 2017  
      New York, New York

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP,


by    _____

      John D. Buretta  
      Member of the Firm

Worldwide Plaza  
  825 Eighth Avenue  
    New York, NY 10019  
      (212) 474-1000  
      jburetta@cravath.com


*Attorneys for Defendant Nomura International plc*