UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:
SSA BONDS ANTITRUST LITIGATION
*This Document Relates To All Actions*

1:16-cv-03711-ER

ORAL ARGUMENT REQUESTED

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
NOMURA SECURITIES INTERNATIONAL, INC.'S MOTION TO
DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

# PRELIMINARY STATEMENT

As set forth in the Joint Merits Brief, Plaintiffs' allegation of a sprawling global conspiracy among all Defendants is not plausible. Plaintiffs' naming of Defendant Nomura Securities International, Inc. ("NSI"), however, goes beyond implausibility—the Consolidated Amended Class Action Complaint (the "Complaint" or "CAC") contains not a single allegation about how NSI is connected to the purported conspiracy. Plaintiffs make no specific substantive allegations against NSI and do not allege NSI engaged in any misconduct. This absence of any factual allegations dooms Plaintiffs' efforts to state a claim under the antitrust laws, and the Court should dismiss the claims against NSI.

# FACTUAL BACKGROUND

Even after Plaintiffs have had not one but two opportunities to amend in their quest to state a plausible claim, the Complaint still fails to come forward with any allegations of wrongdoing by NSI. The Complaint purports to describe "a brazen conspiracy to fix prices and restrain competition in the market for U.S. dollar-denominated ("USD") supranational, sovereign, and agency ('SSA') bonds," carried out by a small group of traders in London. (CAC ¶¶ 1, 28-29, 129.) To support those allegations, Plaintiffs rely on alleged communications among the traders that supposedly show how the conspiracy operated. (*See* CAC ¶¶ 130-285.) Not one of the communications, however, involves NSI or even makes reference to that entity. Throughout the Complaint, Plaintiffs refer to both London-based securities broker/dealer Nomura International plc ("NI plc") and NSI as "Nomura" without differentiation, although the two are separate legal entities. (CAC ¶¶ 72-74.)

The only allegations about NSI relate to NSI's participation in the USD SSA bond market in New York. Specifically the Complaint alleges that NSI: "directed its USD SSA bond trading activities," "engaged in [USD SSA bond trading] activities," "purposely executed USD SSA bond trades . . . at the direction and with [NI plc's] knowledge and consent," "participated in USD SSA bond trading with members of the Class," and "executed USD SSA bond trades with U.S.-based investors." (CAC ¶¶ 72, 75, 331.) The Complaint does not allege that NSI employed Bhardeep Heer or any other purportedly relevant trader, was ever subject to governmental investigations relating to the trading of SSA bonds, or had any participation in any activity by any supposed competitors.[1] (*See* CAC ¶¶ 124, 313-320.)

**ARGUMENT**

Where an antitrust complaint names multiple defendants, plaintiffs must "make allegations that plausibly suggest that *each* Defendant participated in the alleged conspiracy." *Hinds Cty., Miss.* v. *Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 513 (S.D.N.Y. 2009) (emphasis added; quotation marks and citation omitted); s*ee Concord Assocs., L.P.* v. *Entm't Props. Tr.*, No. 12 Civ. 1667 (ER), 2014 WL 1396524, at *23 (S.D.N.Y. Apr. 9, 2014) ("To provide reasonable notice to defendant of the claims against it, a complaint must plausibly suggest that the individual defendant actually joined and participated in the conspiracy." (quotation marks omitted)). Allegations in the form of "group pleading" are insufficient. (*See* Joint Merits Br. at Section I.C.)

---

[1] Even if plaintiffs could make such allegations in good faith, that would still not be enough because such allegations are not probative of wrongdoing, much less sufficient to support a plausible claim that NSI participated in the purported conspiracy. (*See* Joint Merits Brief at Section I.B.3.d).

Here, Plaintiffs' Complaint impermissibly tries to bootstrap meager allegations about a handful of communications involving two individual employees of NI plc into allegations about the "Nomura" entities more generally, despite neither of these individuals being employed by NSI. It also makes various other improper general allegations against "Defendants" as a group. Even if Plaintiffs' Complaint could somehow plead a claim against NI plc or other Defendants on this basis, its allegations are insufficient with respect to NSI, a distinct legal entity. *See In re Zinc Antitrust Litig.,* 155 F. Supp. 3d 337, 384 (S.D.N.Y. 2016) ("The fact that two separate legal entities may have a corporate affiliation—perhaps owned by the same holding company—does not alter this pleading requirement."); *In re Dig. Music Antitrust Litig.*, 812 F. Supp. 2d 390, 417 (S.D.N.Y. 2011) (dismissing corporate entities where the complaint failed to sufficiently allege those entities had "direct involvement" in the alleged conspiracy and did not "allege a basis to disregard the separate corporate forms").

Plaintiffs do not allege that any employee of NSI engaged in any wrongdoing. None of the communications that Plaintiffs allege form the basis of actionable conduct involves NSI or even makes reference to that entity. The Complaint does not allege—nor can it—that any of the so-called "primary player[]" traders ever worked for NSI. (*See* CAC ¶¶ 124). And, Plaintiffs do not allege that NSI was ever subject to the governmental investigations relating to the trading of SSA bonds mentioned in the Complaint. (*See* CAC ¶¶ 313-320.) In fact, the Complaint's mentions of NSI amount only to a description of NSI's routine participation in the USD SSA bond market. (CAC ¶¶ 72, 75, 331.) Such allegations certainly do not plead any improper behavior, let alone an antitrust claim, and fail to delineate how NSI is "alleged to have

conspired, with whom and for what purpose." *In re Zinc*, 155 F. Supp. 3d at 384.

Therefore, the Court should dismiss the claims against NSI.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss all claims against NSI with prejudice.

Dated: December 12, 2017
      New York, New York

                                     Respectfully submitted,

                                     /s/ Aidan Synnott
                                     Aidan Synnott
                                     Kristen-Elise F. DePizzo
                                     PAUL, WEISS, RIFKIND,
                                     WHARTON & GARRISON LLP
                                     1285 Avenue of the Americas
                                     New York, NY 10019
                                     Telephone: (212) 373-3213
                                     Fax: (212) 492-0213
                                     asynnott@paulweiss.com
                                     kdepizzo@paulweiss.com

                                     *Attorneys for Defendant Nomura*
                                     *Securities International, Inc.*