**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>SSA BONDS ANTITRUST LITIGATION<br><br>*This Document Relates To All Actions* | 1:16-cv-03711-ER<br><br>ORAL ARGUMENT REQUESTED |

**SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF THE HSBC DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

HSBC Bank plc and HSBC Securities (USA), Inc. (the "HSBC Defendants") respectfully submit this supplemental memorandum of law in support of the motion to dismiss the Consolidated Amended Class Action Complaint ("CAC") for lack of subject matter jurisdiction and failure to state a claim. Although the CAC should be dismissed as to all Defendants for the reasons set forth in the Dealer Defendants' memorandum of law, it also should be dismissed specifically as to the HSBC Defendants because of Plaintiffs' failure to plausibly allege that the HSBC Defendants participated in a purported decade-long conspiracy to manipulate trades in U.S. dollar-denominated ("USD") supranational, sovereign, and agency bonds ("SSA bonds").[1]

Plaintiffs attempt to state a claim against the HSBC Defendants by invoking a handful of communications predominantly from ▇▇▇▇▇▇▇▇ involving ▇▇▇▇▇▇▇ before he left the bank. Plaintiffs sprinkle a few such communications throughout the CAC in an

---

[1] In addition to the arguments set forth in the Dealer Defendants' memorandum of law and in this supplemental memorandum, HSBC Bank plc also incorporates its arguments set forth in the Foreign Dealer Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint for Lack of Personal Jurisdiction and Improper Venue.

attempt to create the appearance of volume, but (as shown below) they also take liberties with what the communications actually say. Then, relying on these communications from ███ ████████, Plaintiffs allege that the HSBC Defendants participated in a global conspiracy that started years before the cited chats took place and extended years after ████████ ████████████ *See* CAC ¶ 124. Considered individually or collectively, these communications do not plausibly suggest that the HSBC Defendants participated in any decade-long conspiracy.[2]

For example, CAC ¶¶ 231-33 allege ███████████████████████████████ ████████████████████████████████████████████ Plaintiffs then claim, without support, that: ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████████ But Plaintiffs plead no facts identifying the ████████████████████████████████ ████████████████████████████████████████████ based on this information.

Still, Plaintiffs continue, alleging that ████████████████████ ████████████████████████████████████████████████ ████████████████████████ *Id.* Plaintiffs then announce, again without support, █ ████████████████████████████████████████████████ ████████████████████████████████████████████ *Id.* But Plaintiffs do not allege that ████████████████████ and in any event, ████████

---

[2] There are no allegations that support Plaintiffs' claims of a conspiracy before July 2009. *See* Dealer Defs' Mem., Section II.

2

████████████████████████████████████████████████ are just "as consistent with permissible competition as with illegal conspiracy," and cannot support their claims. *See Invamed, Inc.* v. *Barr Labs., Inc.*, 22 F. Supp. 2d 210, 221 (S.D.N.Y. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588 (1986)); *see also Five Smiths, Inc.* v. *Nat'l Football League Players Ass'n*, 788 F. Supp. 1042, 1047 (D. Minn. 1992) ("[T]he exchange of price data and other information among competitors does not invariably have anticompetitive effects; indeed such practices can in certain circumstances increase economic efficiency and render markets more, rather than less, competitive."). Many of Plaintiffs' remaining allegations as to ████████████████████████ suffer from the same types of fatal flaws. *See, e.g.,* CAC ¶¶ 15, 234-35, 241, 366.

The CAC cites just two communications purporting to involve the HSBC Defendants ████████████ Those chats do nothing to support Plaintiffs' claims, either. Plaintiffs allege that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *See* CAC ¶ 158. ████████████████████████████████████████████████████████ but they plead no facts to support this factual leap. Then they allege, without support, that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *Id.* All of this is complete conjecture.

So too is the claim that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *Id.* In reality,

3

Plaintiffs plead no facts about how ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The other communication allegedly took place ▮▮▮▮▮▮▮▮▮▮▮▮ and Plaintiffs' treatment of this one confirms the speculative nature of their case against the HSBC Defendants. Plaintiffs claim that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* CAC ¶¶ 253-55. Plaintiffs say that because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*. Once again, that is complete speculation. Plaintiffs plead no facts showing where or how ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## CONCLUSION

Plaintiffs' accusations against the HSBC Defendants are speculations of the type to which courts lend no weight on a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level"). For the foregoing reasons, and for the reasons set forth in the Dealer Defendants' memorandum of law, the HSBC Defendants respectfully request that the Court dismiss the Consolidated Amended Complaint with prejudice.

Dated: December 12, 2017                    Respectfully submitted,

By: /s/ Daniel L. Stein

Daniel L. Stein
Jennifer M. Rosa
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020-1001

4

Ph: (212) 506-2500
Fax: (212) 262-1910
dstein@mayerbrown.com
jrosa@mayerbrown.com

Andrew S. Marovitz
Britt M. Miller
Robert E. Entwisle
MAYER BROWN LLP
71 S. Wacker Dr.
Chicago, IL 60606
Ph: (312) 782-0600
Fax: (312) 701-7711
amarovitz@mayerbrown.com
bmiller@mayerbrown.com
rentwisle@mayerbrown.com

*Attorneys for Defendants HSBC Bank plc and HSBC Securities (USA) Inc.*