**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE:

SSA BONDS ANTITRUST LITIGATION

*This Document Relates To All Actions*

1:16-cv-03711-ER

ORAL ARGUMENT REQUESTED

### DEFENDANT BHARDEEP HEER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

# TABLE OF CONTENTS

Preliminary Statement........................................................................................................... 1

Statement of Facts.............................................................................................................. 2

    A.    Jurisdictional Allegations..........................................................................2

    B.    Non-Jurisdictional Allegations ................................................................3

Argument ............................................................................................................................ 7

I.    Mr. Heer Is Not Subject To Personal Jurisdiction ..................................................7

    A.    Plaintiffs Have Not Pled Mr. Heer Has Minimum Contacts With The Forum .........................................................................................................7

        1.    Plaintiffs Do Not Allege Any Manipulation Occurring Within The United States ................................................................................8

        2.    Plaintiffs Do Not Allege Mr. Heer Purposefully Directed Any Alleged Manipulation At The United States..................................9

        3.    Personal Jurisdiction Cannot Be Established Through a Theory of Conspiracy Jurisdiction..............................................................13

    B.    Due Process Requirements Establish That Personal Jurisdiction over Mr. Heer Would Be Unreasonable .....................................................................14

II.    Plaintiffs Do Not State A Claim As To Mr. Heer....................................................15

    A.    Plaintiffs Allege No Direct Evidence of Mr. Heer's Participation In The Alleged Conspiracy.................................................................................16

        1.    Lack of Coordination with Other Traders.................................17

        2.    Discussion of Independent Responses to Market Conditions....19

        3.    Observations from Interdealer Trading Screens .......................20

    B.    Plaintiffs Do Not Allege Circumstantial Evidence of Mr. Heer's Participation In The Alleged Conspiracy.............................................................22

Conclusion ....................................................................................................................... 24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*7 West 57th St. Realty Co. LLC v. Citigroup, Inc.*,
 No. 13-civ-981 (PGG), 2015 WL 1514539 (S.D.N.Y. Mar. 31, 2015) .......................9, 11, 12

*In re Aluminum Warehousing Antitrust Litig.*,
 90 F. Supp. 3d 219 (S.D.N.Y. 2015) ....................................................................................13

*Apex Oil Co. v. DiMauro*,
 822 F.2d 246 (2d Cir. 1987) ..................................................................................................21

*Arista Records LLC v. Lime Grp. LLC*,
 532 F. Supp. 2d 556 (S.D.N.Y. 2007) ...................................................................................16

*Beach v. Citigroup Alternative Inv. LLC*,
 No. 12-civ-7717 (PKC), 2014 WL 904650 (S.D.N.Y. Mar. 7, 2014) ...........................8, 9, 12

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ..........................................................................................................19, 20

*Bilinski v. Keith Haring Found., Inc.*,
 96 F. Supp. 3d 35 (S.D.N.Y. 2015) .......................................................................................23

*Black v. JP Morgan Chase & Co.*,
 2011 WL 4102802 (W.D. Pa. Aug. 10, 2011) ......................................................................21

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal. S.F. Cty.*,
 137 S. Ct. 1773 (2017) ............................................................................................................7

*Burtch v. Milberg Factors, Inc.*,
 662 F.3d 212 (3d Cir. 2011) ...................................................................................................16

*Cascades Comp. Innovation LLC v. RPX Corp.*,
 No. 12-cv-01143 (YGR), 2013 WL 316023 (N.D. Cal. Jan. 24, 2013) .................................18

*Chasins v. Smith, Barney & Co.*,
 438 F.2d 1167 (2d Cir. 1970) ..................................................................................................4

*Concord Assocs., L.P. v. Entm't Properties Tr.*,
 12-civ-1667 (ER), 2014 WL 1396524 (S.D.N.Y. Apr. 9, 2014) ...........................................15

*Daimler AG v. Bauman*,
 134 S. Ct. 746 (2014) ...............................................................................................................7

*In re Elevator Antitrust Litig.*,
    502 F.3d 47 (2d Cir. 2007)...............................................................................13

*Five Smiths, Inc. v. Nat'l Football League Players Ass'n*,
    788 F. Supp. 1042 (D. Minn. 1992).................................................................21

*In re Foreign Exchange Benchmark Rates Antitrust Litig.*,
    74 F. Supp. 3d 581 (S.D.N.Y 2015).................................................................24

*FrontPoint Asian Event Driven Fund, L.P. v. Citibank, N.A.*,
    16 Civ. 5263 (AKH), 2017 WL 3600425 (S.D.N.Y. Aug. 18, 2017)...........8, 10, 11

*Gmurzynska v. Hutton*,
    257 F. Supp. 2d 621 (S.D.N.Y. 2003).........................................................14, 15

*IHS Dialysis Inc. v. Davita, Inc.*,
    No. 12-civ-2468 (ER), 2013 WL 1309737 (S.D.N.Y. Mar. 31, 2013)............16, 17

*In re Interest Rate Swaps Antitrust Litig.*,
    261 F. Supp. 3d 438 (S.D.N.Y. 2017)...............................................................16

*Jazini v. Nissan Motor Co.*,
    148 F.3d 181 (2d Cir. 1998)........................................................................7, 12

*Kramer v. Pollock-Krasner Found.*,
    890 F. Supp. 250 (S.D.N.Y. 1995)....................................................................23

*LaFlamme v. Societe Air France*,
    702 F. Supp. 2d 136 (E.D.N.Y. 2010) ....................................................16, 17, 20

*Laydon v. Bank of Tokyo-Mitsubishi UFJ, Ltd.*,
    No. 12-civ-3419 (GBD), 2017 WL 1113080 (S.D.N.Y. Mar. 10, 2017).......9, 10, 12

