UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>SSA BONDS ANTITRUST LITIGATION<br><br>*This Document Relates To All Actions* | 1:16-cv-03711-ER<br><br>ORAL ARGUMENT REQUESTED |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THE CITI DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM**

## PRELIMINARY STATEMENT

The Amended Complaint is Plaintiffs' third attempt to articulate a plausible conspiracy theory. Plaintiffs' first complaint failed to name any Citi entity or Citi employee as a Defendant of, or participant in, the alleged conspiracy.[1] In fact, while seeking appointment, Interim Co-Lead Class Counsel represented that, after conducting a full investigation for nearly a year, including "interviewing former SSA bond traders and other confidential sources and refining [their] economic analysis to determine the duration, breadth, and effectiveness of the conspiracy," they were not naming any Citi entity as a defendant. Dkt. No. 64, at 3, 8. In the Consolidated Complaint, Plaintiffs reversed course and added the Citi Defendants based on only a handful of implausible and conclusory allegations surrounding three chats involving a single SSA bond trader, Gary McDonald, who joined CGML in London in 2010 (five years into the purported conspiracy).[2] Now, in their third attempt, as to the Citi Defendants, Plaintiffs offer nothing but more of the same implausible and conclusory allegations concerning Mr. McDonald. Plaintiffs also add totally unrelated allegations pertaining to ████████████████████ ████████████████████████████████████████████████████████████████████

---

[1] Citigroup Inc., Citibank, N.A., Citigroup Global Markets Inc. and Citigroup Global Markets Limited ("CGML") (collectively, "Citi Defendants") join in and incorporate by reference the Memorandum of Law in Support of Dealer Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim, dated December 12, 2017 (the "Joint Merits Brief"). CGML joins the Memorandum of Law in Support of Foreign Dealer Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint for Lack of Personal Jurisdiction and Improper Venue, dated December 12, 2017 (the "Joint PJ Brief").

[2] Plaintiffs allege that Mr. McDonald "has been employed by Citigroup since September 2010." Am. Compl. ¶ 49. In fact, as demonstrated in the declarations supporting the PJ Motion, CGML is the only Citi entity that has ever employed Mr. McDonald. *See* Decl. of Matt Jerman ("Jerman Decl.") ¶ 5; Declaration of Gary McDonald in Support of His Motion to Dismiss the Consolidated Amended Class Action Complaint for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction and Failure to State a Claim, dated December 11, 2017 ("McDonald Declaration") ¶ 2.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Plaintiffs still fall far short of plausibly alleging that the Citi Defendants participated in any conspiracy.

## ARGUMENT

### I. PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE THAT THE CITI DEFENDANTS PARTICIPATED IN ANY CONSPIRACY

"A § 1 complaint must adequately allege the plausible involvement of *each* defendant and put defendants on notice of the claims against them." *Hinds Cty., Miss. v. Wachovia Bank N.A.*, 790 F. Supp. 2d 106, 115 (S.D.N.Y. 2011) (emphasis added); *see also* Joint Merits Brief § I.B. Plaintiffs' limited allegations as to the Citi Defendants fail to establish that any of them "actually joined and participated in the conspiracy," *Concord Assocs., L.P. v. Entm't Props. Tr.*, No. 12 Civ. 1667 (ER), 2014 WL 1396524, at *23 (S.D.N.Y. Apr. 9, 2014), *aff'd*, 817 F.3d 46 (2d Cir. 2016) (citation omitted).

    A. <u>No Citi Defendant Employee was ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬</u>

While Plaintiffs have failed to plausibly allege any conspiracy among the Defendants (*see generally* Joint Merits Brief), the Amended Complaint is particularly deficient as to the Citi Defendants. Within the context of a 149-page Amended Complaint based upon a purported conspiracy ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ it is striking that Plaintiffs fail to allege that: (i) any Citi Defendant employee ▬▬▬▬▬▬▬▬▬▬▬▬ (ii) any Citi Defendant employee ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (iii) any Citi Defendant employee ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (iv) any Citi Defendant employee ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ or (v) any Citi Defendant employee ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

