UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |  |
|---|---|
| IN RE:<br><br>SSA BONDS ANTITRUST LITIGATION<br><br>*This Document Relates to All Actions* | 1:16-cv-03711-ER |

**SUPPLEMENTAL MEMORANDUM OF LAW OF THE TD ENTITIES
IN SUPPORT OF THEIR MOTION TO DISMISS
THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Defendants The Toronto-Dominion Bank, TD Securities Limited, and TD Securities (USA) LLC (the "TD Entities" or "TD") respectfully submit this supplemental memorandum of law in support of their motion to dismiss the Consolidated Amended Class Action Complaint (the "Complaint"), to address the specific allegations against the TD Entities.[1]

**PRELIMINARY STATEMENT**

As set forth in the Joint Merits Brief, Plaintiffs' allegation of a sprawling global conspiracy among all Defendants constituting an SSA bonds "super desk" is not plausible. Plaintiffs' assertion that the TD Entities joined such a conspiracy—based on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—stretches beyond implausibility to mere conjecture. As discussed below, none of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ evidences any restraint of trade or the existence of an SSA bonds "super desk." Plaintiffs' scant allegations against the TD Entities are therefore wholly insufficient to state a claim under the antitrust laws.

---

[1] The TD Entities join in and incorporate by reference the Memorandum of Law in Support of Dealer Defendants' Motion to Dismiss the Consolidated Amended Consolidated Class Action Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim, dated December 12, 2017 (the "Joint Merits Brief").

## ARGUMENT

**I. PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE THAT THE TD ENTITIES PARTICIPATED IN THE PURPORTED CONSPIRACY.**

Where an antitrust complaint names multiple defendants, a plaintiff must "make allegations that plausibly suggest that *each* Defendant participated in the alleged conspiracy." Hinds Cty., Miss. v. Wachovia Bank N.A., 620 F. Supp. 2d 499, 513 (S.D.N.Y. 2009) (emphasis added; internal quotation marks omitted). Courts regularly dismiss claims against a defendant whose alleged participation in a conspiracy or fraud is implausible, even when (unlike in the present case) claims against other defendants may be plausible. See, e.g., Hinds Cty., Miss. v. Wachovia Bank N.A., 708 F. Supp. 2d 348, 359 (S.D.N.Y. 2010); In re London Silver Fixing, Ltd., Antitrust Litig., 213 F. Supp. 3d 530, 575 (S.D.N.Y. 2016).

Plaintiffs reference only ████████████ as a basis for their claim that the TD Entities joined a ten-year conspiracy to manipulate hundreds of bonds across the SSA market.[2] The allegations against TD come nowhere near to providing "enough facts to 'nudge [Plaintiffs'] claims [against TD] across the line from conceivable to plausible.'" In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The allegations suffer from multiple legal deficiencies, the principal ones summarized in the chart and discussed in further detail below:

---

[2] Plaintiffs allege ████████████████████████ in connection with their flawed attempt to demonstrate personal jurisdiction over The Toronto-Dominion Bank and TD Securities Limited (Compl. ¶¶ 390-394), which fails for the reasons described in the Memorandum of Law in Support of Foreign Dealer Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint for Lack of Personal Jurisdiction and Improper Venue, dated December 12, 2017. ████████████████████████████████████████████████████████████████████████

2

| Compl. ¶ | Alleged Topic of Communication | Principal Deficiency of Allegation |
|---|---|---|
| ■ | ■ | ■ |
| ■ | ■ | Improperly Flawed Inference |
| ■ | ■ | ■ |
| ■ | ■ | Improperly Flawed Inference |
| ■ | ■ | ■ |
| ■ | ■ | ■ |
| ■ | ■ | ■ |

■: Several of the ■ ■ For example, Plaintiffs allege that ■ ■

■ But Plaintiffs do not allege that ■ ■ ■ ■—rendering implausible Plaintiffs' suggestion that ■

Likewise, Plaintiffs allege that on ■ ■

---

[3] At the outset, the allegation is implausible given that ■ ■

3

███████████████████████████████████, but Plaintiffs assert only that ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████)—not that ████████████████████████████ Such ███████████████████ do not in any way constitute an actionable restraint of trade.

