UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

SSA BONDS ANTITRUST LITIGATION

*This Document Relates To All Actions*

Case No. 16-cv-03711-ER

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THE BARCLAYS DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendants Barclays Bank PLC ("BBPLC"), Barclays Capital Inc. ("BCI"), Barclays Services Limited ("BSL") and Barclays Capital Securities Limited ("BCSL") (collectively, the "Barclays Defendants") respectfully submit this supplemental memorandum of law in further support of the Dealer Defendants' Joint Motion To Dismiss the Consolidated Amended Class Action Complaint. In short, the Consolidated Amended Class Action Complaint (the "Complaint") does not contain any plausible allegation that any of the Barclays Defendants participated in an alleged unlawful conspiracy, or engaged in conduct that would otherwise violate the Sherman Act.[1] The complete failure to plead such facts provides an additional and independent reason why the Complaint should be dismissed as to the Barclays Defendants.

**PRELIMINARY STATEMENT**

It is axiomatic that a well-pled complaint must allege that the defendant has in some way violated the law. Yet, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] The Barclays Defendants join the Memorandum of Law in Support of Dealer Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim, dated December 12, 2017 (the "Joint Merits Brief"). BBPLC, BSL and BCSL also join the Memorandum of Law in Support of Foreign Dealer Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint for Lack of Personal Jurisdiction and Improper Venue, dated December 12, 2017 (the "Joint PJ Brief" and, together with the Joint Merits Brief, the "Joint Briefs"). Capitalized terms not defined herein shall have the same meaning as set forth in the Joint Merits Brief. All citations to " ¶ __ " reference the Complaint.

████████████████████████████████ plaintiffs have failed to allege any unlawful activity by the Barclays Defendants.

Plaintiffs base their entire case against the Barclays Defendants on: ████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████ These allegations do not come close to supporting plaintiffs' claim that any of the Barclays Defendants were part of an eleven-year global conspiracy, involving more than 30 different institutions, to "fix prices and restrain competition" on all SSA bond transactions. ¶¶ 1, 404, 418. Indeed, the allegations show nothing of the sort as plaintiffs fail to plead any facts plausibly suggesting the Barclays Defendants entered into any unlawful agreement, coordinated bidding, or otherwise manipulated prices on a single SSA bond transaction, let alone "every" transaction worldwide for more than a decade. ¶ 20. There is no justification for nonetheless permitting plaintiffs to pursue a claim against the Barclays Defendants, and subjecting these parties to years of costly litigation. For these reasons, and the reasons set forth in the Joint Briefs, the claim against the Barclays Defendants should be dismissed.

## ARGUMENT

To state a claim under Section 1 of the Sherman Act, a complaint must allege facts that "plausibly suggest that *each* Defendant participated in the alleged conspiracy." *Hinds Cty., Miss. v. Wachovia Bank N.A.,* 620 F. Supp. 2d 499, 513 (S.D.N.Y. 2009) (emphasis added); *Concord Assocs., L.P. v. Entm't Props. Trust,* No. 12 CIV. 1667 (ER), 2014 WL 1396524, at *22-23 (S.D.N.Y. Apr. 9, 2014), *aff'd,* 817 F.3d 46 (2d Cir. 2016) (same). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007)).

Here, the allegations in the Complaint are insufficient to support any reasonable inference that the Barclays Defendants "purposefully joined and participated in" an illegal conspiracy. *Concord Assocs.,* 2014 WL 1396524, at *23. Stripping away the generic allegations that ███████████ ████████ ████████████ plaintiffs are left with ████████████████████████████████████████████████████████████████████ ████████████████████████████████████.[2] None of the ████ allegations is sufficient to state a claim against any of the Barclays Defendants.

First, the Complaint alleges that ████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ There is no suggestion the Barclays Defendants ██ ████████ ██████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ To the contrary, the Complaint itself makes clear that ████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████ ██[4]

---

[2] The Complaint alleges that ████████████████████████████████████████████████. While ████ is alleged to have been registered and/or acting on behalf of the three London-based Barclays Defendants (BBPLC, BSL, BCSL), he has no alleged affiliation with BCI in New York. ¶¶ 38-41. Consequently, allegations involving ████████ cannot be attributed to BCI. *See* Joint Merits Br. at 41-43.

[3] Not only does this allegation fail to support any claims against the Barclays Defendants, it appears to undermine plaintiffs' theory against all Defendants. The Complaint demonstrates that ████████████████████████████████████████████████████████████████████████████████. This fact directly contradicts plaintiffs' entire theory that ████████████████████████████████████████████████████████████████████

3

Perhaps recognizing that this alleged exchange fails to describe illegal conduct, plaintiffs baldly categorize this communication as ███████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
█████████.

Second, the Complaint alleges that ████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
██████████████████████████████████ While plaintiffs conclusorily allege that
████████████████████████████████████████████████████████████████████████████
█████████████████████████████, these generic allegations are without factual support in the Complaint and ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████.

Finally, the Complaint cites ██████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████ Plaintiffs' vague allegation that ███████████
████████████████████████████████████████████████████████████████████████████

█████████████████████ does not support a claim of conspiracy. There is no allegation that █████████████ ██████████████████████████ █████████████████████████████████████████████████ █████████████████████████████████████.

Likewise, the Complaint further alleges that ████████████████████ ███████████████████████████████████████. Again, there is no indication that █████ ████████████████████████████████ ██████████████ ███████ ████████████████████████████ █████████████████████████████████ Moreover, there is no allegation that █████ █████████████████████████████████████. ████████████ certainly do not make out a claim that ████████ or Barclays engaged in a conspiracy to manipulate SSA bond prices in these instances, let alone all SSA bond transactions for over a decade. With respect to ████████ ████████████████████ ██████████████, ████████████████████████████████████████ █████████████████████████.[5]

It is telling that plaintiffs filed more than a dozen previous complaints since May 2016 without naming any of the Barclays Defendants. In the absence of an adequate factual basis for their claim, plaintiffs now allege nothing more than ████████████████████ █████████████████████████████████████████████████ █████████████████████████████████████████████████ ████████████████████████████████████ ████████████ █████████████████████████████████████████████████ ███████████████████████████████ This style of pleading is

---

[5] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

5

fundamentally insufficient and the claims against the Barclays Defendants should be dismissed in their entirety. *See, e.g., Concord Assocs.,* 2014 WL 1396524, at *22-26 (dismissing antitrust claim where complaint failed to plausibly suggest defendants agreed to or participated in the alleged conspiracy); *Hinds Cty. Miss v. Wachovia Bank N.A.,* 708 F. Supp. 2d 348, 359 (S.D.N.Y. 2010) (dismissing Sherman Act claim against defendant due to plaintiff's failure to allege "sufficient facts connecting [defendant] to the allegedly collusive conduct").

## CONCLUSION

For the foregoing reasons, and those cited in the Joint Briefs, the claim against all of the Barclays Defendants should be dismissed with prejudice.

Dated: December 12, 2017
      New York, New York

Respectfully submitted,

/s/ Barry G. Sher
Barry G. Sher
Anthony Antonelli
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Fax: (212) 319-4090
barrysher@paulhastings.com
anthonyantonelli@paulhastings.com

C. Scott Hataway (*pro hac vice to be filed*)
PAUL HASTINGS LLP
875 15th Street N.W.
Washington, D.C. 20005
Telephone: (202) 551-1731
Facsimile: (202) 551-0431
scotthataway@paulhastings.com

*Counsel for Defendants Barclays Bank PLC, Barclays Capital Inc., Barclays Services Limited, and Barclays Capital Securities Limited*