# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re SSA BONDS ANTITRUST LITIGATION | x<br>:<br>: | Civil Action No. 1:16-cv-03711-ER<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | :<br>:<br>:<br>:<br>:<br>x | STIPULATION AND AGREEMENT OF SETTLEMENT WITH HSBC SECURITIES (USA), INC. AND HSBC BANK PLC |

# Table of Contents

I.  RECITALS ...................................................................................................1

II. TERMS OF SETTLEMENT AND AGREEMENT OF SETTLEMENT .........................3

    1.  Definitions ..............................................................................................3

    2.  CAFA Notice ........................................................................................12

    3.  The Settlement .....................................................................................12

        A.  The Settlement Fund.....................................................................12

        B.  The Escrow Agent ........................................................................13

    4.  Preliminary Settlement Approval and Fairness Hearing .........................14

    5.  Settlement Class Certification ................................................................15

    6.  Dismissals, Releases, and Covenants Not to Sue by Class Plaintiffs and the Settlement Class Members.............................................................19

    7.  Fee and Expense Application .................................................................21

    8.  Notice and Administrative Costs and Administration of the Settlement.............22

    9.  Taxes....................................................................................................25

    10. Conditions of Settlement and Effect of Disapproval, Cancellation, or Termination........................................................................................27

    11. Bar Order and Judgment Reduction ......................................................31

    12. Reservation of Class Members' Rights Against Other Defendants.....................31

    13. Good Faith Efforts to Effectuate This Settlement Agreement.............................32

    14. Cooperation..........................................................................................32

    15. Miscellaneous ......................................................................................36

This Stipulation and Agreement of Settlement ("Stipulation" or "Agreement") is made and entered into on December 20, 2018 ("Execution Date"), between (i) on the one hand, Alaska Department of Revenue, Treasury Division, Alaska Permanent Fund Corporation, and Iron Workers Pension Plan of Western Pennsylvania (collectively, "Class Plaintiffs"), for themselves individually and on behalf of all Settlement Class Members as defined herein, and, (ii) on the other hand, HSBC Securities (USA), Inc. and HSBC Bank plc (collectively, "HSBC" or "Settling Defendant"), by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the Southern District of New York.  Class Plaintiffs and Settling Defendant are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof, and subject to the approval of the Court.  Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Section II.1 below.

## I.    RECITALS

WHEREAS, beginning on or about May 18, 2016, 14 putative class actions ("Related Actions") were filed against Settling Defendant and other Defendants.

WHEREAS, on August 22, 2016, the Court ordered that the Related Actions, together with any additional complaints containing substantially similar allegations, be consolidated under Docket No. 16-cv-03711 and captioned "In re SSA Bonds Antitrust Ligation" ("Action").

WHEREAS, on December 22, 2016, the Court appointed Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as interim co-lead counsel ("Co-Lead Counsel");

WHEREAS, on November 3, 2017, class plaintiffs filed a Consolidated Amended Class Action Complaint against Defendants asserting claims under Section 1 of the Sherman Act;

WHEREAS, on August 24, 2018, the Court granted Defendants' motions to dismiss the Consolidated Amended Class Action Complaint, but granted class plaintiffs leave to replead;

WHEREAS, on November 6, 2018, Class Plaintiffs filed their Second Consolidated Class Action Complaint against Defendants asserting claims under Section 1 of the Sherman Act;

WHEREAS, the deadline for Defendants to move to dismiss or otherwise respond to the Second Consolidated Class Action Complaint is December 21, 2018;

WHEREAS, Settling Defendant denies each and all of the claims and allegations of wrongdoing made in the Action and all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action;

WHEREAS, Co-Lead Counsel concluded, after due investigation and after carefully considering the relevant circumstances, that:  (1) it is in the best interest of the Settlement Class to enter into this Agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected herein, including the value of the Settlement Amount to be paid by Settling Defendant under this Agreement, are obtained for the Settlement Class; and (2) the Settlement set forth in this Agreement is fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23 and in the best interests of the Settlement Class;

WHEREAS, Settling Defendant, while denying that it has any liability for the claims asserted against it in the Action, and believing that it has good defenses to those claims, but recognizing that continued litigation of the Action is likely to be extraordinarily expensive and time-consuming for it, has agreed to enter into this Agreement to avoid the further expense, inconvenience, risk and distraction of burdensome and protracted litigation, and thereby to put fully to rest with finality this controversy by obtaining complete dismissal of the Second

Consolidated Class Action Complaint as to Settling Defendant and a release by Settlement Class Members of all Released Claims;

WHEREAS, this Agreement is the product of arm's-length negotiations between Co-Lead Counsel and Settling Defendant's Counsel, and this Agreement embodies all of the terms and conditions of the Settlement agreed upon between Settling Defendant and Class Plaintiffs, both for themselves individually and on behalf of the Settlement Class and each member thereof;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Class Plaintiffs (for themselves individually and on behalf of the Settlement Class and each member thereof), and Settling Defendant, by and through their counsel of record, that in consideration of the covenants, terms, releases, and benefits flowing to the Parties from the Settlement set forth in this Agreement and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Released Claims shall be finally and fully settled, compromised, and released as to all Released Parties, and the Action shall be settled, compromised, and dismissed with prejudice as to Settling Defendant and the other Released Parties, without costs, except as stated herein, and releases and covenants not to sue be extended, as set forth in this Agreement.

## II.    TERMS OF SETTLEMENT AND AGREEMENT OF SETTLEMENT

### 1.    Definitions

As used in this Agreement, the following capitalized terms have the meanings specified below:

1.1    "Action" means *In re SSA Bonds Antitrust Ligation*, No. 16-cv-03711, which is currently pending in the United States District Court for the Southern District of New York, and includes all actions filed in or transferred to the United States District Court for the Southern

District of New York and consolidated thereunder and all actions that may be so transferred and/or consolidated in the future.

    1.2     "Agreement" or "Stipulation" means this Stipulation and Agreement of Settlement, together with any exhibits attached thereto, which are incorporated by reference herein.

    1.3     "Authorized Claimant" means any Settlement Class Member who will be entitled to a distribution from the Net Settlement Fund pursuant to a plan of distribution ultimately approved by the Court.

    1.4     "Claims Administrator" means a qualified administrator selected by Co-Lead Counsel, and consented to by Settling Defendant, which shall not unreasonably withhold such consent.

    1.5     "Class Plaintiffs" means Alaska Department of Revenue, Treasury Division, Alaska Permanent Fund Corporation, and Iron Workers Pension Plan of Western Pennsylvania.

    1.6     "Co-Lead Counsel" means Quinn Emanuel Urquhart & Sullivan, LLP and Robbins Geller Rudman & Dowd LLP.

    1.7     "Court" means the United States District Court for the Southern District of New York.

    1.8     "Defendants" means Bank of America, N.A., Bank of America Merrill Lynch International Limited, Merrill Lynch International, Merrill Lynch, Pierce, Fenner & Smith Inc., Barclays Bank plc, Barclays Capital Inc., Barclays Services Limited, Barclays Capital Securities Limited, BNP Paribas S.A., BNP Paribas Securities Corp., Citigroup Inc., Citibank N.A., Citigroup Global Markets Inc., Citigroup Global Markets Limited, Crédit Agricole Corporate and Investment Bank, Credit Suisse AG, Credit Suisse Securities (USA) LLC, Credit Suisse

Securities (Europe) Ltd., Credit Suisse International, Deutsche Bank AG, Deutsche Bank

Securities Inc., HSBC Securities (USA) Inc., HSBC Bank plc, Nomura Securities International,

Inc., Nomura International plc, Royal Bank of Canada, RBC Capital Markets, LLC f/k/a RBC

Capital Markets Corp., RBC Europe Limited, The Toronto-Dominion Bank, TD Securities

(USA) LLC, Hiren Gudka, Bhardeep Singh Heer, Amandeep Singh Manku, Gary McDonald and

Shailen Pau; and any other Person or Persons who are named as defendants in the Action at any

time up to and including the date the Preliminary Approval Order is entered. "Dealer

Defendants" means all of the foregoing entity defendants, exclusive of the Individual

Defendants. "Individual Defendants" means defendants Gudka, Heer, Manku, McDonald and

Pau.

      1.9      "Effective Date" or "Effective Date of Settlement" means the first business day

following the date the Final Judgment and Order of Dismissal has become final and

unappealable, either because (i) the prescribed time for commencing any appeal has expired and

no appeal has been filed; or (ii) an appeal has been filed and either (1) the appeal has been

dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (2)

the order has been affirmed in its entirety and the prescribed time, if any, for commencing any

further appeal has expired. For purposes of this Paragraph, an appeal includes appeals as of

right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or

mandamus, and any other proceedings of like kind whether by affirmance on or exhaustion of

any possible appeal or review, writ of certiorari, lapse of time, or otherwise. The finality of the

Final Judgment and Order of Dismissal shall not be affected by any appeal or other proceeding

regarding solely the Fee and Expense Application, the Fee and Expense Award, and/or any Plan

of Allocation.

1.10    "Employee Benefit Plan" means any employee benefit plan within the meaning of Section 3 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* (2014).

1.11    "Escrow Account" means the account controlled by the Escrow Agent into which the Settlement Amount shall be deposited by or on behalf of Settling Defendant.

1.12    "Escrow Agent" means a qualified escrow agent selected by Co-Lead Counsel.

1.13    "Fairness Hearing" means the hearing to be held by the Court to determine whether the settlement set forth in this Agreement shall receive final approval pursuant to Fed. R. Civ. P. 23.

1.14    "Fee and Expense Application" has the meaning given to it in Paragraph 7.1.

1.15    "Fee and Expense Award" has the meaning given to it in Paragraph 7.1.

1.16    "Final Judgment and Order of Dismissal" means the order of the Court finally approving the Settlement set forth in this Agreement and dismissing the claims of Class Plaintiffs and all Settlement Class Members against Settling Defendant, which is to be identical in all material respects to the form attached hereto as Exhibit B or as modified by agreement of the Parties.

