USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: 3/6/2019

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: SSA BONDS ANTITRUST LITIGATION | Case No.: 1:16-cv-3711 (ER) |

**ORDER PRELIMINARILY APPROVING THE SETTLEMENT AGREEMENT, CERTIFYING THE SETTLEMENT CLASS, AND APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVES FOR THE SETTLEMENT CLASS**

WHEREAS, the Action[1] is pending before this Court;

WHEREAS, Class Plaintiffs[2] have entered into and executed the Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement Agreement") with HSBC Securities (USA), Inc. and HSBC Bank plc (collectively, "HSBC" or "Settling Defendant"), which, if finally approved by the Court, will result in the settlement of all claims against HSBC;

WHEREAS, in full and final settlement of the claims asserted against them in this Action, Settling Defendant has agreed to pay $30,000,000 (the "Settlement Amount"), and to provide cooperation as set forth in the Settlement Agreement;

WHEREAS, Class Plaintiffs, having made an application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement Agreement, which sets forth the terms and conditions of the Settlement of the Action against Settling Defendant and for dismissal of the Action against Settling Defendant with prejudice upon the terms and conditions set forth in the Settlement Agreement;

WHEREAS, Class Plaintiffs have sought, and Settling Defendant has agreed not to object to, the certification of the Settlement Class (as defined below) solely for settlement purposes;

WHEREAS, Class Plaintiffs have requested that Co-Lead Counsel be appointed as settlement class counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

WHEREAS, Class Plaintiffs have requested that they be appointed class representatives of the Settlement Class;

---

[1] As defined in the Settlement Agreement, the "Action" refers to the above-captioned litigation pending in the United States District Court for the Southern District of New York and any other actions that may be transferred or consolidated into this litigation.

[2] As defined in the Settlement Agreement, "Class Plaintiffs" refers to, collectively, Alaska Department of Revenue, Treasury Division, Alaska Permanent Fund Corporation, and Iron Workers Pension Plan of Western Pennsylvania.

WHEREAS, the Parties have agreed to the entry of this Order Preliminarily Approving the Settlement Agreement, Certifying the Settlement Class, and Appointing Class Counsel and Class Representatives for the Settlement Class (the "Preliminary Approval Order"); and

WHEREAS the Court has read and considered the Settlement Agreement and the exhibits annexed thereto and other documents submitted in connection with Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. All terms in initial capitalization used in this Preliminary Approval Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

## I. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

2. Upon review of the record, the Court finds that the Settlement Agreement resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval. The Court hereby preliminarily approves the Settlement Agreement, subject to further consideration at the Fairness Hearing described below. The Court preliminarily finds that the Settlement encompassed by the Settlement Agreement raises no obvious reasons to doubt its fairness and provides a reasonable basis for presuming that the Settlement Agreement satisfies the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process so that an appropriate notice of the Settlement Agreement should be given, subject to the Court's approval of a notice plan as provided in this Preliminary Approval Order.

## II. PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for settlement purposes, a Settlement Class defined as follows:

All persons or entities who, from January 1, 2009 to the date of the Preliminary Approval Order, entered into an SSA bond transaction with a Defendant; a direct or indirect parent, subsidiary, affiliate, or division of a Defendant; a Released Party; or an alleged co-conspirator, where such Persons were either domiciled in the United States or its territories or, if domiciled outside of the United States or its territories, entered into an SSA bond transaction in the United States or its territories or that otherwise involved United States trade or commerce.  Excluded from the Settlement Class are Defendants, their alleged co-conspirators identified herein, and their officers, directors, management, employees, current subsidiaries or affiliates, and all federal governmental entities; provided, however, that Investment Vehicles shall not be excluded from the definition of the Settlement Class.

4.     Solely for purposes of the Settlement set forth in the Settlement Agreement, the Court preliminarily finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, as follows:  (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class, and these common questions predominate over any individual questions; (c) the claims of Class Plaintiffs are typical of the claims of the Settlement Class; (d) Class Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

5.     If the Effective Date does not occur with respect to the Settlement Agreement because of the failure of a condition that affects the Settlement Agreement, this preliminary certification of the Settlement Class shall be deemed null and void without the need for further

action by the Court or any of the Parties.  In such circumstances, each of the Parties shall retain their rights to seek or to object to certification of this litigation as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under any other state or federal rule, statute, law, or provision thereof, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

### III.     CLASS COUNSEL AND CLASS REPRESENTATIVES

6. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the law firms of Quinn Emanuel Urquhart & Sullivan, LLP and Robbins Geller Rudman & Dowd LLP are preliminarily appointed, solely for settlement purposes, as Co-Lead Counsel for the Settlement Class.

