# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

—

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

JOHN W. WHITE, EVAN R. CHESLER, RICHARD W. CLARY, STEPHEN L. GORDON, ROBERT H. BARON, DAVID MERCADO, CHRISTINE A. VARNEY, PETER T. BARBUR, THOMAS G. RAFFERTY, MICHAEL S. GOLDMAN, RICHARD HALL, JULIE A. NORTH, ANDREW W. NEEDHAM, STEPHEN L. BURNS, KATHERINE B. FORREST, KEITH R. HUMMEL, DAVID J. KAPPOS, DANIEL SLIFKIN, ROBERT I. TOWNSEND, III, WILLIAM J. WHELAN, III, PHILIP J. BOECKMAN, WILLIAM V. FOGG, FAIZA J. SAEED, RICHARD J. STARK, THOMAS E. DUNN, MARK I. GREENE, DAVID R. MARRIOTT, MICHAEL A. PASKIN, ANDREW J. PITTS, MICHAEL T. REYNOLDS, ANTONY L. RYAN, GEORGE E. ZOBITZ, GEORGE A. STEPHANAKIS, DARIN P. MCATEE, GARY A. BORNSTEIN, TIMOTHY G. CAMERON, KARIN A. DEMASI, DAVID S. FINKELSTEIN, DAVID GREENWALD, RACHEL G. SKAISTIS, PAUL H. ZUMBRO, ERIC W. HILFERS, GEORGE F. SCHOEN, ERIK R. TAVZEL, CRAIG F. ARCELLA, DAMIEN R. ZOUBEK, LAUREN ANGELILLI, TATIANA LAPUSHCHIK, ALYSSA K. CAPLES, JENNIFER S. CONWAY, MINH VAN NGO, KEVIN J. ORSINI, MATTHEW MORREALE, JOHN D. BURETTA, J. WESLEY EARNHARDT, YONATAN EVEN, BENJAMIN GRUENSTEIN, JOSEPH D. ZAVAGLIA, STEPHEN M. KESSING, LAUREN A. MOSKOWITZ, DAVID J. PERKINS, JOHNNY G. SKUMPIJA, J. LEONARD TETI, II, D. SCOTT BENNETT, TING S. CHEN, CHRISTOPHER K. FARGO, KENNETH C. HALCOM, DAVID M. STUART, AARON M. GRUBER, O. KEITH HALLAM, III, OMID H. NASAB, DAMARIS HERNÁNDEZ, JONATHAN J. KATZ, MARGARET SEGALL D'AMICO, RORY A. LERARIS, KARA L. MUNGOVAN, NICHOLAS A. DORSEY, ANDREW C. ELKEN, JENNY HOCHENBERG, VANESSA A. LAVELY, G.J. LIGELIS JR., MICHAEL E. MARIANI, LAUREN R. KENNEDY, SASHA ROSENTHAL-LARREA, ALLISON M. WEIN

SPECIAL COUNSEL
SAMUEL C. BUTLER

OF COUNSEL
MICHAEL L. SCHLER

WRITER'S DIRECT DIAL NUMBER
212-474-1260

WRITER'S EMAIL ADDRESS
jburetta@cravath.com

June 13, 2019

*In re SSA Bonds Antitrust Litigation*,
1:16 cv 03711 (ER)

Dear Judge Ramos:

       We respectfully submit this letter on behalf of Nomura International plc ("NIP") in response to Plaintiffs' letter to the Court, dated June 7, 2019.  *See* Dkt. No. 613.  In their June 7 letter, Plaintiffs claim that a recent securities filing by Nomura Holdings Inc. (the ultimate parent company of NIP) confirms the plausibility of Plaintiffs' antitrust conspiracy allegations.  In particular, Plaintiffs appear to seek to imply that the securities filing reveals that the European Commission issued a Statement of Objections to NIP as to U.S. dollar-denominated supra-sovereign, sovereign and agency bond trading ("SSA bond trading").  For the reasons enumerated below, the Court should reject Plaintiffs' request to consider the securities filing, which is wholly irrelevant in regard to the pending motion to dismiss.

       First, it is inappropriate to consider alleged facts external to the complaint in deciding a motion to dismiss.  When deciding a motion to dismiss, "a district court generally must confine itself to the four corners of the complaint and look only to the allegations contained therein." *Aleem v. Experience Hendrix, L.L.C.*, 2017 WL 3105870, at *3 (S.D.N.Y. July 20, 2017); *see also Williams v. Time Warner Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011) (highlighting that the Second Circuit has "made clear that a district court, in deciding whether to dismiss a complaint under Rule 12(b)(6), is generally limited to the facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated within the complaint by reference") (internal quotations omitted); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).  In submitting their letter to the Court, Plaintiffs have improperly asked the Court to look to information outside their complaint.

Second, in any case, NIP did not receive a Statement of Objections in the European Commission's investigation of SSA bond trading; the Statement of Objections referenced in the securities filing pertains to a separate matter. Plaintiffs, in their brief in opposition to the motion to dismiss, point to the issuance by the European Commission of Statements of Objections to four Defendant banks in regard to SSA bond trading.[1]  *See* Dkt. No. 578 at 26.  As NIP noted in its reply brief, following an in-depth investigation, the European Commission declined to issue to Nomura a Statement of Objections as to SSA bond trading.  *See* Dkt. No. 593 at 4; *see also* Dkt. No. 570 ("Brockett Decl."), Ex. 3 at 2 ("Nomura . . . wasn't one of the four banks that received EU statement of objections").  That continues to be the case—NIP has not received a Statement of Objections in the European Commission's investigation of SSA bond trading.

Respectfully,

John D. Buretta

The Honorable Edgardo Ramos
    United States District Court
        Southern District of New York
            40 Foley Square, Courtroom 619
                New York, NY 10007

VIA ECF

Copies to:

All counsel

VIA ECF

---

[1] Dealer Defendants' reply submissions addressed why it is inappropriate for Plaintiffs to seek effectively to amend their complaint by making allegations in the opposition brief to reflect the Statements of Objections, and why the alleged issuance of such Statements to the four banks does not in any case constitute a "plus factor" supporting the plausibility of Plaintiffs' claims.  *See, e.g.*, Dkt No. 591 at 34-36.