Robbins Geller
Rudman & Dowd LLP

quinn emanuel trial lawyers | new york

July 8, 2022

<u>VIA ECF</u>

The Honorable Valerie E. Caproni
United States District Court
  for the Southern District of New York
40 Foley Square, Courtroom 443
New York, NY  10007

      Re:    *In re SSA Bonds Antitrust Litig.*,
                No. 1:16-cv-03711 (S.D.N.Y.)

Dear Judge Caproni:

We write on behalf of Plaintiffs in response to the submission of *Holmes v. Apple Inc.*, 2022 WL 2316373 (S.D.N.Y. June 27, 2022).  Contrary to Defendants' assertion that the "circumstances in *Holmes* are similar to those here," (ECF 710 at 1), the stark differences between the fact of *Holmes* and the current case, *In re SSA Bonds Antitrust Litig.*, No. 1:16-cv-03711 (S.D.N.Y.), only confirm the merits of Plaintiffs' request for vacatur.  ECFs 706, 709.

*Holmes* is inapposite primarily because the *pro se* complaint clearly lacked merit.  The plaintiff alleged Amazon breached a contract to deliver a brand-new Apple laptop.  The plaintiff believed the laptop was "defective" because it came with a third-party's tracking software pre-installed on it.  *See Holmes v. Apple Inc.*, 797 F. App'x 557, 561 (2d Cir. 2019).  But the Second Circuit upheld summary judgment for Amazon after Amazon presented evidence that, among other things:  (1) Amazon had in fact shipped a brand-new laptop to the plaintiff after sourcing it directly from Apple; (2) the plaintiff's laptop did not have the third-party tracking software on it; and (3) the plaintiff was confusing his own laptop with a different one that had been seized by the police.  *Id.* at 562.  In seeking post-judgment relief, the plaintiff argued Amazon committed "fraud on the court" by arguing there were two different laptops.  *Holmes*, 2022 WL 2316373, at *1.  Without needing to discuss the factors under *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988), the reviewing court found post-judgment relief unnecessary because the record showed that Amazon had consistently argued, based on the evidence it had submitted, that the plaintiff was confusing the two laptops.  *Holmes*, 2022 WL 2316373, at *3.

In the current case, there was no summary judgment motion and no evidence presented.  Plaintiffs' complaint was dismissed even though it plausibly alleged a small group of SSA bond traders worked together, as confirmed by 200 time-stamped chats between Defendants' traders, chats involving Plaintiffs' own transactions, and numerous economic studies.  *Holmes* does not change the fact that many courts, including this Court, have found claims plausible on far less.  Nor does *Holmes* change the relevance of that fact on the question of whether relief is appropriate here.

4896-1420-9063.v1

The Honorable Valerie E. Caproni
July 8, 2022
Page 2

     *Holmes* is also inapposite given the differing recusal facts.  In *Holmes*, it was only reported that stock ownership "might" have required recusal, and Judge Ramos's ownership of Apple stock arose only after the relevant decision had been entered.  *See* 2022 WL 2316373, at *1; *Holmes v. Apple Inc.*, No. 1:17-cv-04557, ECF 159 at 9-10 (S.D.N.Y. Mar. 4, 2022).  By contrast, the recusal letter in this action stated that Judge Ramos's ownership in Defendants Citi and Credit Suisse "***would*** have required recusal," and it is undisputed that his conflict-creating purchases occurred before the rulings being challenged by Plaintiffs' motion here.  *See* ECF 693 at 3 (emphasis added).

     In sum, because the actual facts of the specific case matter when applying the *Liljeberg* factors, the fact that the reviewing judge in *Holmes* upheld summary judgment after reviewing the full record of that facially defective case in no way indicates this Court should rubberstamp the dismissal on the much different record of this case.

Respectfully submitted,

| | |
|---|---|
| *s/ David W. Mitchell* | *s/ Daniel L. Brockett* |
| David W. Mitchell | Daniel L. Brockett |
| Brian O. O'Mara | Sascha N. Rand |
| Carmen A. Medici | Steig D. Olson |
| ROBBINS GELLER RUDMAN | Thomas J. Lepri |
|   & DOWD LLP | QUINN EMANUEL URQUHART |
| 655 West Broadway, Suite 1900 |   & SULLIVAN, LLP |
| San Diego, CA 92101 | 51 Madison Avenue, 22nd Floor |
| Telephone:  619/231-1058 | New York, NY 10010 |
| 619/231-7423 (fax) | Telephone:  212/849-7000 |
| davidm@rgrdlaw.com | 212/849-7100 (fax) |
| bomara@rgrdlaw.com | danbrockett@quinnemanuel.com |
| cmedici@rgrdlaw.com | sascharand@quinnemanuel.com |
| | steigolson@quinnemanuel.com |
| | thomaslepri@quinnemanuel.com |

Interim Co-Lead Counsel for the Proposed Class

cc:    All Counsel of Record (via ECF)

4896-1420-9063.v1