USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/03/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
:
IN RE SSA BONDS ANTITRUST LITIGATION           :
:
------------------------------------------------------------------ X

16-CV-3711 (VEC)

OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

  Then-presiding Judge Edgardo Ramos granted motions to dismiss in this case, *see* Dkts. 627, 638; the decision to dismiss the complaint for failure to state a claim was affirmed by the Second Circuit in a short summary order, *see Alaska Dep't of Revenue, Treasury Div. v. Manku*, 2021 WL 3027170 (2d Cir. July 19, 2021) (summary order), *reh'g and reh'g en banc denied*, Order, No. 20-1759 (2d Cir. Sept. 2, 2021), ECF No. 297. Approximately six months later, the Clerk of Court informed the parties that "well after the case was filed but while he still presided over the case," Judge Ramos owned stock in Citigroup, the parent company of Defendants Citibank N.A. and Citigroup Global Markets, and Defendant Credit Suisse, three of the many named Defendants in the case. Letter, Dkt. 693 at 3. Judge Ramos acknowledged that his ownership of Citibank and Credit Suisse shares "would have required recusal under the Code of Conduct for United States Judges," but stated that it "neither affected nor impacted his decisions in this case." *Id.*

  On March 11, 2022, this case was reassigned to the Undersigned. Plaintiffs filed a motion to vacate pursuant to of the Federal Rule of Civil Procedure 60(b) and 28 U.S.C. § 455. For the reasons stated below, Plaintiffs' motion is DENIED.

1

## DISCUSSION

### I. Legal Standard

Pursuant to 28 U.S.C. § 455(b)(4), a judge must disqualify himself when the judge "knows that he . . . has a financial interest in the subject matter in controversy or in a party to the proceeding . . . ." A judge also must "disqualify himself in any proceeding in which his impartiality might be reasonably questioned." 28 U.S.C. § 455(a). Even where there is no actual prejudice, section 455(a) helps guard against the "appearance of partiality." *Liteky v. United States*, 510 U.S. 540, 553 n. 2 (1994).

Pursuant to Federal Rule of Civil Procedure 60(b), a district court has discretion to provide relief from a final judgment or order in limited circumstances. Relief pursuant to Rule 60(b) is, however, "generally not favored" and requires a showing of exceptional circumstances. *Saada v. Golan*, 2021 WL 4824129, at *3 (2d Cir. Oct. 18, 2021) (internal citation omitted). In this case, as is appropriate when seeking relief from a judgment entered by a judge whose recusal would have been required pursuant to section 455(a), Plaintiffs moved pursuant to Rule 60(b)(6) to vacate the judgment. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988).

### II. The Motion for Reconsideration is Denied

Although recusal in this case was required pursuant to section 455(a),[1] that fact does not automatically create the type of exceptional circumstance as to which Rule 60 relief is appropriate. The Supreme Court in *Liljeberg*, 486 U.S. 847, set forth the factors a district court should consider when determining whether to vacate an order issued by a conflicted judge.

---

[1] Here, as in *ExxonMobil Oil Corp. v. TIG Insurance Co.*, 44 F.4th 163 (2d Cir. 2022), "nothing in the record suggests Judge Ramos was aware of his conflict." *Id.* at 174 n.5; *see also* Letter, Dkt. 693 at 3. Nevertheless, recusal would have been required under section 455(a), which does not contain a scienter requirement. *See ExxonMobil*, 44 F.4th at 172 (internal citation omitted).

Those factors are: "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Id*. at 864.

As to the first factor, the risk of injustice to the parties in this case if Plaintiffs' motion is denied is minimal. Although Plaintiffs assert that recusal "would have altered this case's trajectory," Pl. Mem., Dkt. 706 at 1, the Court disagrees. Having independently reviewed the relevant complaint, Judge Ramos's well-reasoned opinions, and the Second Circuit's summary affirmance, this Court agrees that the complaint was subject to dismissal. "[P]laintiffs . . . cast a net so wide that the claimed antitrust conspiracy [was] implausible as alleged." *Alaska Dep't of Revenue*, 2021 WL 3027170, at *4.[2]

It is well established that Rule 60(b) relief is generally not warranted following a district judge's erroneous failure to recuse when the Court of Appeals has already upheld the district court's decision. *See Holmes v. Apple Inc.*, 2022 WL 2316373, at *2–3 (S.D.N.Y. June 27, 2022) (collecting cases). When the Court of Appeals has conducted a *de novo* review of the lower court's decision, the risk of injustice to the parties is minimal. As the Second Circuit stated in *Faulkner v. National Geographic Enterprises Inc.*, 409 F.3d 26 (2d Cir. 2005), a judge's "failure to recuse [is] harmless error" when an "appellate court exercising plenary review concludes that [the] district court's dismissal of [the] case . . . was proper." *Id.* at 42 n.10 (citing

---

[2] Plaintiffs immodestly characterize the operative complaint as "one of the strongest we have ever filed or seen," referencing the chats among traders that were generously laced throughout the complaint. Pl. Mem., Dkt. 706 at 13. Likely every judge (and bank compliance officer) who has looked at the Complaint would agree that the traders' conduct was appalling. But, as the Second Circuit panel noted, Plaintiffs elected to cast an extremely broad net, "refus[ing] to plead, in the alternative, a narrower antitrust conspiracy involving only" the individual traders. *Alaska Dep't of Revenue, Treasury Div. v. Manku*, 2021 WL 3027170 at *4 (2d Cir. July 19, 2021). That was their prerogative, but the consequence was relying entirely on allegations of a sprawling conspiracy that were just not plausible.

*Parker v. Connors Steel Co.*, 855 F.2d 1510, 1526 –27 (11th Cir. 1988)); *see also Marcus as Trustee of Grace Preferred Litig. v. Smith*, 755 F. App'x 47, 52 (2d Cir. 2018).

As to the second *Liljeberg* factor, there is little risk that denying Plaintiffs' motion will "produce injustice in other cases." Plaintiffs argue that denying their motion will increase the risk of future injustice in other cases because other courts have cited the finding in Judge Ramos's opinion that the complaint did not state a claim. Pl. Mem. at 7. Courts cite with approval that opinion when they find it to be persuasive (and distinguish it or criticize it when they do not). While the opinion is not binding on any other court, it is a well-reasoned decision on what is required plausibly to plead an antitrust conspiracy. The argument that leaving it on the books will somehow result in injustice in some other case is simply not persuasive.

The final *Liljeberg* factor is whether denying vacatur poses a risk of undermining confidence in the judicial process.[3] In this case, the decisions at issue were subject to *de novo* review at the appellate level. The existence of additional layers of review, first by the Court of Appeals and now by an unconflicted district court judge, minimizes the risk that public confidence in the judicial process will be undermined. *See ExxonMobil Oil Corp. v. TIG Ins. Co.*, 44 F.4th 163 (2d Cir. 2022); *Marcus as Trustee of Grace Preferred Litig.*, 755 F. App'x at 52("[O]ur *de novo* review . . . alleviates any risk that the public's confidence in the judicial process will be undermined by the alleged conflict."). In this case, five Article III judges have considered Plaintiffs' claims, and all five have concluded that the complaint should have been dismissed. That unanimity of opinion on the correctness of the decision to dismiss the case

---

[3] The Court notes that this case has received some public attention. *See* Hailey Konnath, *Judge in Citigroup Bond-Rigging Case Says He Held Co. Stock*, LAW360 (Jan. 20, 2022), https://www.law360.com/articles/1457320 (last visited Sept. 21, 2022).

undercuts any notion that giving Plaintiffs another bite at the apple is necessary to maintain confidence in the judicial system.

Plaintiffs argue that vacatur is necessary because failing to grant this motion will incentivize judges to keep conflicts "secret merely to avoid upsetting appeals." Pl. Mem. at 10–11. The Court finds Plaintiffs' argument to be wholly unpersuasive and illogical; judges have an independent ethical obligation to disclose conflicts, regardless of the consequences of disclosure. There is no evidence in this case that Judge Ramos was aware of the conflict and hid it. If there were, that would weigh in Plaintiffs' favor in the analysis this *Liljeberg* factor. Because Judge Ramos was unaware of the conflict until after the Second Circuit had ruled, denying vacatur will not create an incentive for other judges to keep conflicts secret to avoid upsetting appeals.

For all of these reasons, the Court does not find that Plaintiff has met the "onerous standard" of demonstrating that the prior judge's failure to recuse in this case is an exceptional circumstance meriting vacatur pursuant to Rule 60. *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001).

## CONCLUSION

For the reasons stated above, Plaintiff's motion to vacate is DENIED. Plaintiffs' request for supplemental briefing regarding the arguments made in the previously filed motions to dismiss is DENIED. The Clerk of Court is respectfully directed to close the open motion at docket entry 705 and to close the case.

**SO ORDERED.**

**Date: October 3, 2022**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**