*In re Lehman Bros. Sec. & Erisa Litig.*,
    Nos. 11-cv-4278 (LAK), 09-md-2017 (LAK), 2015 WL 5294759 (S.D.N.Y.
    Sept. 10, 2015) ..................................................................................................4

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
    No. 11-mdl-2262 (NRB), 2016 WL 7378980 (S.D.N.Y. Dec. 20, 2016)........14, 23

*Mayor & City Council of Baltimore, Md. v. Citigroup, Inc.*,
    709 F.3d 129 (2d Cir. 2013)............................................................. *passim*

*Megna v. Biocomp Labs. Inc.*,
    166 F. Supp. 3d 493 (S.D.N.Y. 2016)...............................................................12

*Merced Irrigation Dist. v. Barclays Bank PLC*,
    165 F. Supp. 3d 122 (S.D.N.Y. 2016)..........................................................18, 24

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
    84 F.3d 560 (2d Cir. 1996) ........................................................................7, 14

*In re N. Sea Brent Crude Oil Futures Litig.*,
    No. 13-md-02475 (ALC), 2017 WL 2535731 (S.D.N.Y. June 8, 2017) ...............................13

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*,
    No. 12-civ-2837 (KBF), 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012) ............................12, 13

*Rivoli v. Gannett Co.*,
    327 F. Supp. 2d 233 (W.D.N.Y. 2004) ...............................................................10

*RxUSA Wholesale, Inc. v. Alcon Labs., Inc.*,
    661 F. Supp. 2d 218 (E.D.N.Y. 2009) ...............................................................18

*S.E.C. v. Diversified Corp. Consulting Grp.*,
    378 F.3d 1219 (11th Cir. 2004) .....................................................................4

*Sullivan v. Barclays PLC*,
    No. 13-CV-2811 (PKC), 2017 WL 685570 (S.D.N.Y. Feb. 21, 2017) ......................... *passim*

*Superior Offshore Int'l, Inc. v. Bristow Grp. Inc.*,
    738 F. Supp. 2d 505 (D. Del. 2010) ...................................................17, 18, 19, 21

*In re Terrorist Attacks on September 11, 2001*,
    349 F. Supp. 2d 765 (S.D.N.Y. 2005) ...............................................................13

*Universal Grading Serv. v. eBay, Inc.*,
    No. C-09-2755 RMW, 2012 WL 70644 (N.D. Cal. Jan. 9, 2012) .........................................24

*Virgin Atl. Airways Ltd. v. British Airways PLC*,
    257 F.3d 256 (2d Cir. 2001) .......................................................................2, 15

*Waldman v. Palestine Liberation Org.*,
    835 F.3d 317 (2d Cir. 2016) ...................................................................1, 7, 9, 11

*Whitaker v. Fresno Telsat, Inc.*,
    87 F. Supp. 2d 227 (S.D.N.Y. 1999) .................................................................7

*In re Zinc Antitrust Litig.*,
    155 F. Supp. 3d 337, 375 (S.D.N.Y. 2016) .......................................................10, 22

## Other Authorities

Federal Rules of Civil Procedure 4(k)(2) ...............................................................13

Defendant Bhardeep Heer respectfully submits this Memorandum of Law in support of his motion to dismiss the Consolidated Amended Class Action Complaint (the "Complaint" or "CAC") pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6).[1]

## PRELIMINARY STATEMENT

Mr. Heer is a resident of the United Kingdom, where he worked during the Class Period for a U.K. company.  Mr. Heer is not alleged to have traded with any Named Plaintiff, class member, or U.S.-based investor on any particular occasion, and the only ██████████ ████████████████████████████████████ are not alleged to involve the purported price fixing of which Plaintiffs complain.  Rather, all purported misconduct alleged as to Mr. Heer occurred outside the United States, and Plaintiffs do not allege any facts suggesting Mr. Heer expressly aimed his alleged misconduct at the United States.  Plaintiffs thus have not plausibly alleged Mr. Heer "purposefully availed" himself of the United States, *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 343 (2d Cir. 2016), or "expressly aimed" his allegedly tortious conduct towards the United States, *Sullivan v. Barclays PLC*, No. 13-CV-2811 (PKC), 2017 WL 685570, at *44-45 (S.D.N.Y. Feb. 21, 2017), as is required to support specific personal jurisdiction.

Plaintiffs have also failed to state a claim against Mr. Heer.  Though Plaintiffs sought amendment to identify "dozens" of chats in which "all of the banks" were "engaged in SSA bond transactions with US investors," such that Plaintiffs could "plead collusion on a

---

[1] Mr. Heer also joins the Dealer Defendants' Motion to Dismiss the Consolidated Amended Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim, the parts of the Foreign Dealer Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue applicable to him, and Nomura International plc's Motion to Dismiss the Consolidated Amended Complaint for Lack of Personal Jurisdiction and Failure to State a Claim.  Unless otherwise noted, all internal citations and quotation marks are omitted.

shocking scale," Aug. 18, 2007 Hr'g Tr. at 13:5-12, the only changes in the Complaint as to Mr. Heer amount to swapping out some old chats for some new ones, none of which support a plausible allegation of price fixing. The Complaint only alleges ████████████ over Mr. Heer's alleged eleven-year period of employment by Nomura International plc ("Nomura plc"), ████████████████████████ and none of which plausibly suggest Mr. Heer was part of a price fixing conspiracy. ████████████████████████ ████████; *see Virgin Atl. Airways Ltd. v. British Airways PLC*, 257 F.3d 256, 263 (2d Cir. 2001). As to Mr. Heer, there remains no direct or indirect evidence of collusion, let alone the "smoking gun evidence" Plaintiffs claimed they would provide in the Complaint (CAC ¶ 5), and Plaintiffs' assertions to the contrary rest on speculation and implausible readings of ██████ ██████████ between market makers, none of which suggest Mr. Heer took any actions pursuant to a conspiratorial agreement. *Mayor & City Council of Baltimore, Md. v. Citigroup, Inc.*, 709 F.3d 129, 137 (2d Cir. 2013). For these reasons, and those set forth more fully below, the Complaint must be dismissed as to Mr. Heer.

## STATEMENT OF FACTS

### A. Jurisdictional Allegations

Plaintiffs allege Mr. Heer resides in Essex, United Kingdom and was employed as an SSA bond trader by Nomura plc in London during the Class Period. (CAC ¶¶ 73, 90, 124(d).) Nomura plc is organized under the laws of the United Kingdom and has its principal place of business in London. (*Id*. ¶ 73.) Plaintiffs do not allege Nomura plc has any offices or branches inside the United States. Plaintiffs do not allege ████████████████ ████████████████████████████████ ████████████████ Though Plaintiffs allege Mr. Heer "traveled to New York to visit with his New York accounts, promote his USD SSA bond trading services, and

maintain relationships with his New York-based customers for USD SSA bonds" on "multiple occasions" (*id*. ¶ 90), they do not allege any specific instances of such visits over the many years he allegedly traded SSA bonds. Nor do Plaintiffs allege any instances in which Mr. Heer engaged in an SSA bond trade from within the United States, or that Mr. Heer is registered to trade SSA bonds on behalf of any U.S. affiliate of Nomura plc or holds any registrations with any U.S. regulatory body, such as the Financial Industry Regulatory Authority. (*Id*.) Plaintiffs also do not allege any purported cartel member ever resided in the U.S. (*Id*. ¶¶ 88-94, 124.)



Plaintiffs allege ███████████████████████████████████

███████████████ Plaintiffs allege that on ████████████████████

████████████████████████████████████████████████

█████████ Plaintiffs do not allege ██████████████████████████

█████████████████████████████. Though ████████████████

████████████████████████ Plaintiffs do not allege ███████

█████████████████████████████████

Plaintiffs also allege that on ███████████████████████

████████████████████████████████████████ Plaintiffs

allege ███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████ Plaintiffs do not allege

████████████████████████████████████████████████

████████.

## B. Non-Jurisdictional Allegations

Plaintiffs cite ████████████████ during Mr. Heer's alleged eleven years of employment by Nomura plc in support of their claim that Mr. Heer conspired to "fix prices

and restrain competition in the market" for USD SSA bonds during the Class Period. (*Id.* ¶¶ 1, 104.)



██████████████ Plaintiffs allege ███████████████████

████████████████████████████████████████████

██████████████ Plaintiffs allege ███████████████████

████████████████████████████████████████████

████████████ Plaintiffs also do not allege █████████████

███████████████████████████████████

██████████████ Plaintiffs allege ███████████████████

████████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████

███████████████████████████ Plaintiffs do not allege ██████

█████████████████████████████████████████

████████████████████████████ Plaintiffs allege that

at one point, ███████████████████████████████████

██████████████████ Market making is legal. (*Id.* ¶ 109 (describing market making as the

legal practice of "provid[ing] liquidity or . . . being willing to buy and sell SSA bonds.").[2]

---

[2] *See also Chasins v. Smith, Barney & Co.*, 438 F.2d 1167, 1170 n.4 (2d Cir. 1970) (quoting SEC Rule 17a-9(f)(1)), *superseded in part by statute*, Private Securities Litigation Reform Act, Pub. L. No. 104–67, 109 Stat. 737, *as recognized in In re Lehman Bros. Sec. & Erisa Litig.*, Nos. 11-cv-4278 (LAK), 09-md-2017 (LAK), 2015 WL 5294759, at *3 (S.D.N.Y. Sept. 10, 2015); *see also S.E.C. v. Diversified Corp. Consulting Grp.*, 378 F.3d 1219, 1222 n.7 (11th Cir. 2004) ("A market maker in the over-the-counter market is a dealer who, with respect to a security, routinely enters quotations in an interdealer communication system or otherwise and is willing to buy and sell securities for the dealer's own account.").



██████████ Plaintiffs allege ████████████████████████

████████████████████████████████████████████

████████ Plaintiffs allege ████████████████████████

████████████ Plaintiffs allege ██████████████████

████████████████████████████████████████████

████████

██████████ Plaintiffs allege ████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

██ Plaintiffs allege ██████████████████████████████

███████████████████████████████████████████

████████ Plaintiffs do not allege ███████████████████

████████████████████████████████████████████

██████████ Plaintiffs allege ████████████████████

████████████████████████████████████████████

████████ Plaintiffs allege ████████████████████████

████████ Plaintiffs do not allege ████████████████████

███████████████████████████████████████████ Nor

do Plaintiffs allege ██████████████████████████

██████████ Plaintiffs allege ████████████████████████

████████████████████████████████████████████

█████████████████████████ (*Id.* ¶ 165.) Plaintiffs allege

████████████████████████████████████████████

5



█ Plaintiffs do not allege ████████████████████████████

████████████████████████████████████ Nor do

Plaintiffs allege ████████████████████████████████

█████████

████████ Plaintiffs allege ████████████████

█████████████████████████████████████████

█████████████████████████████████████████

██████████████████ ██████████████████████████

█████████████████████████████████████████

████████████████████████ Plaintiffs do not allege █

█████████████████████████████████████████

██████████████████████████████████████████

██ ██████████████████████████ Plaintiffs do

not allege ████████████████ Plaintiffs also allege that █████████

██████████████████████████████████████

████████ Plaintiffs allege ███████████████████████

█████████████████████ █ Plaintiffs do not allege ████████

███████████████████████████████████

██████████████ Plaintiffs allege █████████████████

Plaintiffs allege that █████████████████████████

█████████████████████████████████████

█████████████████████ Plaintiffs allege ████████

█████████████████████████████████████

<u>**ARGUMENT**</u>

## I.    Mr. Heer Is Not Subject To Personal Jurisdiction

Plaintiffs bear the burden of demonstrating that a court has jurisdiction over a defendant. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). When challenging a motion to dismiss for lack of personal jurisdiction, this requires pleading sufficient facts that, taken as true, would establish personal jurisdiction over the defendant. *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998). Courts are not bound to accept as true "conclusory non-fact-specific jurisdictional allegations." *Id.* at 185.

To establish personal jurisdiction, a plaintiff must demonstrate (1) that each defendant had sufficient minimum contacts with the forum and (2) that exercising jurisdiction would comport with "traditional notions of fair play and substantial justice." *Whitaker v. Fresno Telsat, Inc.*, 87 F. Supp. 2d 227, 233 (S.D.N.Y. 1999), *aff'd sub nom. Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001).

### A.  Plaintiffs Have Not Pled Mr. Heer Has Minimum Contacts With The Forum

Where, as here, a defendant is not a forum resident (CAC ¶ 90), a court may only exercise specific personal jurisdiction. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014). Plaintiffs must allege facts plausibly suggesting Mr. Heer either "purposefully availed" himself of the U.S. by carrying out some aspect of the alleged misconduct inside the U.S., *Waldman*, 835 F.3d at 337, or "expressly aimed" the alleged misconduct at the U.S., such that "the existence, causation or intent to manipulate" the financial instruments at issue "had its nucleus or focal point" in the U.S., *Sullivan*, 2017 WL 685570 at *44-45. The only forum contacts relevant in this inquiry are those giving rise to Plaintiffs' claimed injuries. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal. S.F. Cty.*, 137 S. Ct. 1773, 1780 (2017). In the context of alleged market manipulation, courts in this district regularly dismiss for lack of specific personal jurisdiction

defendants who are not alleged to have engaged in manipulated trades with any named U.S. plaintiff. *See, e.g.*, *Beach v. Citigroup Alternative Inv. LLC*, No. 12-civ-7717 (PKC), 2014 WL 904650, at *6 (S.D.N.Y. Mar. 7, 2014) ("Contacts with unnamed class members may not be used as a jurisdictional basis, especially before a class has been certified."); *FrontPoint Asian Event Driven Fund, L.P. v. Citibank, N.A.*, 16 Civ. 5263 (AKH), 2017 WL 3600425, at *6-7 (S.D.N.Y. Aug. 18, 2017) (dismissing defendants not plausibly alleged to have transacted with plaintiffs).

As to Mr. Heer, Plaintiffs plead no trades with any Named Plaintiff (or indeed with any U.S. investor), or any other forum contacts related to their alleged injuries, and thus have not carried their burden of alleging specific facts to make a *prima facie* showing of specific personal jurisdiction.

### 1. Plaintiffs Do Not Allege Any Manipulation Occurring Within The United States

Plaintiffs have not alleged Mr. Heer engaged in any misconduct from within the United States. None of the █████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████; *see* S*ullivan*, 2017 WL 685570, at *44 (no purposeful availment where Bloomberg chats concerning defendant were not alleged to have originated or been transmitted by traders located in the U.S. and the location of the relevant trading desks were "not identified"). Though Plaintiffs allege Mr. Heer traveled to New York "on multiple occasions" to "visit with his New York accounts, promote his USD SSA bond trading services, and maintain relationships with his New York-based customers for USD SSA bonds" (CAC ¶ 90), Plaintiffs allege no facts describing any such visits. Nor do Plaintiffs allege Mr. Heer engaged in any conduct related to price fixing while on these trips, as required to make these alleged trips

jurisdictionally relevant. *Laydon v. Bank of Tokyo-Mitsubishi UFJ, Ltd.* ("*Laydon*"), No. 12-civ-3419 (GBD), 2017 WL 1113080, at * 4 (S.D.N.Y. Mar. 10, 2017) ("even assuming a Tullett employee did spend a long weekend in Las Vegas, Nevada with an RBS trader, Plaintiffs plead no facts to support their allegation that the trip was used to plan[] their manipulation"). As Plaintiffs have not alleged that any aspect of Mr. Heer's purported misconduct was carried out within the United States, Plaintiffs have not pled purposeful availment as to Mr. Heer. *Waldman*, 835 F.3d at 343.

### 2. Plaintiffs Do Not Allege Mr. Heer Purposefully Directed Any Alleged Manipulation At The United States

Nor have Plaintiffs plausibly alleged Mr. Heer "expressly aimed" any alleged price fixing activities towards the U.S. so as to create a "substantial connection" with the U.S., as required for specific personal jurisdiction. *In re Platinum and Palladium Antitrust Litig.*, No. 1:14-cv-9391 (GHW), 2017 WL 1169626, at *44 (S.D.N.Y. Mar. 28, 2017). Allegations of in-forum harm, even if foreseeable, do not create a "substantial connection" with the U.S. *Id.* Rather, Plaintiffs must allege facts suggesting the "focal point" or "nucleus" of Mr. Heer's alleged price fixing was the U.S. *Sullivan*, 2017 WL 685570, at *44.

In this case, Plaintiffs do not allege ███████████████████████████
████████████████████████████████████████████████████████████████
███████████; *see Beach*, 2014 WL 904650, at *6 ("Contacts with unnamed class members may not be used as a jurisdictional basis, especially before a class has been certified."). Nor do Plaintiffs allege ████████████████████████████████████████████████████
████████████████████████████████████████████████; *see 7 West 57th St. Realty Co. LLC v. Citigroup, Inc.*, No. 13-civ-981 (PGG), 2015 WL 1514539, at *10 (S.D.N.Y. Mar. 31, 2015) (no jurisdiction where no facts suggesting defendant's forum-directed



conduct "has any connection with the injury suffered by [plaintiff]"). Courts in this district regularly dismiss defendants even upon allegations of more substantial U.S. activity. *See, e.g.*, *Sullivan*, 2017 WL 685570, at *46-49 (Euribor manipulation not expressly aimed at U.S. despite alleged trades of derivatives with two named plaintiffs, U.S. investors); *Laydon*, 2017 WL 1113080, at *6 (Euroyen TIBOR not expressly aimed at U.S. despite U.S. counterparties).

Plaintiffs attempt to remedy the lack of allegations suggesting purposeful direction by claiming that ██████████████████████ allegedly made over the eleven year Class Period suggest ████████████████████ Neither characterization is plausible based on the facts alleged.

Plaintiffs allege that in one instance during the Class Period, ████████████
████████████████████████████████████████████████████████████████████
██████████████████ Plaintiffs stretch ████████████████████████████████
████████████████████████████████████████████████████████████████████
██████████████████████████ *Id.* ████████████████████████████████████
████████████████████████████████████████████████████████
██████ "[T]he Court is not obligated to draw unreasonable inferences in plaintiff's favor." *Rivoli v. Gannett Co.*, 327 F. Supp. 2d 233, 239 (W.D.N.Y. 2004). Such a "generalized, ambiguous statement" cannot reasonably justify the exercise of personal jurisdiction. *FrontPoint*, 2017 WL 3600425, at *5; *see also In re Zinc Antitrust Litig.*, 155 F. Supp. 3d 337, 375 (S.D.N.Y. 2016) (rejecting "vague" emails where their "meaning and relevance to" the relevant market was "speculative"). Furthermore, Plaintiffs make no allegations about anything
████████████████████████████████████████████████████████████████

██████████ Plaintiffs seem to have included this ████████████████████

█████

██████ Plaintiffs also allege █████████████████████████████

███████████████████████████████████████████████

██████████████ Plaintiffs do not contend █████████████████████

██████████████████████████████████████████

██████████████ Plaintiffs claim this ██████████████████████

███████████████████████████████████████████

████████████ but Plaintiffs do not allege ████████████████████

████████████████████████████ ████████████████████

█████████████████████████████████████████████████████

████ only underscores the lack of allegations establishing that Mr. Heer's purported price fixing

"target[ed]" the U.S.  *See, e.g.*, *FrontPoint*, 2017 WL 3600425, at *7 (global trading not

"expressly aimed" at U.S. where there were "no allegations that the Foreign Defendants singled

out the United States as their target"); *Waldman*, 835 F.3d at 343.

Even accepting Plaintiffs' implausible characterizations of these ████████

██████████ suggests the U.S. was a nucleus or focal point of Mr. Heer's purported

misconduct, given that (1) there is no allegation that ███████ involved any price fixing of

USD SSA bonds,[3] *see 7 W. 57th St. Realty*, 2015 WL 1514539, at *10 (only "suit-related"

conduct may supply minimum contacts with forum); (2) ██████████████ do not

---

[3] Plaintiffs do not allege ████████████████████████████████████

████████████████████████████ ██████████████

plausibly suggest the "existence, causation or intent to manipulate" SSA bonds on the part of Mr. Heer "had its nucleus or focal point in the United States," *Sullivan*, 2017 WL 685570, at *45; and (3) there is no allegation of contacts with the Named Plaintiffs, *Beach*, 2014 WL 904650, at *6 ("Contacts with unnamed class members may not be used as a jurisdictional basis, especially before a class has been certified.").  Courts in this district have found jurisdiction insufficiently pled even upon less vague, attenuated links to the U.S.  *See, e.g.*, *Laydon*, 2017 WL 1113080, at *5 (admission that trader "knew that some of the counterparties that could be affected were located in the United States" did not create "substantial connection" with the U.S.).

Without specific facts tying Mr. Heer to the United States, Plaintiffs attempt to rely on conclusory allegations that "lack the factual specificity necessary to confer jurisdiction."[4] *Jazini*, 148 F.3d at 185; *see also Megna v. Biocomp Labs. Inc.*, 166 F. Supp. 3d 493, 500 (S.D.N.Y. 2016) (allegation that defendant "direct[ed] substantial and continuous activities at the residents of New York" was conclusory).  Plaintiffs also make undifferentiated allegations of "Defendants'" conduct (*see, e.g.*, CAC ¶¶ 24-27, 321, 323-324, ███████, which amount to the type of group pleading that courts in this district routinely find unacceptable.  *See Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12-civ-2837 (KBF), 2012 WL 6082387, at

---

[4] *See, e.g.*, CAC ¶¶ 24-27 (alleging the conspiracy "was directed at, and had the intended effect of, causing injury to persons residing in" the U.S. and "had the intended effect of, causing injury" in the U.S.).  In addition, Plaintiffs' conclusory allegations of alleged "harm" in the forum are insufficient for the independent reason that "foreseeability" of in-forum harm "has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." *Laydon*, 2017 WL 1113080, at *5.  Rather, pleading purposeful direction requires "facts demonstrating that the [] manipulation was done with the express aim of causing an effect in" the forum. *7 West 57th St. Realty*, 2015 WL 1514539, at *11.

*5-6 (S.D.N.Y. Dec. 3, 2012) *aff'd*, 530 F. App'x 19 (2d Cir. 2013).[5]  Such allegations do not suffice to support personal jurisdiction.

### 3. Personal Jurisdiction Cannot Be Established Through a Theory of Conspiracy Jurisdiction

Plaintiffs also attempt to plead personal jurisdiction over Mr. Heer by pointing to his purported co-conspirators' alleged contacts with the forum under a theory of conspiracy jurisdiction.  (CAC ¶¶ 24-27.)  As an initial matter, "courts in this District have come to question the propriety of the conspiracy theory of personal jurisdiction," *In re N. Sea Brent Crude Oil Futures Litig.*, No. 13-md-02475 (ALC), 2017 WL 2535731, at *9 (S.D.N.Y. June 8, 2017) (collecting cases), and properly reject "conspiracy" allegations as a substitute for a minimum contacts analysis for specific jurisdiction.  *See*, *e.g.*, *In re Aluminum Warehousing Antitrust Litig.*, 90 F. Supp. 3d 219, 227, 231-32 (S.D.N.Y. 2015) ("[T]here really is no separate doctrine supporting '*conspiracy jurisdiction*,' and so jurisdiction is either appropriate under existing jurisdictional principles, or it is not.").  Furthermore, to the extent Plaintiffs seek to assert this theory, Plaintiffs may not take advantage of Rule 4(k)(2)'s nationwide contacts test.  *Id*. at 227.

Even assuming arguendo this theory remains viable, Plaintiffs must plead facts plausibly suggesting Mr. Heer (a) was aware of the effects in New York of his activity, (b) the activity of Mr. Heer's purported co-conspirators in New York was to his benefit, and (c) the purported co-conspirators acting in New York acted at Mr. Heer's direction or control.  *In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 805 (S.D.N.Y. 2005).  Plaintiffs also must "make a prima facie showing of conspiracy" and "allege specific facts warranting the

---

[5] Absent specific allegations against particular Defendants, Plaintiffs do not "afford each defendant adequate notice of the factual allegations it faces." *Ochre LLC*, 2012 WL 6082387 at *5; *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (requiring "specification of [] particular activities by [] particular defendant[s]").

inference that defendant was a member of the conspiracy" to plead conspiracy jurisdiction. (*Id*.) Here, Plaintiffs allege no facts suggesting ████████████████████████████████████████ ████████████████████████████████████████████████████ Thus, Plaintiffs allege no direction or control over any alleged actions by these purported co-conspirators in New York. (*Id*.) Nor do Plaintiffs plausibly allege the existence of a conspiracy, or that Mr. Heer participated in it (*see infra* Section II). Without more, Plaintiffs rely on conclusory allegations of conspiracy as to Mr. Heer, which are insufficient to support personal jurisdiction. *See In re LIBOR-Based Fin. Instruments Antitrust Litig.* ("*LIBOR*"), No. 11-mdl-2262 (NRB), 2016 WL 7378980, at *11-12 (S.D.N.Y. Dec. 20, 2016).

**B. Due Process Requirements Establish That Personal Jurisdiction over Mr. Heer Would Be Unreasonable**

Even if Mr. Heer had minimum contacts with the U.S., asserting jurisdiction over him would still be improper because due process "protects a person without meaningful ties to the forum state from being subjected to binding judgments within its jurisdiction." *Metro. Life Ins. Co.*, 84 F.3d at 567. In assessing the reasonableness of exercising personal jurisdiction, courts look to "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the [plaintiffs'] interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Id*. at 568. A weaker showing of minimum contacts requires a stronger showing of reasonableness. *Gmurzynska v. Hutton*, 257 F. Supp. 2d 621, 628 (S.D.N.Y. 2003), *aff'd*, 355 F.3d 206 (2d Cir. 2004). "[W]hen a court bases personal jurisdiction on effects in a state caused by acts done elsewhere, it must proceed with caution, particularly in an international context." *Id*. at 627.

In this case, Mr. Heer is a foreign resident with no meaningful connection to New York. Plaintiffs allege Mr. Heer lives and works in the United Kingdom (CAC ¶ 90), and do not plausibly allege any suit-related visits to New York. The burden on Mr. Heer, a man with no alleged ties to New York and no alleged experience in navigating the U.S. legal system, of being pulled into a foreign tribunal is undoubtedly harsh, while Plaintiffs have a limited interest in seeking relief in New York, as no Named Plaintiff resides there. (CAC ¶¶ 28-29.) Nor is New York the most efficient forum to adjudicate Plaintiffs' claims, as most witnesses are likely abroad, including all the Individual Defendant traders who are based in London. (*Id*. ¶¶ 88-93.) Thus, it would not be reasonable to assert personal jurisdiction over Mr. Heer.

## II. Plaintiffs Do Not State A Claim As To Mr. Heer

To state a claim under Section 1 of the Sherman Act, a plaintiff must make allegations that plausibly suggest that each defendant "actually joined and participated in the conspiracy," *Concord Assocs., L.P. v. Entm't Properties Tr.*, 12-civ-1667 (ER), 2014 WL 1396524, at *23 (S.D.N.Y. Apr. 9, 2014) (Ramos, J.), *aff'd*, 817 F.3d 46 (2d Cir. 2016), by being "consciously committed to a common scheme designed to achieve an unlawful objective," *Virgin Atl.*, 257 F.3d at 263. The "crucial question" is "whether the challenged conduct" by a defendant "stems from independent decision or from an agreement" to fix prices. *Mayor & City Council of Baltimore, Md.*, 709 F.3d at 135.

To support a claim of price fixing, a plaintiff may "assert direct evidence that the defendants entered into an agreement in violation of the antitrust laws" or "alternatively, present circumstantial facts supporting the inference that a conspiracy existed," such as parallel pricing. *Id.* at 136. In this case, the few allegations pertaining to Mr. Heer in the one-hundred and forty-nine page Complaint allege neither direct evidence nor circumstantial facts plausibly tying Mr. Heer to any alleged price fixing conspiracy in USD SSA bond trading.

**A. Plaintiffs Allege No Direct Evidence of Mr. Heer's Participation In The Alleged Conspiracy**

Factual allegations purporting to plead "direct evidence" of a conspiracy must be so "explicit" as to "require[] no inferences to establish the proposition or conclusion being asserted." *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 225 (3d Cir. 2011); *see also In re Interest Rate Swaps Antitrust Litig.*, 261 F. Supp. 3d 438 (S.D.N.Y. 2017) (rejecting allegations that were "inferential, rather than explicit" as direct evidence of conspiracy). Here, Plaintiffs allege that ███████████████████ between Mr. Heer and other traders, selected from ███████████████████, comprise "direct evidence" of Mr. Heer's participation in an alleged price fixing conspiracy. (CAC ¶¶ 5, ████████████████████[6] However, Plaintiffs do not allege ███████████████████████ ███████████████[7] ████████████████████████████ ████████████████████████████ ████████████████████ Nor do Plaintiffs allege any instance in which an

_____

[6] Plaintiffs also allege ████████████████████████ ███████████████████████████████ ████████████████

[7] For example, Plaintiffs claim ███████████████ ████████████████████████████ ████████████████████████████ ████████████████████████ Furthermore, ██████████ should be dismissed as conclusory because ████████████████████████ ████████████████ and Plaintiffs ████████████████████████ ████████████████████████

16

actual market manipulation in fact occurred.  This does not amount to "direct evidence" of the

alleged conspiracy.  ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████ *IHS Dialysis Inc.*, 2013

WL 1309737, at *9 (dismissing Sherman Act Section 1 claim where complaint "neither aver[s]

nor substantiate[s] conspiratorial activity").[8]  Rather, Plaintiffs' "direct evidence" is in fact

comprised of ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████ plausibly suggests Mr. Heer

participated in a price fixing conspiracy.

### 1.  Lack of Coordination with Other Traders

To plausibly state a claim against a particular defendant, a plaintiff must allege

facts that "suggest that there was no independence of action between Defendants."  *Merced*

*Irrigation Dist. v. Barclays Bank PLC*, 165 F. Supp. 3d 122, 139 (S.D.N.Y. 2016),

*reconsideration denied*, 178 F. Supp. 3d 181.  Here, Plaintiffs' allegations as to Mr. Heer

contradict their claim that Mr. Heer participated in a price fixing conspiracy.  One of the ████

---

[8] Plaintiffs' reliance on ████████████████ without any further allegations of actions taken is especially problematic as Plaintiffs' own allegations ████████████████████████████████████ ████████████████████████████████████



███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████, while

another ████ alleges ████████████████████████████ ████████

████ ── █████████████████████[9] Such allegations of course do not "suggest

that there was no independence of action." *Merced Irrigation Dist.*, 165 F. Supp. 3d at 139; *see*

*also Cascades Comp. Innovation LLC v. RPX Corp.*, No. 12-cv-01143 (YGR), 2013 WL 316023,

at *7 (N.D. Cal. Jan. 24, 2013) ██████████████████████████████

███████████████████████████████████████████

Plaintiffs cite other ████ to claim the traders engaged in concerted action, but

these only ███████████████████████████████████████████████

███████████████████████████████████████

█████████████████ █████████████████████████████ For

example, Plaintiffs allege ██████████████████████████████████████

█████████████████████████████████████████████

█████████████████ Plaintiffs allege no ████████████████████████

███████████████████████████████████████████████████

████████████; *Superior Offshore Int'l*, 738 F. Supp. 2d at 515-16 (conspiracy implausible

_____

[9] As part of their allegations against Mr. Heer ████████████████████████████████ ███

████████████████████████████████████████████████████████ ███

The Court need not accept Plaintiffs' conclusory, speculative allegation ██████████ ███

████████████████████████████████████████████

where "[n]one of the[] statements tends to exclude the possibility" defendants acted

"independently").  Even accepting Plaintiffs' implausible characterizations, such allegations

would only describe ███████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████

### 2. Discussion of Independent Responses to Market Conditions

Plaintiffs also cite a number of ████████████████████████████

████████████████████████████████████ Allegations of such

███████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████; *see also*

*Cinema Vill. Cinemart*, 2016 WL 5719790, at *2 ("Because Section 1 does not prohibit [all]

unreasonable restraints of trade . . . but only restraints effected by a contract, combination, or

conspiracy, the crucial question is whether a plaintiff plausibly alleges anticompetitive conduct

stemming from an agreement").  For example:



- Plaintiffs claim ████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████ Notably, Plaintiffs do
not allege ████████████████████████████████████

- Plaintiffs allege ████████████████████████████████
████████████ Plaintiffs again claim ████████████████
███████████████████████████████████████████████
████ *See LaFlamme*, 702 F. Supp. 2d at 152 (rejecting allegations of conduct
that was "not of the type that would probably not result from independent

responses to common stimuli" and where there were "discernible reason[s] aside from collusion that plausibly could have instigated independent decisions").[10]

Indeed, that Mr. Heer and other traders, applying their individual experience and expertise in the SSA bond market, would sometimes ████████████████████████████████ ████████████████████████ is to be expected given that they were all responding to the same market forces. ████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████

### 3. Observations from Interdealer Trading Screens

Plaintiffs also sensationally claim ████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████ █ ████████████████

---

[10] Though Plaintiffs allege ████████████████████████████████ ████████████████████████████████

[11] Though Plaintiffs allege ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████

█████████ Plaintiffs do not allege any facts ████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ *see also* Joint

Merits Br. at 30-32.[12]  Indeed, given that the traders were "market makers" responsible for

"provid[ing] liquidity . . . by being willing to buy and sell SSA bonds" (CAC ¶ 109), and who

needed to trade with each other to "hedge the risk on their books" (*id.* ¶ 116), ████████

████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████[13]

As the allegations as to Mr. Heer do not suggest an intent to fix bond prices, and

in fact affirmatively illustrate ██████████████████████████████████, Plaintiffs have

_____

[12] Plaintiffs also allege ████████████████████████████████████████████████████
████████████████████████████ Though Plaintiffs claim ████████████████████████████
████████████████████████████████████████████████████████

[13] Plaintiffs also allege ████████████████████████████████████████████████████
████████████████████████████████████ Plaintiffs fail to tie this in any meaningful
way to the alleged conspiracy.  To the contrary, ████████████████████████████████
████████████████████████████ the legal practice of "provid[ing] liquidity or . . .being willing to buy
and sell SSA bonds" (*id.* ¶ 109)█████████████████████████████████████████████

not plausibly alleged Mr. Heer was engaged in any price fixing scheme. *In re Zinc Antitrust Litig.*, 155 F. Supp. 3d at 375 (dismissing complaint where "[t]here are simply not enough dots to connect to draw a plausible picture of an agreement.").

**B. Plaintiffs Do Not Allege Circumstantial Evidence of Mr. Heer's Participation In The Alleged Conspiracy**

Plaintiffs have also failed to plead "circumstantial evidence" of the alleged conspiracy, namely "parallel conduct" accompanied by "plus factors" such as "a common motive to conspire." *Mayor & City Council of Baltimore, Md.*, 709 F.3d at 136. As an initial matter, Plaintiffs allege no "parallel conduct" as to Mr. Heer because Plaintiffs do not allege ▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉

Plaintiffs also do not plausibly allege any "plus factors." *Mayor & City Council of Baltimore, Md.*, 709 F.3d at 136. Though Plaintiffs allege Mr. Heer had a motive to collude with his co-defendants to ensure the prices quoted to investors were more favorable to dealers (CAC ¶ 123), this theory fails to account for the traders' status as market makers, charged with "provid[ing] liquidity . . . by being willing to buy and sell SSA bonds" (*id*. ¶ 109), and who needed to continuously trade even with one another to "hedge risk" (*id*. ¶ 116). Where, as here, traders would continuously find themselves on both sides of the market, "it is harder to infer a conspiracy from ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Furthermore, Plaintiffs allege no facts suggesting the purported cartel members would have overlapping interests regarding which direction the price of a particular bond should be moved at any given time.

*Sonterra*, 2017 WL 4250480, at *19 ("With no consistent preference between a higher and a lower CHF LIBOR rate, plaintiffs fail to explain why it is plausible to think that defendants would consistently share a preference at any given time, particularly over the course of a decade, and why one defendant's interests might not be adverse to another's."). Nor have Plaintiffs plausibly alleged any feasible mechanism for Mr. Heer to collude to widen bid-ask spreads for particular bonds through the ████████████████████████ Mr. Heer was purportedly involved in. Indeed, Plaintiffs have not plausibly alleged any instances in which Mr. Heer and another trader were asked for quotes by the same customer. *See Bilinski v. Keith Haring Found., Inc.*, 96 F. Supp. 3d 35, 44 (S.D.N.Y. 2015) (conspiracy implausible where "the plaintiffs have not stated in a non-conclusory fashion any facts indicating what benefit [defendants] derive" from participating in the alleged conspiracy); *Kramer v. Pollock-Krasner Found.*, 890 F. Supp. 250, 256 (S.D.N.Y. 1995) ("Even assuming a monopoly market were established, plaintiff does not contend that the auction houses would benefit"). Moreover, Plaintiffs do not articulate why two traders' coordinated pricing would not be undercut by other traders in the market—both those not alleged to be part of the cartel, and any purported cartel members who were not parties to the bilateral chats allegedly coordinating pricing. *Universal Grading Serv. v. eBay, Inc.*, No. C-09-2755 RMW, 2012 WL 70644, at *5 (N.D. Cal. Jan. 9, 2012), *aff'd sub nom. Universal Grading Serv., LLC v. eBay, Inc.*, 563 F. App'x 571 (9th Cir. 2014) (conspiracy implausible where "arrangement described by plaintiffs strikes the court as anything but easy").

Finally, Plaintiffs allege no facts supplying a rational profit motive for Mr. Heer specifically to participate in the alleged conspiracy. Unlike instances where a group of traders share a common incentive to manipulate the market in a way that allows all alleged co-

conspirators to directly profit, Plaintiffs' theory only permits profits for a single trader, as

Plaintiffs allege no facts suggesting multiple traders could and did split the 

Furthermore, Plaintiffs do not allege a single instance in which Mr. Heer profited

from a manipulatively priced trade facilitated by other purported cartel members.  Allegations of

do not plausibly suggest the existence of an unlawful agreement "since both parties

must have a unity of purpose or a common design and understanding, or a meeting of minds in

an unlawful arrangement."  *Merced Irrigation Dist.*, 165 F. Supp. 3d at 138.

## <u>CONCLUSION</u>

For the foregoing reasons the Complaint should be dismissed as against Mr. Heer with

prejudice.

Dated: December 12, 2017
New York, New York

Respectfully Submitted,

Derek A. Cohen
William J. Harrington
Lauren A. Bowman
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, New York 10018
Telephone: (212)813-8800
Fax:(212)355-3333
dcohen@goodwinlaw.com
wharrington@goodwinlaw.com
lbowman@goodwinlaw.com

*Attorneys for Defendant Bhardeep Heer*

## CERTIFICATE OF SERVICE

I, Lauren Bowman, Esq., hereby certify that today, December 12, 2017, I have caused Bhardeep

Heer's Notice of His Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim to

be filed electronically through the Court's Electronic Case Filing system, and notice has been sent

through the ECF system to all counsel of record. I further certify that today, December 12, 2017, I have

caused the Memorandum of Law In Support of Bhardeep Heer's Motion to Dismiss for Lack of Personal

Jurisdiction and Failure to State a Claim to be filed under seal with the Clerk of Court, and a copy of the

Memorandum of Law to be served by email on all counsel of record.


Dated: December 12, 2017

New York, New York

Respectfully Submitted,

**GOODWIN PROCTER, LLP**

By: _____
Lauren Bowman

620 Eighth Ave
New York, NY 10018
Tel: 212.459.7228
Fax: 212.355.3333
lbowman@goodwinlaw.com

*Attorney for Defendant Bhardeep Heer*