2

Beyond these omissions, the Amended Complaint even includes affirmative allegations that make clear that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiffs allege that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ There is no mention of Mr. McDonald or any other Citi Defendant employee. Indeed, Plaintiffs do not cite any communications in which any Citi Defendant employee is referenced ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

B. <u>Plaintiffs Fail to Connect Mr. McDonald to the Alleged Conspiracy</u>

Plaintiffs continue to assert that the Citi Defendants were involved in the alleged global conspiracy based primarily on a handful of communications involving or mentioning Mr. McDonald. But Plaintiffs' allegations relate solely to communications in which ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Further, Plaintiffs continue to mischaracterize ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[3]

As to the majority of these communications, Plaintiffs allege only that they show ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Am. Compl. ¶¶ 266-68; 272-73; 277-78; 351-53. In fact, to the extent these communications have any relevance, they demonstrate that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In many of these alleged communications, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[3] To avoid duplication, the Citi Defendants incorporate by reference the discussion of individual chats of Mr. McDonald during his time at CGML, set forth in the Memorandum of Law in Support of Defendant Gary McDonald's Motion to Dismiss the Consolidated Amended Class Action Complaint for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction and Failure to State a Claim, dated December 12, 2017 (the "McDonald Brief").

███████████████████████████ *See id.* at ¶¶ 266-68; 272-73.[4] At best, the communications suggest that ████████████████████████████████████████████████████████████████████████████████████████████████████████ In any event, ████████████████████████████████████████████ that can neither form the basis for a per se violation of Section 1 of the Sherman Act, nor give rise to a plausible inference of conspiracy here. *See* Joint Merits Brief § I.B.2; McDonald Brief § I.B.

Plaintiffs cite only three communications that they allege show conduct ████████████████████████████████████████████████████.[5] First, Plaintiffs cite a chat from ██████████████████████████████ which Plaintiffs claim establishes that ████████████████████████████████████████████████████████ Am. Compl. ¶ 10. But the plain text of this

---

[4] ████████████████████████████████████████████████████████████████████████████████████ Am. Compl. ¶ 178.

[5] Citi Defendants attach certain chats in full for the Court's consideration. In "determining the adequacy of the complaint" on a Rule 12(b)(6) motion, "the court may consider any written instrument...incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint." *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005). A document is incorporated by reference when a complaint makes a "clear, definite and substantial reference" to that document. *Am. Auto. Ins. Co. v. Rest Assured Alarm Sys., Inc.*, 786 F. Supp. 2d 798, 803 (S.D.N.Y. 2011) (citation omitted). The attached chats are both relied upon and "integral" to the Complaint because the Complaint "relies heavily upon [their] terms and effect." *Int'l Audiotext Network, Inc. v. AT&T Co.*, 62 F.3d 69, 72 (2d Cir. 1995). Further, if, as here, "a plaintiff has selectively introduced material in the complaint but has omitted critical portions of the documents, the defendant is allowed to introduce the full text of the material for the court's consideration." *In re Hunter Envtl. Servs., Inc. Sec. Litig.*, 921 F. Supp. 914, 917–18 (D. Conn. 1996). "[I]f the allegations of a complaint are contradicted by documents made a part thereof, the document controls and the court need not accept as true the allegations of the complaint." *Barnum v. Millbrook Care Ltd. P'ship*, 850 F. Supp. 1227, 1232–33 (S.D.N.Y.), *aff'd*, 43 F.3d 1458 (2d Cir. 1994).

chat shows only that ████████████████████████████████████████
████████████ See Ex. 1, Decl. of Paul M. Eckles ("Eckles Decl.") at 2 ████████████
████████████████████████████████████████████████████████████
████████████████████████████████████ In fact, the chat makes
clear that ███████████████████████████████████████ Id.
████████████████████████████████████████████████████████████
██████████████████████ There is simply no way to plausibly infer from this ████
████████████████████████████████████████████████████████ a
global conspiracy to fix the prices of USD SSA Bonds.

Plaintiffs also cite a communication between ████████████████████
████████████ in which Plaintiffs allege that ████████████████████
██████████████████████████████ according to Plaintiffs,
████████████████████████████████ Am. Compl. ¶¶ 208-09. Plaintiffs
contend that █████████████████████████████████████████
████████████████████████ Id. According to the chat itself, ████████████
████████████████████████████ Ex. 2, Eckles Decl. at 2 ████████
████████████████████████████████████████████████████████████
██████████████████████████████ Id. ████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████ Id. This chat shows nothing
more than ██████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

5

███ *Id.* The chat offers no basis for Plaintiffs' inference that ████████████████████████████████████████████████████████████████

████

Third and finally, Plaintiffs allege that, █████████████████████████████

████████████████████████████████████████████████████████████████

████████████████ Am. Compl. ¶¶ 168-69. Plaintiffs' allegations about this communication consist exclusively of █████████████████████████████ ██████████████████████████████████████████ Plaintiffs do not allege that ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ *See id.* ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

C. <u>Plaintiffs Fail to Connect ███ to the Alleged Conspiracy</u>

Plaintiffs' allegations pertaining to ███ should be seen for what they are: a desperate and misleading attempt to cure the deficiencies in their allegations relating to the Citi Defendants. As an initial matter, █████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████.[6]

---

[6] As reflected in the papers supporting CGML's personal jurisdiction motion, ████████ ████████████████████████████████████████████████████████████ ████████████████████ *See* Decl. of Thomas Reich ("Reich Decl.") ¶ 3. ████████ ████████████████████████████████████████████████████████████ ████

6

Plaintiffs also fail even to attempt to connect ███████████████████████
████████████████████████████████████ Plaintiffs cite four chats
████████████ none of which shows any communication ████████████
████████████████████████ *See* Am. Compl. ¶¶ 139, 156, 219-21, 223. Rather, these
chats show only that ████████████████████████████████████████
Plaintiffs do not even allege that ████████████████████████[7] Plaintiffs also
fail to even attempt to connect ████████████████████████████████
████████████████████████████████ Nor is there any allegation that any conduct alleged
by ████████████████████████ Further, Plaintiffs do not allege that ███
████████████████████████████████████████████████████████████████
████████████ Thus, even accepting Plaintiffs' mischaracterizations of the cited chats involving
████████ they are irrelevant as ████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

## II. PLAINTIFFS FAIL TO MAKE WELL-PLED ALLEGATIONS AS TO EACH OF THE CITI DEFENDANTS

The Complaint also should be dismissed as to the Citi Defendants because it relies on impermissible "group pleading," instead of setting forth non-conclusory allegations establishing that each defendant individually participated in the purported conspiracy. *See* Joint Merits Brief, § I.C. This "group pleading" is especially significant as to the Citi Defendants because *all* of the allegations against them relate to either an individual employee of CGML—which is not subject to personal jurisdiction—or to a trader Plaintiffs fail to allege was ever employed by any Citi

---

[7] The only allegation relating to ████████████████████████████████
████████████████████████ Am. Compl. ¶ 156. But Plaintiffs do not allege that this
is a reference to ████████████████

7

Defendant. *See* Joint PJ Brief, §§ I-II. Mr. McDonald, the trader whose conduct forms the primary basis of Plaintiffs' allegations against Citi, is employed by CGML. *See* Jerman Decl. ¶ 5. ███████████████████████████████████████████ *See* Reich Decl. ¶ 2. The complete lack of substantive allegations as to Citigroup, CBNA or CGMI is fatal to the claims against them. *See Concord Assocs., L.P.*, 2014 WL 1396524, at *26 (finding no basis to disregard the separate corporate forms of the entities to impute the alleged anticompetitive actions of the subsidiary to the parent corporation).

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed with prejudice in its entirety against the Citi Defendants.

Dated: December 12, 2017
New York, New York

Respectfully submitted,

/s/ Jay B. Kasner

Jay B. Kasner
Paul M. Eckles
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Fax: (212) 735-2000
jay.kasner@skadden.com
paul.eckles@skadden.com

*Attorneys for Defendants Citigroup Inc.,
Citibank N.A., Citigroup Global Markets Inc.,
and Citigroup Global Markets Limited*