**Improperly Flawed Inferences:** Plaintiffs' interpretations of several of the ████ ████████████ are premised on flawed inferences or conclusory allegations, rendering them implausible. For instance, Plaintiffs allege that ████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████ Plaintiffs do not claim that ████████████████████ ██████████, and they offer no basis for their conclusion that the ████████████████ ██████████, which alone renders implausible their allegation that ████████████ ████████████████████████████████████ Moreover, █ ████████████████████████████████████████████████████████████████████ ████████████████ which by Plaintiffs' own description refers to ████████████ ████████████████████████. Plaintiffs make no attempt to explain why ████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████or why TD's alleged █████████████████████ constituted an actionable restraint of trade.

Similarly, Plaintiffs allege that ████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████Plaintiffs do

not allege how or why ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Plaintiffs' conclusory assertions that ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are entitled to no weight, ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and are also

conspicuously devoid of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[4] At bottom, Plaintiffs do not allege that ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which does not create any inference

(let alone a plausible one) that the TD Entities were part of a conspiracy to restrain trade.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The remaining TD-specific allegations merely reflect the

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

For example, Plaintiffs allege that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiffs do not claim that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮,

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[4] Plaintiffs' characterization differs significantly from the characterization ▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████

███████████████████████████████

Similarly, Plaintiffs' allegation that ███████████████████████

███████████████████████████████████████

█ raises no antitrust concerns. Plaintiffs assert that ███████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████ Plaintiffs claim that the

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████ Moreover, Plaintiffs cannot even

establish a plausible connection between ███████████████████████

███████████████████████████████████████

████████████████████ Nor do Plaintiffs allege that TD ███████████

███████████████████████████

Plaintiffs' allegations about ████████████████████████

███████████████████████████████████████

███████████████████████ fare no better. In addition to being ███████████

6

████████, Plaintiffs do not allege that ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████ Plaintiffs also fail to explain how ██████

████████████████████████████████████████████████████████████████████████████████████████

could have any effect, let alone an anticompetitive effect, on ██████████████████

\*   \*   \*

In sum, Plaintiffs' fanciful interpretation of the ████████████████████ cannot substitute for the "factual amplification [that] is needed to render a claim plausible." <u>Turkmen v. Ashcroft</u>, 589 F.3d 542, 546 (2d Cir. 2009) (internal quotation marks omitted). Plaintiffs' allegations do not create any inference, let alone a plausible one, that the TD Entities were part of the wide-ranging conspiracy alleged in the Complaint, and accordingly the claims against the TD Entities should be dismissed for failure to state a claim.[5]

---

[5] The claims against the TD Entities should also be dismissed for improper "group" pleading, as Plaintiffs cannot assert claims against a corporate group of entities without providing notice as to what each named entity purportedly did to warrant inclusion as a defendant. <u>In re Zinc Antitrust Litig.</u>, 155 F. Supp. 3d 337, 384 (S.D.N.Y. 2016) ("[E]ach defendant is entitled to know how he is alleged to have conspired, with whom and for what purpose . . . . The fact that two separate legal entities may have a corporate affiliation—perhaps owned by the same holding company—does not alter this pleading requirement . . . . [T]his means that grouping multiple defendants who are affiliated together with a single name (e.g. 'Goldman', 'JPMorgan' or 'Glencore' to encompass affiliated trading and warehouse operations [ ]) for pleading purposes does not resolve this larger issue. Plaintiffs must be able to separately state a claim against each and every defendant joined in this lawsuit."); <u>In re TFT-LCD (Flat Panel) Antitrust Litig.</u>, 586 F. Supp. 2d 1109, 1117 (N.D. Cal. 2008) ("general allegations as to all defendants, to 'Japanese defendants,' or to a single corporate entity such as 'Hitachi' is insufficient to put specific defendants on notice of the claims against them"); <u>see</u> Joint Merits Br. at 40-42.

## CONCLUSION

For the foregoing reasons, the claims against the TD Entities should be dismissed with prejudice.

Dated: New York, New York
December 12, 2017

Respectfully Submitted,

DAVIS POLK & WARDWELL LLP

By: /s/ James H.R. Windels

Joel M. Cohen
James H.R. Windels
Bryan McArdle
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
joel.cohen@davispolk.com
james.windels@davispolk.com
bryan.mcardle@davispolk.com

*Attorneys for Defendants The Toronto-Dominion Bank, TD Securities Limited, and TD Securities (USA) LLC*