1.17    "Final Order Date" means the date the Court enters the Final Judgment and Order of Dismissal.

1.18    "Investment Vehicles" means any investment company or pooled investment fund, including, but not limited to:  (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which a Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but of which a Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest, and

(ii) any Employee Benefit Plan as to which a Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary; provided, however, that any Claim Form submitted by an Investment Vehicle shall be limited to transactions made on behalf of or for the benefit of Persons other than Persons that are excluded from the Settlement Class by definition.

1.19    "Materiality Threshold" is defined in Paragraph 10.2(a).

1.20    "Mediator" is defined in Paragraph 10.2(a).

1.21    "Net Settlement Fund" means the Settlement Fund less:  (i) the amount of the Fee and Expense Award, if any, allowed by the Court; (ii) Settlement Class Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court.

1.22    "Notice" means the notice of proposed settlement of class action to be sent to Settlement Class Members in a manner acceptable to the Parties and approved by the Court.

1.23    "Parties" means Settling Defendant and Class Plaintiffs.

1.24    "Person" means a natural person, individual, corporation, partnership, limited partnership, association, pension fund, mutual fund, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, beneficiaries, trustees, or assignees, and any other entity on behalf of whom the person has a legal right to make or release a claim.

1.25    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund pursuant to which the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Agreement, and the Released Parties shall have no responsibility or liability with respect to the Plan of Allocation.

1.26   "Preliminary Approval Order" means an order of the Court that is in all material respects substantially the same as the form attached hereto as Exhibit A, and which preliminarily approves the settlement set forth in this Agreement and directs Settlement Class Notice thereof to the Settlement Class.

1.27   "Released Claims" means any and all manner of claims, including Unknown Claims, causes of action, cross-claims, counter-claims, controversies, charges, liabilities, losses, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind, nature, or description whatsoever (however denominated), whether class, representative, individual or otherwise in nature, in law or equity or arising under any constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, interest, attorneys' fees, damages, or other payment of money, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, accrued or unaccrued, foreseen or unforeseen, matured or unmatured, suspected or unsuspected, asserted or unasserted, choate or inchoate, liquidated or not liquidated, fixed or contingent, direct or derivative which the Releasing Parties ever had, now have, or hereafter can, shall or may have, representatively, derivatively, or in any other capacity, against the Released Parties that arise from or relate to the factual predicate of the Action or any amended complaint or pleading therein, from the beginning of time until the Effective Date.  Notwithstanding the foregoing, the "Released Claims" (as that term is defined in this paragraph) as to Amandeep Singh Manku are limited to those arising out of conduct or acts undertaken by Mr. Manku in connection with or during his employment at HSBC.

1.28   "Released Parties" means Settling Defendant and all of its respective past or present, direct and indirect corporate parents (including holding companies), subsidiaries, related

entities and affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, joint ventures, predecessors, successors, and all of their respective past, present, or future officers, directors, partners, managing directors, employees, agents, contractors, attorneys, legal or other representatives, trustees, trusts, heirs, beneficiaries, estates, executors, administrators, insurers, shareholders, advisors, and assigns. Notwithstanding the foregoing, Mr. Manku is one of the "Released Parties" (as that term is defined in this paragraph) only as to the Released Claims set forth in paragraph 1.27.

 1.29 "Releasing Parties" means individually and collectively each Settlement Class Member, on behalf of themselves and any of their respective past or present officers, directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, regardless of whether the Settlement Class Member objects to the settlement and regardless of whether the Settlement Class Member submits any claim for payment or receives any such payment pursuant to any claims process that may be established and approved by the Court.  In the case of a Settlement Class Member that is an Employee Benefit Plan (or a fiduciary acting on behalf of an Employee Benefit Plan), the terms of this Agreement shall bind the Employee Benefit Plan and all Persons who may have any claim by reason of their relationship with the Employee Benefit Plan, including all of its fiduciaries, beneficiaries and participants.

 1.30 "Request for Exclusion" is defined in Paragraph 4.1.

 1.31 "Second Consolidated Class Action Complaint" means the Second Consolidated Class Action Complaint filed in the Action on November 6, 2018, or any further amended complaint filed in this Action.

1.32   "Settlement" means the settlement and related terms between the Parties as set forth in this Agreement.

1.33   "Settlement Amount" means the sum of USD 30,000,000.

1.34   "Settlement Class" has the meaning given to it in Paragraph 5.1.

1.35   "Settlement Class Member" means a Person who falls within the definition of the Settlement Class and has not timely and validly excluded himself, herself, or itself from the Settlement Class in accordance with the procedures established by the Court.

1.36   "Settlement Class Notice" means, collectively, the Notice and Summary Notice.

1.37   "Settlement Class Notice and Administration Expenses" means the fees and expenses reasonably and actually incurred in connection with providing Settlement Class Notice, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing proof of claim and release forms, and paying escrow fees and costs, if any.

1.38   "Settlement Class Period" means the period January 1, 2009 to the date of the Preliminary Approval Order.

1.39   "Settlement Disclosure Documents" is defined in Paragraph 14.1.

1.40   "Settlement Fund" means the Settlement Amount, together with all interest and income earned thereon after being transferred to the Escrow Account.

1.41   "Settling Defendant" or "HSBC" refers to, collectively, HSBC Securities (USA), Inc. and HSBC Bank plc.

1.42   "Settling Defendant's Counsel" means Mayer Brown LLP, at the address listed in the signature block below.

1.43    "Settling Defendant's Claims" means all claims, including Unknown Claims, that Settling Defendant may have against any Class Plaintiffs and Co-Lead Counsel relating to the investigation, initiation, prosecution, or settlement of the Action, except for claims to enforce any terms of this Agreement and any order of the Court related to this Agreement.

1.44    "SSA Bonds" refers to any and all supranational, sovereign, sub-sovereign, governmental, quasi-governmental, and agency bonds or debt instruments regardless of the structure, currency, or credit quality.  The term "SSA Bonds" excludes bonds issued by sovereign nations in the sovereign's domestic currency, including, but not limited to, U.S. Treasury bonds or U.K. gilts.  If Co-Lead Counsel broadens the definition of SSA Bonds in an amended complaint, the term "SSA Bonds" in this Agreement shall incorporate by reference the broader definition.

1.45    "SSA Bond Transaction" means any purchase, sale, trade, assignment, novation, unwind, termination, or other exercise of rights or options with respect to any SSA Bond.

1.46    "Summary Notice" means the summary notice of proposed settlement and hearing for publication acceptable to the Parties and approved by the Court.

1.47    "Taxes" has the meaning given to it in Paragraph 9.4.

1.48    "Tax Expenses" has the meaning given to it in Paragraph 9.4.

1.49    "Termination Notice" has the meaning given to it in Paragraph 10.1.

1.50    "Unknown Claims" means any and all Released Claims against the Released Parties which a Releasing Party does not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by the Releasing Party might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims against any and all Released Parties, the Parties stipulate and agree that, by operation of the Final

Judgment and Order of Dismissal, upon the Effective Date, Releasing Parties shall have expressly waived, and each Settlement Class Member shall be deemed to have waived, and by operation of the Final Judgment and Order of Dismissal shall have expressly waived, the provisions, rights and benefits of Cal. Civ. Code § 1542 or any federal, state or foreign law, rule, regulation or common-law doctrine that is similar, comparable, equivalent or identical to, or that has the effect in whole or part of, Section 1542 of the California Civil Code, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

### 2. CAFA Notice

2.1    Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) days after the Settlement Agreement is filed with the Court, Settling Defendant, at its own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to such notice pursuant to CAFA.

### 3. The Settlement

#### A. The Settlement Fund

3.1    Settling Defendant shall pay or cause to be paid the Settlement Amount by wire transfer into the Escrow Account controlled by the Escrow Agent within fourteen (14) days of the Court's entry of the Preliminary Approval Order, provided that the time by which Settling Defendant must pay into the Escrow Account does not begin to run until Co-Lead Counsel has provided Settling Defendant with such information as Settling Defendant may require to complete the wire transfer.

3.2     Class Plaintiffs shall have the right, but not the obligation, to terminate the Agreement after the failure of Settling Defendant to timely pay the Settlement Amount in accordance with Paragraph 3.1, if Settling Defendant fails to cure such failure within ten (10) business days of receiving a written notice from Co-Lead Counsel demanding such cure.

3.3     Except as required by Paragraph 3.1 concerning payment of the Settlement Amount, and except as provided in Paragraph 10.4 concerning refund upon termination of the Settlement, Settling Defendant shall have no responsibility for any other costs, including any attorneys' fees and expenses, Settlement Class Notice and Administration Expenses, or any Taxes or tax-related costs, but all such fees, expenses, and costs shall be paid from the Settlement Fund, as approved by the Court.

3.4     The Settlement is non-recapture, *i.e.*, it is not a claims-made settlement, and except as provided in Section 10, upon the final approval of the Settlement, Settling Defendant shall not have any right to the return of the Settlement monies.  The Settlement claims process will be administered by an independent Claims Administrator.

**B.     The Escrow Agent**

3.5     The Escrow Agent shall invest the Settlement Amount deposited pursuant to Paragraph 3.1 in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this Paragraph shall be borne by the Settlement Fund.

3.6     Neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to any losses suffered by, or fluctuations in the value of, the Settlement Fund.

3.7     The Escrow Agent shall not disburse the Settlement Fund except:  (a) as provided in the Stipulation; (b) by an order of the Court; or (c) with the written agreement of counsel for the Parties.

3.8     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent or any transaction executed by the Escrow Agent.

3.9     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed in their entirety in accordance with Section 8.

**4.      Preliminary Settlement Approval and Fairness Hearing**

4.1     Co-Lead Counsel shall submit the Stipulation to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation.  Though the Parties agree that it is not practical to establish a timeline or to create the detailed contents of a Notice at this time, the eventual Notice, to also be approved by the Court in the Notice Order prior to distribution, will set forth a summary of the terms of the Stipulation (including a description of the Released Claims), the proposed Plan of Allocation and Co-Lead Counsel's request for attorneys' fees, costs and expenses; the date and time of the Fairness Hearing; the right to object to the Settlement, proposed Plan of Allocation, or request for fees and expenses; the right to appear at the Fairness Hearing; and the right to request exclusion ("Request for Exclusion") from the Settlement Class.

4.2     It shall be the Claims Administrator's responsibility, under supervision of Co-Lead Counsel, to disseminate the Settlement Class Notice in accordance with this Stipulation and as ordered by the Court.  Settlement Class Members shall have no recourse as to the Released Parties, Settling Defendant's Counsel, Class Plaintiffs, and Co-Lead Counsel with respect to any claims they may have that arise from any failure of the notice process.

4.3     Co-Lead Counsel shall request that after Settlement Class Notice is given to the Settlement Class, the Court hold a hearing (the "Fairness Hearing") and approve the Settlement of the Action as set forth herein.  At or after the Fairness Hearing, Co-Lead Counsel also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Award (as defined in Paragraph 7.1).

**5.     Settlement Class Certification**

5.1     The Class Plaintiffs will seek, and Settling Defendant shall not oppose, the Court's certification of a class for settlement purposes only (the "Settlement Class") pursuant to Fed. R. Civ. P. 23(b)(3), which Settlement Class as to Settling Defendant shall be defined as follows:

> All persons or entities who, from January 1, 2009 to the date of the Preliminary Approval Order, entered into an SSA bond transaction with a Defendant; a direct or indirect parent, subsidiary, affiliate, or division of a Defendant; a Released Party; or an alleged co-conspirator, where such Persons were either domiciled in the United States or its territories or, if domiciled outside of the United States or its territories, entered into an SSA bond transaction in the United States or its territories or that otherwise involved United States trade or commerce.  Excluded from the Settlement Class are Defendants, their alleged co-conspirators identified herein, and their officers, directors, management, employees, current subsidiaries or affiliates, and all federal governmental entities; provided, however, that Investment Vehicles shall not be excluded from the definition of the Settlement Class.

If Co-Lead Counsel broadens the class definition in an amended complaint, the term "Settlement Class" in this Agreement shall incorporate by reference the broader definition.

5.2     The Parties' agreement as to certification of the Settlement Class is only for

purposes of effectuating this Settlement as to Settling Defendant, and for no other purpose.

Settling Defendant retains all of its objections, arguments, and defenses, and reserves all rights to

contest class certification if the Settlement set forth in this Agreement does not receive the

Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Agreement

is terminated as provided herein, or if the Settlement set forth in this Agreement otherwise fails

to proceed for any other reason. The Parties acknowledge that there has been no stipulation to a

class or certification of a class for any purpose other than effectuating the Settlement, and that, if

the Settlement set forth in this Agreement does not receive the Court's final approval, if the

Court's approval is reversed or vacated on appeal, if this Agreement is terminated as provided

herein, or if the Settlement set forth in this Agreement otherwise fails to close for any other

reason, then this Agreement as to certification of the Settlement Class becomes null and void *ab*

*initio*, and neither this Agreement nor any other Settlement-related statement may be cited in

support of an argument for certifying a class related to this proceeding.

5.3     Any Person falling within the definition of the Settlement Class may submit a

Request for Exclusion. A Request for Exclusion must be (i) in writing; (ii) signed by the Person

or his, her, or its authorized representative; (iii) state the name, address, and phone number of

that Person; and (iv) include (a) proof of membership in the Settlement Class and (b) a signed

statement that "I/we hereby request that I/we be excluded from the Settlement Class in the *In re*

*SSA Bonds Antitrust Litigation*." Unless the Court orders otherwise, a Request for Exclusion that

does not include all of the foregoing information, that does not contain the proper signature, that

is sent to an address other than the one designated in the Notice, or that is not sent within the

appropriate deadlines as the Court may allow, shall be invalid, and the Person(s) filing such an

invalid request shall be a Settlement Class Member and shall be bound by the settlement set forth in the Agreement, if approved. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this Paragraph shall be excluded from the Settlement Class, shall have no rights under the Agreement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Agreement. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this Paragraph shall also be excluded from the settlement class with respect to any other settlement agreement with any other Defendant if such settlement has received preliminary approval as of the date the Notice is sent to Settlement Class Members.

5.4     Any Person who has not requested exclusion from the Settlement Class and who objects to the settlement set forth in this Agreement may appear in person or through counsel, at that Person's own expense, at the Fairness Hearing to present any evidence or argument that the Court deems proper and relevant. However, no such Person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such Person shall be received and considered by the Court, unless such Person properly submits a written objection that includes (i) a notice of intention to appear; (ii) proof of membership in the Settlement Class; and (iii) the specific grounds for the objection and any reasons why such Person desires to appear and be heard, as well as all documents or writings that such Person desires the Court to consider. Such written objection must be both filed with the Court no later than fifty (50) days prior to the date set for the Fairness Hearing and mailed to Co-Lead Counsel and Settling Defendant's counsel at the addresses provided in the Notice and postmarked no later than fifty (50) days prior to the date set for the Fairness Hearing. Any Person that fails to object in the manner prescribed herein shall be deemed to have waived his, her, or its objections and will forever be barred from making any

such objections in the Action, unless otherwise excused for good cause shown, as determined by the Court.

5.5    If the Preliminary Approval Order and the Notice are approved by the Court, Co-Lead Counsel shall submit, and Settling Defendant shall support, a motion for entry of a Final Judgment and Order of Dismissal, substantially in the form of Exhibit B attached hereto, that:

(i)    certifies the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3) solely for the purpose of the settlement;

(ii)    approves finally the settlement set forth in this Agreement and its terms as being a fair, reasonable, and adequate settlement as to Settlement Class Members within the meaning of Fed. R. Civ. P. 23 and directing its consummation according to its terms;

(iii)    finds that the Settlement Class Notice constituted due, adequate, and sufficient notice of the settlement set forth in this Agreement and the Fairness Hearing and meets the requirements of due process and the Federal Rules of Civil Procedure;

(iv)    directs that, as to the Released Parties, the Action shall be dismissed with prejudice and, except as provided for in this Agreement, without costs;

(v)    orders that the Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against any Released Party;

(vi)    retains with the Court exclusive jurisdiction over the Settlement and this Agreement, including the administration and consummation of the Settlement; and determines under Fed. R. Civ. P. 54(b) that there is no just reason for delay and directs that the judgment of dismissal as to Settling Defendant shall be final and entered forthwith.

6. **Dismissals, Releases, and Covenants Not to Sue by Class Plaintiffs and the Settlement Class Members**

6.1     Subject to Court approvals, Class Plaintiffs agree, on behalf of themselves and the Settlement Class Members, that this Agreement shall be in full and final disposition of:  (i) the Action against Settling Defendant; and (ii) any and all Released Claims as against all Released Parties.

6.2     Upon final approval of the Settlement reflected in this Agreement, and as part of the entry of the Final Judgment and Order of Dismissal, the Action shall be dismissed with prejudice as to Released Parties.

6.3     The Class Plaintiffs and all Settlement Class Members shall release and shall be deemed to have released all Released Claims against the Released Parties.  In connection therewith, upon the Effective Date, each of the Releasing Parties:  (i) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have, fully, finally, and forever waived, released, relinquished, and discharged to the fullest extent permitted by law all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim; (ii) shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties; and (iii) agrees and covenants not to sue any of the Released Parties with respect to any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related to any Released Claims.

6.4     The Releasing Parties and Released Parties may hereafter discover facts other than or  different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims.  Nevertheless, the Releasing Parties shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member upon the

Effective Date shall be deemed to have and by operation of the Final Judgment and Order of

Dismissal shall have, fully, finally, and forever settled and released, any and all of their

respective Released Claims, whether or not concealed or hidden, without regard to the

subsequent discovery or existence of such different or additional facts.  The Parties acknowledge

that the inclusion of Unknown Claims in the definition of Released Claims was separately

bargained for and was a key element of the Settlement Agreement.

   6.5  Subject to Court approvals, Settling Defendant agrees that this Agreement shall be

in full and final disposition of any and all Settling Defendant's Claims against Class Plaintiffs

and Co-Lead Counsel.  Settling Defendant shall release and shall be deemed to have released all

Settling Defendant's Claims against Class Plaintiffs and Co-Lead Counsel.  In connection

therewith, upon the Effective Date of Settlement, Settling Defendant:  (i) shall be deemed to

have, and by operation of the Final Judgment and Order of Dismissal, shall have fully, finally,

and forever waived, released, relinquished, and discharged to the fullest extent permitted by law

all Settling Defendant's Claims against Class Plaintiffs and Co-Lead Counsel, regardless of

whether Class Plaintiffs execute and deliver a proof of claim; (ii) shall forever be enjoined from

prosecuting in any forum any Settling Defendant's Claim against any Class Plaintiff and Co-

Lead Counsel; and (iii) agrees and covenants not to sue any of the Class Plaintiffs and Co-Lead

Counsel with respect to any Settling Defendant's Claims or to assist any third party in

commencing or maintaining any suit against Class Plaintiffs and Co-Lead Counsel related in any

way to any Settling Defendant's Claims.

   6.6  If, prior to entry of Final Judgment and Order of Dismissal, Class Plaintiffs and/or

Co-Lead Counsel enter into a settlement with another Defendant in the Action that contains

broader releases, applies to a more broadly defined class, or contains other material provisions

               - 20 -

(other than the Settlement Amount) more favorable to that Defendant than those included in

favor of Settling Defendant in this Agreement, and the Court grants approval to such other

settlement including its more favorable terms, the Parties agree that this Agreement shall be

deemed and agreed to be amended solely for purposes of including or mirroring such additional

more favorable terms.

### 7.    Fee and Expense Application

7.1     Co-Lead Counsel may submit an application or applications (the "Fee and

Expense Application") to the Court for distributions to it from the Settlement Fund for:  (a) an

award of attorneys' fees; (b) payment of expenses or charges resulting from the prosecution of

the Action; and (c) any interest on such attorneys' fees and expenses at the same rate and for the

same periods as earned by the Settlement Fund ("Fee and Expense Award").  Neither Settling

Defendant nor the Released Parties shall have any responsibility for, or liability whatsoever with

respect to, any payment of attorneys' fees or expenses to Co-Lead Counsel, or any incentive

awards to Class Plaintiffs, which Co-Lead Counsel and Class Plaintiffs shall seek to have paid

only from the Settlement Fund or from other sources of funds recovered on behalf of the class.

7.2     The Fee and Expense Award shall be paid to Co-Lead Counsel from the

Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees

and expenses, notwithstanding the existence of any appeal or potential for appeal thereof.  Co-

Lead Counsel shall thereafter allocate, subject to the conditions below, the attorneys' fees

amongst other counsel for Plaintiffs in a manner in which it in good faith believes reflects the

contributions of such counsel to the initiation, prosecution and/or resolution of the Action.  In the

event that the Effective Date of the Settlement does not occur, or the Final Judgment and Order

of Dismissal or the Fee and Expense Award is reversed or modified, or the Stipulation is

canceled or terminated for any other reason by a final judgment or order not subject to further

review, and in the event that the Fee and Expense Award has been paid to any extent, then counsel for Plaintiffs shall be severally obligated to repay that portion of the fees and/or expenses that results from the reversal or modification, with the interest earned thereon. Each law firm that serves as counsel to Plaintiffs, as a condition of receiving such fees and expenses, on behalf of itself and each partner, shareholder or member of it, agrees that the law firm and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purposes of enforcing the provisions of this Paragraph.

7.3    Any Fee and Expense Application shall be considered by the Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal of any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Agreement or the Settlement as to Settling Defendant, or affect the finality or binding nature of any of the releases granted hereunder. The Fee and Expense Award shall be paid to Co-Lead Counsel from the Settlement Fund immediately following entry of an order by the Court granting such an award.

**8.    Notice and Administrative Costs and Administration of the Settlement**

8.1    Prior to the Effective Date, the Escrow Agent may pay from the Settlement Fund up to $500,000.00 in Settlement Class Notice and Administration Expenses, Taxes, and Tax Expenses associated with providing Settlement Class Notice to the Settlement Class and the administration of the Settlement pursuant to the terms of the Preliminary Approval Order, including any escrow fees and costs. Payment of any Settlement Class Notice and Administration Expenses, Taxes, and Tax Expenses, escrow fees and costs, exceeding $500,000.00 shall require notice to and agreement from the Settling Defendant, through Settling Defendant's counsel, whose agreement shall not be unreasonably refused. Subsequent to the

Effective Date, without further approval by Settling Defendant or the Court, the Settlement Fund may be used by Lead Counsel to pay all reasonable and necessary Settlement Class Notice and Administration Expenses.  In the event that the Settlement does not become final, any money paid or incurred for the above purposes, including any related fees, shall not be returned or repaid to the Settling Defendant, or their insurers.

8.2     Funds expended pursuant to Paragraph 8.1 for Settlement Class Notice and Administration Expenses are not recoverable if this Settlement is terminated or does not become final.

8.3     Co-Lead Counsel shall use their reasonable best efforts to provide a single Settlement Class Notice to Settlement Class Members of all settlements entered into with the Defendants.

8.4     If there is more than one settlement, the Escrow Agent shall make pro rata disbursements from the Settlement Fund for purposes of paying costs incurred in preparing and providing Settlement Class Notice to the Settlement Class and paying for other administrative expenses.  Settling Defendant's pro rata share shall be calculated as follows:  The Settlement Amount paid by Settling Defendant divided by all settlement amounts paid to or for the benefit of the Settlement Class or its members by all Defendants or their affiliates.

8.5     It is anticipated and understood that Co-Lead Counsel and Class Plaintiffs will eventually seek to establish a claims process pertaining to this Settlement or pertaining to the Action more generally, subject to approval by the Court, pursuant to which Settlement Class Members will seek to be included in distributions of funds recovered on their behalf in the Action.  Any such claims process shall include required submission of a proof of claim form by each Settlement Class Member, which proof of claim form shall include, *inter alia*, an

acknowledgement of, and agreement to, the releases of all Released Claims against all Released

Parties and shall be signed under penalty of perjury by an authorized Person.  Any Settlement

Class Member who does not execute a proof of claim form containing such an acknowledgement

and agreement shall not be permitted to receive any distribution from the Settlement Fund or

otherwise in connection with the Action and will in any event be barred from bringing any action

against the Released Parties concerning the Released Claims.

8.6     Within a reasonable period of time after entry of the Preliminary Approval Order,

Settling Defendant shall provide or cause to be provided to the Claims Administrator a list of

names and addresses of members of the Settlement Class who were counterparties with or

transacted in SSA Bonds with Settling Defendant, to the extent such information is reasonably

available in electronic databases in the possession of Settling Defendant ("Counterparty Lists"),

or shall otherwise arrange to provide notice to those members of the Settlement Class.  Settling

Defendant shall supply to Co-Lead Counsel in electronic format information that may assist in

identifying Settlement Class Members, including names and addresses in its possession, custody

or control, that is reasonably available to it and would not constitute a substantial burden or

expense.  The Counterparty Lists shall be governed by the protective order in effect in the

Action, and if no protective order is in effect, then the Parties shall enter into a confidentiality

agreement to protect the confidentiality of the Counterparty Lists.  The Counterparty Lists shall

be used only for the purposes of facilitating the provision of Notice to Settlement Class Members

and the administration of the Settlement and for no other purpose.  To the extent any further data

or information in Settling Defendant's possession, custody, or control becomes reasonably

necessary to the notice or claims administration process, Settling Defendant shall confer with

Co-Lead Counsel in good faith regarding the potential provision of that data or information.

8.7     Neither Settling Defendant nor the Released Parties shall have any role in, or responsibility or liability to any Person for, the solicitation, review, or evaluation of proofs of claim by Class Plaintiffs, Co-Lead Counsel, or their designated representatives or agents.

8.8     All Settlement Class Members whose claims are not approved shall be barred from any participation in distributions from the Settlement Fund, but otherwise shall be bound by all of the terms of this Agreement and the Settlement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

8.9     All proceedings with respect to the administration, processing, and determination of claims and proof of claims by Settlement Class Members and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

**9.     Taxes**

9.1     The Parties agree that the Settlement Fund is intended to be treated at all times as a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1, and agree not to take any position for Tax purposes inconsistent therewith.

9.2     The Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of Section 9 including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permissible date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing(s) to occur.

9.3     For the purpose of Section 1.468B of the Internal Revenue Code and the Treasury regulations thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund.  The Escrow Agent shall timely and properly file all income, informational, and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)).  Such returns shall be consistent with this Paragraph 9 and in all events shall reflect that all Taxes (as defined below) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

9.4     All:  (i) taxes or other similar imposts or charges (including any estimated taxes, interest, penalties, or additions to tax) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1 (or any relevant equivalent for state tax purposes); (ii) other taxes imposed on or in connection with the Settlement Fund (collectively, "Taxes"); and (iii) expenses and costs incurred in connection with the operation and implementation of Paragraph 9 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described herein ("Tax Expenses")), shall timely be paid out of the Settlement Fund by the Escrow Agent without prior order from the Court.  Taxes shall be treated as, and considered to be, a cost of administration of the Settlement Fund, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Authorized Claimants by the Court any funds necessary to pay such amounts including the establishment of adequate

reserves for any Taxes (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)).  The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Paragraph.

9.5     Neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to:  (i) any act, omission, or determination of the Escrow Agent or any other person, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) any Plan of Allocation; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (v) the payment or withholding of any Taxes and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

10.  **Conditions of Settlement and Effect of Disapproval, Cancellation, or Termination**

10.1     Class Plaintiffs and the Settlement Class Members, through Co-Lead Counsel, and Settling Defendant, through Settling Defendant's Counsel, shall each have the right to terminate this Settlement in each of their separate discretions by providing written notice to the other of an election to do so ("Termination Notice") within 30 days following any of the following events:  (i) the Court enters an order declining to enter the Preliminary Approval Order in any material respect; (ii) the Court enters an order refusing to approve this Agreement or any material part of it; (iii) the Court enters an order declining to enter the Final Judgment and Order of Dismissal in any material respect; or (iv) the Final Judgment and Order of Dismissal is modified or reversed by a court of appeal or any higher court in any material respect.  Settling Defendant shall have no right to seek reimbursement from any Person for the expenses actually

incurred or due and owing for the Settlement Class Notice and Administration Expenses, Taxes, or Tax Expenses.  For the avoidance of doubt, the Court's determination as to the Fee and Expense Application, the Fee and Expense Award, and/or any Plan of Allocation, or any determination on appeal from any such order, shall not provide grounds for termination of this Settlement Agreement or Settlement.

10.2    If, prior to the Fairness Hearing, one or more putative members of the Settlement Class timely submit a Request for Exclusion, the processes set forth in this Paragraph shall apply.  Such persons who timely request exclusion from the Settlement Class with respect to Settling Defendant, shall be excluded from the Settlement Class with respect to all other Defendants.

(a)    Co-Lead Counsel shall provide a list of those Persons, if any, who have filed a Request for Exclusion, together with all such Requests for Exclusion, to Settling Defendant within five (5) business days of the deadline set by the Court for the filing of Requests for Exclusion.  If, after Settling Defendant receives the list of Persons who filed Requests for Exclusion, it decides to request some relief, the Parties shall first meet and confer in good faith. If the Parties are unable to reach agreement and Settling Defendant asserts that the total Requests for Exclusion represent a material portion of transactions during the Settlement Class Period that would be eligible for compensation under the Settlement, and their exclusion would materially reduce the value of the Settlement to Settling Defendant (the "Materiality Threshold"), then Settling Defendant may present the issue of whether the total Requests for Exclusion meet the Materiality Threshold and, if so, the issue of the appropriate remedy to an independent and neutral mediator (the "Mediator") to be selected in good faith by mutual agreement of the Parties and all other Defendant(s) whose settlement agreements are submitted for approval

simultaneously with this Settlement Agreement (the "Additional Settling Defendants"). The Mediator's determinations, which shall be made after a consolidated mediation involving the Parties and each Additional Settling Defendant who seeks mediation under Paragraph 10.2(a) of its Settlement Agreement, shall be binding on the Parties.

(b)     The Mediator shall have sole discretion to determine what, if any, reduction remedy is warranted due to a material impact on the value of the Settlement to Settling Defendant by the Requests for Exclusion. If the Mediator in his sole discretion selects some reduction as the appropriate remedy, he or she may not provide for a reduction in the Settlement Amount greater than a one-to-one ratio:  that is, the Mediator may not reduce the Settlement Amount by more than the amount the Persons who have filed Requests for Exclusion would likely have been eligible to receive collectively (but for their exclusion) from the Settlement Fund. The Mediator is not required to grant any reduction or to impose a one-to-one ratio if he determines no such reduction is appropriate.

(c)     In the event the Mediator determines some reduction is appropriate, the amount of the reduction shall be paid to Settling Defendant from the Settlement Fund.

(d)     In the alternative to seeking a reduction, Settling Defendant may seek to terminate the Settlement if, upon application from Settling Defendant, the Mediator determines in his sole discretion that the reduction remedy is not adequate to preserve the essential benefits of the Settlement to Settling Defendant. Any application by Settling Defendant for termination relief under this Paragraph must be made in writing within 14 days following the receipt from Class Plaintiffs of the list of Persons who filed Requests for Exclusion and accompanying information required to be provided pursuant to Paragraph 10.2(a), or within 7 days of a determination on the reduction remedy by the Mediator, whichever is later. If Settling Defendant

elects to terminate the Settlement, any termination shall be effected solely in accordance with the termination provisions of this Agreement.

(e)     The Parties and their respective counsel agree that they will make no effort to solicit or otherwise encourage potential Settlement Class Members to exclude themselves.

10.3     Unless otherwise ordered by the Court, in the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Parties shall not forfeit or waive any factual or legal claim, defense, or contention in the Action.  In such event, (i) the terms and provisions of the Agreement, with the exception of Paragraphs 5.2, and 10.4, shall have no further force and effect with respect to the Releasing Parties and shall not be used in this Action or in any other proceeding for any purpose; (ii) the Agreement and any action taken in support of the Agreement shall not be used against Parties in this Action or in any other proceeding for any purpose; (iii) any judgment or order entered by the Court in accordance with the terms of the Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be deemed to return to their status as of the Execution Date; (iv) any conditional certification of the Settlement Class shall be deemed null and void without the need for further action by the Court; and (v) Settling Defendant shall retain its right to object to certification in this Action under Rule 23 of the Federal Rules of Civil Procedure and to contest and appeal any grant of certification in this Action.  No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Allocation or the Fee and Expense Award shall constitute grounds for cancellation or termination of the Stipulation.

10.4     In the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days following any written notice of such event

being sent to the Escrow Agent, the Settlement Fund (including any accrued interest thereon),

less Settlement Class Notice and Administration Expenses, Taxes, and Tax Expenses reasonably

and actually incurred, if any, shall be returned in its entirety to Settling Defendant.  At the

request of Settling Defendant's Counsel, the Escrow Agent or its designee shall apply for any tax

refund owed on the Settlement Fund and pay the proceeds to Settling Defendant.

### 11.   Bar Order and Judgment Reduction

11.1   As an express and material condition of this Agreement, the Court shall enter an

order, in the Final Judgment and Order of Dismissal or otherwise, to the extent not prohibited by

law, barring claims against the Released Parties for contribution or indemnification (however

denominated) for all or a portion of any amounts paid or awarded in the Action by way of

settlement, judgment, or otherwise by:  (i) any of the other Defendants currently named in the

Action; (ii) any other Person formerly named in the Action; or (iii) any alleged co-conspirators

or any other Person subsequently added or joined in the Action.

11.2   The Parties also agree that the Final Judgment and Order of Dismissal shall

provide that any final verdict or judgment that may be obtained by or on behalf of the Settlement

Class or a member of the Settlement Class against any Person subject to the bar order described

in Paragraph 11.1 above shall be reduced as provided by applicable law.

### 12.   Reservation of Class Members' Rights Against Other Defendants

All rights of any Settlement Class Member against any other Person other than Settling

Defendant and the other Released Parties are specifically reserved by Class Plaintiffs and the

Settlement Class Members, including against other Defendants to the Action.  SSA Bond

Transactions entered into with Settling Defendant shall, to the extent permitted and/or authorized

by law, and to the extent consistent with the claims asserted in the Action and the definition of

any class(es) that may be certified by the Court against other Defendants, remain in the case

against the other Defendants in the Action as a potential basis for liability and/or damage claims against such other Defendants and shall be part of any joint and several liability claims against the other Defendants in the Action or any other Persons other than the Released Parties

**13.     Good Faith Efforts to Effectuate This Settlement Agreement**

The Parties agree to cooperate with one another in good faith to effectuate and implement the terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the terms of this Agreement.  This includes Settling Defendant's serving notice on those entities required to receive notice pursuant to 28 U.S.C. § 1715.

**14.     Cooperation**

14.1     In consideration for the dismissal of the Action and the release of the Released Claims as against the Released Parties, Settling Defendant agrees to provide certain discovery ("Settlement Disclosure Documents") as set forth in Paragraph 14.  All such discovery requested by Co-Lead Counsel shall be coordinated in such a manner so that all unnecessary duplication and expense is avoided.  Settling Defendant shall provide the cooperation and reasonable discovery described herein to the extent it is (i) not prevented from doing so by any court order or any law, regulation, policy, or other rule of any regulatory agency or governmental body restricting disclosure of documents or information, or (ii) not prevented from doing so by any express objection from a regulatory agency or governmental body.

14.2     Notwithstanding any other provision in this Settlement Agreement, Settling Defendant may assert, where applicable, the work-product doctrine, the attorney-client privilege, the common interest privilege, the joint defense privilege, the bank regulatory or examination privilege, obligations under applicable data privacy laws or regulations, and/or any other applicable privilege or protection with respect to any documents, material, and/or information requested under this Paragraph.  Settling Defendant's Counsel will meet with Co-Lead Counsel

as is reasonably necessary to discuss any applicable domestic or foreign privilege or protection.

Settling Defendant agrees to provide to Co-Lead Counsel a privilege log listing all documents

withheld or redacted under the work product doctrine, the attorney-client privilege, the common

interest privilege, the joint defense privilege, the bank regulatory or examination privilege,

obligations under applicable data privacy laws or regulations, and/or any other applicable

privilege or protection with respect to any Settlement Disclosure Documents, provided that to the

extent any privileged or protected documents that would otherwise be subject to production

pursuant to this Paragraph were created after the filing of the first of Class Plaintiffs' initial

complaints, such documents need not be logged.  Any disputes regarding privilege, protection or

restriction that cannot be resolved by the Parties shall be reserved for resolution by the Court.  If

any document or other information protected by the work-product doctrine, the attorney-client

privilege, the common interest privilege, the joint defense privilege, the bank regulatory or

examination privilege, obligations under applicable data privacy laws or regulations, and/or any

other applicable privilege or protection is inadvertently produced, Co-Lead Counsel shall treat

the document and/or information in accordance with the protective order in effect in the Action,

and if no protective order is in effect, then the Parties shall enter into one to protect the

confidentiality of the subject material.  The production of any such document or other

information, alone, shall not be construed to be a waiver of any privilege or protection otherwise

attached to such document.

      14.3    The confidentiality of any documents, materials and/or information provided to

Class Plaintiffs pursuant to this Paragraph 14 shall be subject to any protective order entered in

the Action.  If no protective order is in effect, then the Parties shall enter into one to protect the

confidentiality of the documents, materials and/or information produced pursuant to this

Paragraph 14.  The Parties expressly agree that any use of the documents, materials and/or information provided in connection with Settling Defendant's obligations pursuant to this Paragraph 14, including without limitation oral presentations, may be used directly or indirectly by Class Plaintiffs or Co-Lead Counsel solely in connection with the prosecution of the Action as against the non-settling Defendants, but not for the institution or prosecution of any other action or proceeding against any Released Parties for any other purpose whatsoever, including, but not limited to, actions or proceedings in jurisdictions outside the United States.

14.4    Subject to the limitations set forth in Paragraphs 14.1 to 14.3,  Settling Defendant shall begin producing the Settlement Disclosure Documents to Co-Lead Counsel as soon as reasonably practicable after Preliminary Approval as follows:

(a)    Settling Defendant shall produce reasonably available and accessible (i) transaction data from January 1, 2008 to the end of the Settlement Class Period, and (ii) communications, chats and other documents from January 1, 2008 to December 31, 2015 involving Individual Defendants and others reasonably identified during the conferral process as potentially being involved in relevant SSA trading activities that were maintained by Settling Defendant involving or concerning the Released Claims.  In advance of the production, the Parties will meet and confer on production format and the scope of the production.

(b)    Settling Defendant shall produce to Class Plaintiffs materials produced to the United States Department of Justice, the United Kingdom Financial Conduct Authority, and, to the extent non-duplicative in any material respect, any other regulatory or enforcement agency or body in response to any past requests or any requests pending as of July 1, 2019, which relate to the Released Claims, such determinations to be made in good faith and subject to conferrals. The obligation to produce such documents is continuing in nature.

(c)     Settling Defendant shall provide an attorney proffer, or in lieu of such proffer, shall make information similarly available through alternative means such as attorney participation in the witness interviews discussed below, regarding Plaintiffs' allegations in the Action.

(d)     Settling Defendant shall use its best efforts to make available for witness interviews in this Action, up to five (5) current or former employees, to the extent those employees are within Settling Defendant's custody and control.  Any interviews will be conducted at a time and place convenient to the witness, and will relate only to Settling Defendant's role, if any, in the Released Claims. The timing of such witness interviews shall be mutually agreed upon by Co-Lead Counsel and Settling Defendant's Counsel.

(e)     Upon reasonable notice, to the extent reasonably requested by Co-Lead Counsel, and as permitted by law, Settling Defendant shall use its best efforts to make available for testimony at trial in this Action up to five (5) current or former employees, to the extent those employees are within Settling Defendant's custody and control.  If this is unsuccessful, Settling Defendant will provide last known address information in its possession, custody or control regarding the whereabouts of the witness.

14.5     Upon reasonable notice and as permitted by law, Settling Defendant shall provide declarations or certifications to establish in discovery, and if necessary at trial that, if believed to be true and accurate, that a Settlement Disclosure Document produced by Settling Defendant is genuine, authentic, and a record of a regularly conducted activity pursuant to Fed. R. Evid. 803(6).

14.6     Settling Defendant agrees to meet and confer in good faith regarding specifically targeted future requests from Co-Lead Counsel for additional reasonably available documents,

transaction data, and other information beyond the items specified in Paragraphs 14.4(a)-(e) and 14.5 above in the event that any such documents, data, and/or other information are requested by Co-Lead Counsel in order to obtain final approval of this Settlement or prosecute any remaining causes of action against non-Released Parties in this action.  Settling Defendant need not agree to requests that are unreasonable or unduly burdensome, and need not agree to requests for which Class Plaintiffs cannot demonstrate a need that cannot be reasonably met through alternative means.  In the event that the Parties cannot agree, such disputes shall be resolved by the Court. Nothing in this subparagraph shall prohibit Co-Lead Counsel from making additional, specifically targeted informal requests for reasonably available information from Settling Defendant related to the Settlement Disclosure Documents, which Settling Defendant shall consider in good faith.  In the event that Settling Defendant declines to provide such information, Co-Lead Counsel reserves all rights to seek formal third-party discovery of such information, with Settling Defendant reserving all rights to object to such discovery.

14.7     Nothing in this document shall prohibit Co-Lead Counsel from seeking information or other discovery from parties other than Settling Defendant under the Federal Rules of Civil Procedure, local rules, or other regulations, nor prohibit Settling Defendant from reserving its rights to object.

### 15.     Miscellaneous

15.1     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein and are material and integral parts hereof.

15.2     The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

15.3    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

15.4    The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering all orders relating to matters addressed in this Agreement and enforcing the terms of this Agreement.

15.5    For the purpose of construing or interpreting this Agreement, the Parties agree that it is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

15.6    This Agreement shall constitute the entire, complete, and integrated agreement between the Parties pertaining to the settlement of the Action against Settling Defendant and supersedes any and all prior negotiations and agreements, and is not subject to any condition not explicitly provided for in this Agreement itself.  All of the Exhibits to this Agreement are material and integral parts of it and are incorporated by reference as if fully set forth herein.  All terms of this Agreement are contractual and not mere recitals.  In entering into and executing this Agreement, each of the Parties respectively warrants that it is acting upon its respective independent judgments and upon the advice of its respective counsel, and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Person, other than the warranties and representations expressly made in this Agreement.  The terms of this Agreement are and shall be binding upon each of the Parties hereto, their heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, and upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto including any Settlement Class Members.

15.7    The terms of this Agreement are not severable, but are interdependent and have been agreed to only as a whole by the Parties.

15.8    This Agreement may be modified or amended only by a writing executed by Co-Lead Counsel, on behalf of Class Plaintiffs and the Settlement Class Members, and Settling Defendant's Counsel, on behalf of Settling Defendant.

15.9    Nothing in this Agreement constitutes an admission by Settling Defendant as to the merits of the allegations made in the Action, the validity of any defenses that could be or have been asserted by Settling Defendant, or the appropriateness of certification of any class other than the Settlement Class under Fed. R. Civ. P. 23 for purposes of settlement only.  This Agreement is without prejudice to the rights of Settling Defendant to:  (i) challenge the Court's certification of any class, including the Settlement Class, in the Action should the Agreement not be approved or implemented for any reason; and/or (ii) oppose any certification or request for certification in any other proposed or certified class action.  The Agreement, and all negotiations, documents, and discussions associated with it, shall be without prejudice to the rights, positions, or privileges of Settling Defendant or any Released Party (except as expressly provided for in this Agreement), and shall not be construed as, or deemed to be, an admission or evidence on the part of Settling Defendant or any Released Party of any violation of any statute, regulation, law, rule, or principle of common law or equity, or of any liability or wrongdoing, or of the truth or merit of any allegations or claims in this Action, and shall not be discoverable, used, offered, or accepted, directly or indirectly, as evidence of such in this Action or any other action, litigation, arbitration, or other proceeding, and shall have no precedential value; provided, however, that nothing contained herein shall preclude use of this Agreement in any proceeding to enforce this Agreement or the Final Judgment and Order of Dismissal.

15.10   Class Plaintiffs, for themselves individually and on behalf of each Settlement Class Member, and Settling Defendant agree that neither this Agreement nor any statement made in negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Settling Defendant or of the truth of any of the claims or allegations alleged in the Action.

15.11   This Agreement and the exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York, without giving effect to that State's choice-of-law principles.

15.12   The waiver by any Party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach of this Agreement, whether prior, subsequent, or contemporaneous.  If one Party to this Agreement considers another Party to be in breach of its obligations under this Agreement, that Party must provide the breaching Party with written notice of the alleged breach and provide a reasonable opportunity to cure the breach before taking any action to enforce any rights under this Agreement.

15.13   Each of the Released Parties is intended to be and is a third-party beneficiary of this Agreement and is authorized to enforce the provisions of this Agreement, including without limitation the release of Released Claims against the Released Parties and covenant not to sue the Released Parties, and such other provisions of this Agreement as are applicable to each of the Released Parties.

15.14   Settling Defendant, Class Plaintiffs, Co-Lead Counsel, and the Settlement Class Members hereby irrevocably submit to the exclusive jurisdiction of the United States District

Court for the Southern District of New York, for any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement, including, without limitation, any suit, action, proceeding, or dispute relating to the release provisions herein.

15.15   It is anticipated that Co-Lead Counsel and Class Plaintiffs will eventually submit to the Court a Plan of Allocation with respect to any funds recovered by them, through settlements or judgments, on behalf of the Settlement Class Members, including distribution of the Settlement Fund at some time following the Effective Date.  A Plan of Allocation is not a term of this Agreement, and it is not a condition of this Agreement that any particular Plan of Allocation be approved.  Any Plan of Allocation is a matter separate and apart from the Settlement between the Parties and any decision by the Court concerning a Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  Settling Defendant shall have no responsibility, obligations, or liabilities whatsoever with respect to any Plan of Allocation or implementation thereof, or with respect to any other administration or distribution of the Settlement Fund.

15.16   This Agreement may be executed in counterparts by or on behalf of the Parties, and a facsimile or .pdf signature shall be deemed an original signature for purposes of executing this Agreement.

15.17   Class Plaintiffs and Settling Defendant acknowledge that they have been represented by counsel and have made their own investigations of the matters covered by this Agreement to the extent they have deemed it necessary to do so.  Therefore, Class Plaintiffs and Settling Defendant and their respective counsel agree that they will not seek to set aside any part of this Agreement on the grounds of mistake.  Moreover, Class Plaintiffs and Settling Defendant and their respective counsel understand, agree, and expressly assume the risk that any fact may

turn out hereinafter to be other than, different from or contrary to the facts now known to them or believed by them to be true, and further agree that this Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

15.18   Any notice or materials to be provided to the Class Plaintiffs or Co-Lead Counsel pursuant to or relating to this Agreement shall be sent to Daniel L. Brockett or David W. Mitchell, at the addresses listed below, and any notice or materials to be provided to Settling Defendant pursuant to or relating to this Agreement shall be sent to Andrew S. Marovitz and Britt M. Miller, at the address listed below.

15.19   Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval, and the undersigned Co-Lead Class Counsel represent that they are authorized to execute this Agreement on behalf of Class Plaintiffs and, subject to Court approval, on behalf of the Settlement Class.

IN WITNESS WHEREOF, the Parties hereto, through their fully authorized representatives, have agreed to this Agreement as of the date first herein written above.

*On Behalf of Lead Plaintiffs and the Settlement Class:*

Daniel L. Brockett
Sascha N. Rand
Steig D. Olson
QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone:  (212) 849-7000
Fax:  (212) 849-7100
danbrockett@quinnemanuel.com

*On Behalf of HSBC Securities (USA), Inc. and HSBC Bank plc:*

Andrew S. Marovitz
Britt M. Miller
Robert Entwisle
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600
Fax: (312) 701-7711
amarovitz@mayerbrown.com
bmiller@mayerbrown.com

sascharand@quinnemanuel.com
steigolson@quinnemanuel.com

rentwisle@mayerbrown.com

Jeremy D. Andersen
Adam Wolfson
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Fax: (213) 443-3100
jeretnyandersen@quinnemanuel.com
adamwolfson@quinemanuel.com

David W. Mitchell
Brian O. O'Mara
Carmen A. Medici
ROBBINS GELLER RUDMAN & DOWD
    LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Fax: (619) 231-7423
davidm@rgrdlaw.com
bomara@rgrdlaw.com
cmedici@rgrdlaw.com

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE:  SSA BONDS ANTITRUST
LITIGATION

Case No.:  1:16-cv-3711 (ER)

**ORDER PRELIMINARILY APPROVING THE SETTLEMENT AGREEMENT,
CERTIFYING THE SETTLEMENT CLASS, AND APPOINTING CLASS
COUNSEL AND CLASS REPRESENTATIVES FOR THE SETTLEMENT CLASS**

WHEREAS, the Action[1] is pending before this Court;

WHEREAS, Class Plaintiffs[2] have entered into and executed the Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement Agreement") with HSBC Securities (USA), Inc. and HSBC Bank plc (collectively, "HSBC" or "Settling Defendant"), which, if finally approved by the Court, will result in the settlement of all claims against HSBC;

WHEREAS, in full and final settlement of the claims asserted against them in this Action, Settling Defendant has agreed to pay $30,000,000 (the "Settlement Amount"), and to provide cooperation as set forth in the Settlement Agreement;

WHEREAS, Class Plaintiffs, having made an application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement Agreement, which sets forth the terms and conditions of the Settlement of the Action against Settling Defendant and for dismissal of the Action against Settling Defendant with prejudice upon the terms and conditions set forth in the Settlement Agreement;

WHEREAS, Class Plaintiffs have sought, and Settling Defendant has agreed not to object to, the certification of the Settlement Class (as defined below) solely for settlement purposes;

WHEREAS, Class Plaintiffs have requested that Co-Lead Counsel be appointed as settlement class counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

WHEREAS, Class Plaintiffs have requested that they be appointed class representatives of the Settlement Class;

_____

[1]    As defined in the Settlement Agreement, the "Action" refers to the above-captioned litigation pending in the United States District Court for the Southern District of New York and any other actions that may be transferred or consolidated into this litigation.

[2]    As defined in the Settlement Agreement, "Class Plaintiffs" refers to, collectively, Alaska Department of Revenue, Treasury Division, Alaska Permanent Fund Corporation, and Iron Workers Pension Plan of Western Pennsylvania.

WHEREAS, the Parties have agreed to the entry of this Order Preliminarily Approving the Settlement Agreement, Certifying the Settlement Class, and Appointing Class Counsel and Class Representatives for the Settlement Class (the "Preliminary Approval Order"); and WHEREAS the Court has read and considered the Settlement Agreement and the exhibits annexed thereto and other documents submitted in connection with Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      All terms in initial capitalization used in this Preliminary Approval Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

## I.      PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

2.      Upon review of the record, the Court finds that the Settlement Agreement resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval.  The Court hereby preliminarily approves the Settlement Agreement, subject to further consideration at the Fairness Hearing described below.  The Court preliminarily finds that the Settlement encompassed by the Settlement Agreement raises no obvious reasons to doubt its fairness and provides a reasonable basis for presuming that the Settlement Agreement satisfies the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process so that an appropriate notice of the Settlement Agreement should be given, subject to the Court's approval of a notice plan as provided in this Preliminary Approval Order.

## II.     PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for settlement purposes, a Settlement Class defined as follows:

3

All persons or entities who, from January 1, 2009 to the date of the Preliminary
Approval Order, entered into an SSA bond transaction with a Defendant; a direct
or indirect parent, subsidiary, affiliate, or division of a Defendant; a Released
Party; or an alleged co-conspirator, where such Persons were either domiciled in
the United States or its territories or, if domiciled outside of the United States or
its territories, entered into an SSA bond transaction in the United States or its
territories or that otherwise involved United States trade or commerce.  Excluded
from the Settlement Class are Defendants, their alleged co-conspirators identified
herein, and their officers, directors, management, employees, current subsidiaries
or affiliates, and all federal governmental entities; provided, however, that
Investment Vehicles shall not be excluded from the definition of the Settlement
Class.

4.     Solely for purposes of the Settlement set forth in the Settlement Agreement, the

Court preliminarily finds that the requirements of Federal Rules of Civil Procedure 23(a) and

23(b)(3) have been satisfied, as follows:  (a) the members of the Settlement Class are so

numerous that joinder of all members of the Settlement Class is impracticable; (b) there are

questions of law and fact common to the Settlement Class, and these common questions

predominate over any individual questions; (c) the claims of Class Plaintiffs are typical of the

claims of the Settlement Class; (d) Class Plaintiffs and Co-Lead Counsel have fairly and

adequately represented and protected the interests of the Settlement Class; and (e) a class action

is superior to other available methods for the fair and efficient adjudication of the controversy,

considering (i) the interests of members of the Settlement Class in individually controlling the

prosecution of separate actions; (ii) the extent and nature of any litigation concerning the

controversy already begun by members of the Settlement Class; (iii) the desirability or

undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the

likely difficulties in managing this Action as a class action.

5.     If the Effective Date does not occur with respect to the Settlement Agreement

because of the failure of a condition that affects the Settlement Agreement, this preliminary

certification of the Settlement Class shall be deemed null and void without the need for further

4

action by the Court or any of the Parties.  In such circumstances, each of the Parties shall retain

their rights to seek or to object to certification of this litigation as a class action under Rule 23 of

the Federal Rules of Civil Procedure, or under any other state or federal rule, statute, law, or

provision thereof, and to contest and appeal any grant or denial of certification in this litigation

or in any other litigation on any other grounds.

## III.    CLASS COUNSEL AND CLASS REPRESENTATIVES

6.      Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the law firms of

Quinn Emanuel Urquhart & Sullivan, LLP and Robbins Geller Rudman & Dowd LLP are

preliminarily appointed, solely for settlement purposes, as Co-Lead Counsel for the Settlement

Class.

7.      Class Plaintiffs are preliminarily appointed, solely for settlement purposes, as

class representatives for the Settlement Class.

## IV.    PLAN OF ALLOCATION, NOTICE, AND FAIRNESS HEARING

8.      At a later date after Settling Defendant produces a list of names and addresses of

members of the Settlement Class pursuant to Paragraph 8.6 of the Settlement Agreement, Co-

Lead Counsel shall submit for the Court's approval a proposed Plan of Allocation of the

Settlement Fund (and including all interest and income earned thereon after being transferred to

the Escrow Account).

9.      At a later date, Co-Lead Counsel shall submit for the Court's approval a notice

plan and proposed form of notice for purposes of advising members of the Settlement Class,

among other things, of their right to object to the Settlement Agreement, their right to exclude

themselves from the Settlement Class, the procedure for submitting a request for exclusion, the

time, date, and location of the Fairness Hearing to be scheduled by the Court, and their right to

appear at the Fairness Hearing.

## V.     OTHER PROVISIONS

10.     The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have

been met.

11.     The Court approves the establishment of an Escrow Account under the Settlement

Agreement as a Qualified Settlement Fund ("QSF") pursuant to Internal Revenue Code § 468B

and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to

any issue that may arise in connection with the formulation or administration of the QSF.  All

funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall

remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed

pursuant to the Settlement Agreement and further order(s) of the Court.

12.     All reasonable expenses incurred in identifying and notifying potential Settlement

Class Members as well as administering the Settlement Fund shall be paid, as set forth herein, up

to the sum of $500,000.

13.     In the event that the Settlement Agreement is terminated, is vacated, is not

approved, or the Effective Date fails to occur for any reason, then the parties to the Settlement

Agreement shall be deemed to have reverted to their respective status in the Action as of the

Execution Date, and, except as otherwise expressly provided herein, such parties shall proceed in

all respects as if the Settlement Agreement and any related orders had not been entered, and the

Settlement Agreement (including any amendment(s) thereto) and this Preliminary Approval

Order shall be null and void, of no further force or effect, and without prejudice to any of the

Parties, and may not be introduced as evidence or referred to in any actions or proceedings by

any Person; provided, however, that in the event of termination of the Settlement Agreement, Paragraphs 5.2 and 10.4 of the Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force.  Any portion of the Settlement Fund previously paid by or on behalf of Settling Defendant, together with any interest earned thereon, less Taxes due, if any, with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Fund (not to exceed the sum of $500,000 without the prior approval of the Court) shall be returned to Settling Defendant within five (5) business days after written notification of such event is sent by counsel for Settling Defendant or Co-Lead Counsel to the Escrow Agent.  At the request of Settling Defendant's counsel, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to Settling Defendant.

14.     Neither Settling Defendant, nor its counsel, nor any of the Released Parties shall have any responsibility for, or liability whatsoever with respect to the notice procedures; the investment, administration, or distribution of the Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; any funds held by the Escrow Agent; the payment or withholding of Taxes; any losses incurred in connection therewith; any application for attorneys' fees, service awards or expenses submitted by Class Plaintiffs or Co-Lead Counsel; or any allocation of the Fee and Expense Award by Co-Lead Counsel.  Any such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement set forth in the Settlement Agreement.

15.     Settling Defendant has denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Action.  As such, neither the Settlement Agreement, nor any of its respective terms or provisions, nor any of the negotiations or proceedings connected

with the Settlement Agreement shall be construed as an admission or concession of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind by Settling Defendant.

16.     All proceedings in the Action with respect to Released Parties are stayed until further order of the Court.  Such stay does not apply, however, to the extent actions are necessary to implement the terms of the Settlement Agreement or comply with their terms.  Pending final determination of whether the Settlement Agreement should be approved, the Releasing Parties shall be enjoined from prosecuting in any forum any Released Claims against any Released Party, and shall not sue any Released Party on the basis of any Released Claims or assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.  For the sake of clarity, this Order stays the proceedings with respect to Mr. Manku to the same extent that claims against him are released.

17.     All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement set forth in the Settlement Agreement, whether favorable or unfavorable to the Settlement Class.

18.     Any member of the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  Any member of the Settlement Class who does not enter an appearance will be represented by Co-Lead Counsel.

        IT IS SO ORDERED.

DATED:  _____        _____
                                     HON. EDGARDO RAMOS
                                     UNITED STATES DISTRICT JUDGE

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:  SSA BONDS ANTITRUST LITIGATION | Case No.:  1:16-cv-3711 (ER) |

## <u>FINAL JUDGMENT AND ORDER OF DISMISSAL</u>

This matter came before the Court for hearing pursuant to Class Plaintiffs' application for

final approval of the Settlement set forth in the Stipulation and Agreement of Settlement with

HSBC Securities (USA), Inc. and HSBC Bank plc dated _____, 2018 (ECF No. _____)

(the "Settlement Agreement").  Due and adequate notice having been given to the Settlement

Class as required in the Court's Preliminary Approval Order and Notice Order, the 90-day period

provided by the Class Action Fairness Act, 28 U.S.C. § 1715(d), having expired on

_____, 2019, and the Court having considered all papers filed and proceedings held

herein and is fully informed of these matters.

For good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

that:

1.     This Final Judgment and Order of Dismissal as to HSBC Securities (USA), Inc.

and HSBC Bank plc incorporates by reference the definitions in the Settlement Agreement, and

all capitalized terms used, but not defined, herein shall have the same meanings as in the

Settlement Agreement.

2.     This Court has jurisdiction over the subject matter of the Action[1] and over all

parties to the Action, including all Settlement Class Members.

---

[1]     As defined in the Settlement Agreement, "Action" refers to the above-captioned litigation pending in the United States District Court for the Southern District of New York and any other actions that may be transferred or consolidated into this litigation.

3.      The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

4.      Based on the record before the Court, including the Preliminary Approval Order entered on _____ and Notice Order entered on _____, the submissions in support of  the Settlement between Class Plaintiffs, for themselves individually and on behalf of each Settlement Class Member, and defendants HSBC Securities (USA), Inc. and HSBC Bank plc (collectively, "HSBC" or "Settling Defendant"), and any objections and responses thereto, the Court finds—solely for purposes of effectuating the Settlement—that all requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, and hereby certifies solely for settlement purposes the following Settlement Class:

> All persons or entities who, from January 1, 2009 to the date of the Preliminary Approval Order, entered into an SSA bond transaction with a Defendant; a direct or indirect parent, subsidiary, affiliate, or division of a Defendant; a Released Party; or an alleged co-conspirator, where such Persons were either domiciled in the United States or its territories or, if domiciled outside of the United States or its territories, entered into an SSA bond transaction in the United States or its territories or that otherwise involved United States trade or commerce.  Excluded from the Settlement Class are Defendants, their alleged co-conspirators identified herein, and their officers, directors, management, employees, current subsidiaries or affiliates, and all federal governmental entities; provided, however, that Investment Vehicles shall not be excluded from the definition of the Settlement Class.

5.      The Court finds that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, solely for settlement purposes, as follows:  (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class, and these common questions predominate over any individual questions; (c) the claims of Class Plaintiffs are typical of the claims of the Settlement Class; (d) Class Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement

Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

6.        Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the law firms of Quinn Emanuel Urquhart & Sullivan, LLP and Robbins Geller Rudman & Dowd LLP are appointed, solely for settlement purposes, as Co-Lead Counsel for the Settlement Class.

7.        Class Plaintiffs are appointed, solely for settlement purposes, as class representatives for the Settlement Class.

8.        Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement set forth in the Settlement Agreement on the basis that the Settlement is fair, reasonable, and adequate as to, and in the best interests of, all Settlement Class Members, and is in compliance with all applicable requirements of the Federal Rules of Civil Procedure.  In reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).  Moreover, the Court concludes that:

a.        The Settlement set forth in the Settlement Agreement was fairly and honestly negotiated by counsel with significant experience litigating antitrust class actions and other complex litigation and is the result of vigorous arm's-length negotiations undertaken in good faith;

b.      This Action is likely to involve contested and serious questions of law and fact, such that the value of an immediate monetary recovery, in conjunction with the value of the cooperation, outweighs the mere possibility of future relief after protracted and expensive litigation;

c.      This is a partial settlement of the Action in a multi-defendant antitrust case, meaning that, if Class Plaintiffs' claims are proven at trial, the other current and future defendants will remain liable for all class damages under principles of joint and several liability, and, as such, the Settlement as set forth in the Settlement Agreement provides a guaranteed cash recovery and other benefits to the Settlement Class without substantially diminishing the net expected value of the case going forward;

d.      Success in complex cases such as this one is inherently uncertain, and there is no guarantee that continued litigation would yield a superior result; and

e.      Co-Lead Counsel's judgment that the Settlement as set forth in the Settlement Agreement is fair and reasonable, and the Settlement Class Members' reaction to the Settlement is entitled to great weight.

9.      Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class ("Opt-Outs"), the Action and all claims contained therein, as well as all of the Released Claims, against Settling Defendant and the Released Parties by Class Plaintiffs and Releasing Parties are dismissed with prejudice.  The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement and the orders of this Court.

10.     The Opt-Outs identified in Exhibit 1 hereto have timely and validly requested exclusion from the Settlement Class and are excluded from the Settlement Class for all purposes,

are not bound by this Final Judgment and Order of Dismissal, and may not make any claim or receive any benefit from the Settlement Agreement or any other settlement from which members of Settlement Class are entitled to recover, whether monetary or otherwise.

11.     Upon the Effective Date:  (a) Releasing Parties (whether or not such Person executes and delivers proof of claim and release forms) shall be deemed to have, and by operation of this Final Judgment and Order of Dismissal shall have, fully, finally, and forever waived, released, relinquished, and discharged against the Released Parties (i) any and all Released Claims (including, without limitation, Unknown Claims), and (ii) any rights to the protections afforded under California Civil Code § 1542 and/or any other similar, comparable, or equivalent laws; (b) Releasing Parties shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance or prosecution of any of the Released Claims against any Released Parties in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind; and (c) Releasing Parties agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

12.     This Final Judgment and Order of Dismissal shall not affect in any way the right of Plaintiffs or Releasing Parties to pursue claims, if any, outside the scope of the Released Claims.  Claims to enforce the terms of the Settlement Agreement are not released.

13.     Upon the Effective Date, each of the Released Parties:  (a) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged Class Plaintiffs, each and all of the Settlement Class Members, and Co-Lead Counsel from (i) any and all Released Claims (including, without

limitation, Unknown Claims), and (ii) any rights to the protections afforded under California

Civil Code § 1542 and/or any other similar, comparable, or equivalent laws; (b) shall be

permanently barred and enjoined from the commencement, assertion, institution, maintenance, or

prosecution against any counsel for Plaintiffs and Settlement Class Members in any action or

other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or

forum of any kind, asserting any of the Released Claims; and (c) agrees and covenants not to sue

Class Plaintiffs, each and all of the Settlement Class Members, and Co-Lead Counsel on the

basis of any Released Claims or to assist any third party in commencing or maintaining any suit

against Class Plaintiffs, each and all of the Settlement Class Members, and Co-Lead Counsel

related in any way to any Released Claims.  This Final Judgment and Order of Dismissal shall

not affect in any way the right of Settling Defendant or Releasing Parties to pursue claims, if

any, outside the scope of the Released Claims.  Claims to enforce the terms of the Settlement

Agreement are not released.

14.     Upon the Effective Date, any claims for contribution, indemnification, or similar

claims for all or a portion of any amounts paid in the Action by way of settlement, judgment, or

otherwise, that are brought against the Released Parties by other Defendants in the Action, by

any other alleged co-conspirators, or by any other Person subsequently added or joined in the

Action against the Released Parties, arising out of or related to the Released Claims, are barred in

the manner and to the fullest extent permitted by law.  Any final verdict or judgment that may be

obtained by or on behalf of the Settlement Class or a member of the Settlement Class against any

Person subject to this bar order shall be reduced as permitted by applicable law.

15.     All rights of any Settlement Class Member against (a) any of the other Defendants

currently named in the Action; (b) any other Person formerly named in the Action; or (c) any

alleged co-conspirators or any other Person subsequently added or joined in the Action, other than Settling Defendant and Released Parties with respect to Released Claims, are specifically reserved by Plaintiffs and the Settlement Class Members.

16.     To the extent permitted and/or authorized by law, the purchase, sale, and trading of SSA Bonds by Settling Defendant shall remain in the case against (a) any of the other Defendants currently named in the Action; (b) any other Person formerly named in the Action as a defendant; or (c) any alleged co-conspirators or any other Person subsequently added or joined in the Action, other than Settling Defendant and Released Parties, as a potential basis for damage claims and may be part of any joint and several liability claims.

17.     The mailing and distribution of the Notice to all Settlement Class Members who could be identified through reasonable effort and the publication of the Summary Notice satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.

18.     Any Plan of Allocation submitted by Co-Lead Counsel or any order entered regarding the Fee and Expense Application shall in no way disturb or affect this Final Judgment and Order of Dismissal and shall be considered separate from this Final Judgment and Order of Dismissal.

19.     Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement:  (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or

omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Settlement Agreement may be filed in an action to enforce or interpret the terms of the Settlement Agreement, the Settlement contained therein, and any other documents executed in connection with the performance of the Settlement embodied therein.  The Released Parties may file the Settlement Agreement and/or this Final Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20.    Without affecting the finality of this Final Judgment and Order of Dismissal in any way, this Court retains continuing and exclusive jurisdiction over:  (a) implementation of the Settlement set forth in the Settlement Agreement; (b) any award, distribution, or disposition of the Settlement Fund, including interest earned thereon; (c) hearing and determining applications for attorneys' fees, costs, expenses including expert fees, and incentive awards; and (d) all Parties, Released Parties, and Releasing Parties for the purpose of construing, enforcing, and administering the Settlement Agreement.

21.    The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

22.    In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement or the Effective Date does not occur, then this Final Order and Judgment of Dismissal shall be rendered null and void and shall be vacated.  In such event, all orders entered and releases delivered in connection herewith shall be null and void, and the

Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered; provided, however, that in the event of termination of the Settlement Agreement, Paragraphs 5.2 and 10.4 of the Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force.

23.     The Parties are directed to consummate the Settlement according to the terms of the Settlement Agreement.  Without further Court order, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

24.     There is no just reason for delay in the entry of this Final Judgment and Order of Dismissal.  The Clerk of the Court is directed to enter this Final Judgment and Order of Dismissal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure immediately.


    IT IS SO ORDERED.

DATED:  _____        _____

                                      HON. EDGARDO RAMOS
                                      UNITED STATES DISTRICT JUDGE