7. Class Plaintiffs are preliminarily appointed, solely for settlement purposes, as class representatives for the Settlement Class.

### IV.     PLAN OF ALLOCATION, NOTICE, AND FAIRNESS HEARING

8. At a later date after Settling Defendant produces a list of names and addresses of members of the Settlement Class pursuant to Paragraph 8.6 of the Settlement Agreement, Co-Lead Counsel shall submit for the Court's approval a proposed Plan of Allocation of the Settlement Fund (and including all interest and income earned thereon after being transferred to the Escrow Account).

9. At a later date, Co-Lead Counsel shall submit for the Court's approval a notice plan and proposed form of notice for purposes of advising members of the Settlement Class, among other things, of their right to object to the Settlement Agreement, their right to exclude themselves from the Settlement Class, the procedure for submitting a request for exclusion, the

time, date, and location of the Fairness Hearing to be scheduled by the Court, and their right to appear at the Fairness Hearing.

## V.     OTHER PROVISIONS

10.     The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

11.     The Court approves the establishment of an Escrow Account under the Settlement Agreement as a Qualified Settlement Fund ("QSF") pursuant to Internal Revenue Code § 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSF.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and further order(s) of the Court.

12.     All reasonable expenses incurred in identifying and notifying potential Settlement Class Members as well as administering the Settlement Fund shall be paid, as set forth herein, up to the sum of $500,000.

13.     In the event that the Settlement Agreement is terminated, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the parties to the Settlement Agreement shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, such parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, and the Settlement Agreement (including any amendment(s) thereto) and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any of the Parties, and may not be introduced as evidence or referred to in any actions or proceedings by

any Person; provided, however, that in the event of termination of the Settlement Agreement, Paragraphs 5.2 and 10.4 of the Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force.  Any portion of the Settlement Fund previously paid by or on behalf of Settling Defendant, together with any interest earned thereon, less Taxes due, if any, with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Fund (not to exceed the sum of $500,000 without the prior approval of the Court) shall be returned to Settling Defendant within five (5) business days after written notification of such event is sent by counsel for Settling Defendant or Co-Lead Counsel to the Escrow Agent.  At the request of Settling Defendant's counsel, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to Settling Defendant.

14. Neither Settling Defendant, nor its counsel, nor any of the Released Parties shall have any responsibility for, or liability whatsoever with respect to the notice procedures; the investment, administration, or distribution of the Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; any funds held by the Escrow Agent; the payment or withholding of Taxes; any losses incurred in connection therewith; any application for attorneys' fees, service awards or expenses submitted by Class Plaintiffs or Co-Lead Counsel; or any allocation of the Fee and Expense Award by Co-Lead Counsel.  Any such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement set forth in the Settlement Agreement.

15. Settling Defendant has denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Action.  As such, neither the Settlement Agreement, nor any of its respective terms or provisions, nor any of the negotiations or proceedings connected

with the Settlement Agreement shall be construed as an admission or concession of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind by Settling Defendant.

16. All proceedings in the Action with respect to Released Parties are stayed until further order of the Court.  Such stay does not apply, however, to the extent actions are necessary to implement the terms of the Settlement Agreement or comply with their terms.  Pending final determination of whether the Settlement Agreement should be approved, the Releasing Parties shall be enjoined from prosecuting in any forum any Released Claims against any Released Party, and shall not sue any Released Party on the basis of any Released Claims or assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.  For the sake of clarity, this Order stays the proceedings with respect to Mr. Manku to the same extent that claims against him are released.

17. All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement set forth in the Settlement Agreement, whether favorable or unfavorable to the Settlement Class.

18. Any member of the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  Any member of the Settlement Class who does not enter an appearance will be represented by Co-Lead Counsel.

IT IS SO ORDERED.

DATED: March 6, 2019

HON. EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE